United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE B. JOAQUIN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GEICO GENERAL INSURANCE COMPANY, an Iowa corporation,<br><br>　　　　　Defendant.<br>_____/ | No. C-07-3259 MMC<br><br>**ORDER DISMISSING ACTION WITH LEAVE TO AMEND** |

　　　　The instant action is a purported class action filed by plaintiff Denise B. Joaquin ("Joaquin") against GEICO General Insurance Company ("GEICO") on behalf of a class of California residents who "purchased a policy of automobile insurance from GEICO, made a claim to GEICO for insurance coverage for auto repairs, and had their claim denied in part by GEICO on the ground that the hourly labor rate charged by the auto body shop exceeded the labor rate that GEICO was required to pay, and then paid or became indebted to pay to the auto body repair shop the difference due to hourly rates." (See Compl. ¶ 1.)

　　　　Joaquin alleges the Court has jurisdiction over the instant action based on diversity, pursuant to 28 U.S.C. § 1332. (See Compl. ¶ 3.) Joaquin's allegations in support thereof are insufficient, however, for the following reasons.

1    First, Joaquin fails to adequately allege the citizenship of GEICO. A corporation is "a citizen of any State by which it has been incorporated <u>and</u> of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1) (emphasis added). Although Joaquin alleges GEICO's state of incorporation, (see Compl. ¶ 3), she fails to allege the state where GEICO has its principal place of business.

    Second, Joaquin fails to adequately allege the amount in controversy. Although Joaquin alleges the amount in controversy exceeds $75,000, (see Compl. ¶ 3), she fails to allege her own claim exceeds that amount. See <u>Exxon Mobile Corp. v. Allapattach Services, Inc.</u>, 545 U.S. 546, 549 (2005) (holding federal court has diversity jurisdiction over class action where "at least one named plaintiff in the action satisfies the amount-in-controversy requirement"). The Court further notes there is no allegation that the Court has jurisdiction pursuant to the Class Action Fairness Act. See 28 U.S.C. § 1332(d).

    Accordingly, the instant action is hereby DISMISSED for lack of subject-matter jurisdiction, with leave to amend. Joaquin shall file any amended complaint no later than July 9, 2007. If Joaquin fails to do so, the action will be dismissed without prejudice to Joaquin's refiling the action in state court.

**IT IS SO ORDERED.**

Dated: June 25, 2007

MAXINE M. CHESNEY
United States District Judge