JOHN N. QUISENBERRY, ESQ. (SBN 94751)
jquisenberry@quislaw.com
ROBERT J. DREXLER, JR., ESQ. (SBN 119119)
rdrexler@quislaw.com
HEATHER M. McKEON, ESQ. (SBN 186414)
hmckeon@quislaw.com
DANIEL A. CRAWFORD, ESQ. (SBN 187807)
dcrawford@quislaw.com
**THE QUISENBERRY LAW FIRM**
2049 Century Park East, Suite 2200
Los Angeles, California 90067
Telephone: (310) 785-7966
Fax: (310) 785-0254

Attorneys for Plaintiff
DENISE B. JOAQUIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DENISE B. JOAQUIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY, an Iowa Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C-07-03259 MMC<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.  **BREACH OF CONTRACT;**<br><br>2.  **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; and**<br><br>3.  **UNFAIR COMPETITION, VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200,** *ET SEQ.*<br><br><u>**CLASS ACTION**</u><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DENISE B. JOAQUIN ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges as follows:

1.  This is a class action brought against Defendant GEICO GENERAL INSURANCE COMPANY ("GEICO"), and Does 1 through 10, inclusive. The class comprises all individuals ("Class Insureds") who, at any time in the four years prior to the date this Complaint is filed and continuing while this action is pending ("Class Period"), resided in California, purchased a policy of automobile insurance from GEICO, made a claim to GEICO for insurance coverage for auto repairs, and had their claim denied in part by GEICO on the ground that the hourly labor rate charged by the auto body shop exceeded the labor rate that GEICO was required to pay, and then paid or became indebted to pay to the auto body repair shop the difference due to hourly rates.

2.  Plaintiff challenges GEICO's practice of partially denying claims for insurance benefits by asserting, without a valid basis, that it is not required to pay any labor rate higher than the labor rates GEICO sets. That practice, which caps insurance benefits to an amount lower than the policy limits, is not set forth in GEICO's policies or otherwise allowed by law. Plaintiff seeks to force GEICO to stop that practice in the future, for the benefit of the Class Insureds and all future insureds of GEICO, and to reimburse the Class Insureds for the amounts they have paid or become indebted to pay.

## JURISDICTION OF THE COURT

3.  According to information currently available to Plaintiff, and subject to information which may be learned later through further investigation and discovery regarding Defendant's citizenship, the above-entitled Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(2). Presently, Plaintiff is a resident and citizen of the State of California. Plaintiff is informed and alleges that Defendant GEICO is a corporation incorporated by the State of Iowa. Plaintiff is informed and alleges that no one state contains a substantial predominance of GEICO's business, and that GEICO's corporate headquarters are located in the State of Maryland. Thus, according to information available to Plaintiff now, under the rule set forth in *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), GEICO is a corporate citizen of the states of Iowa and Maryland, and not a citizen of the State of California. Additionally, based on the limited

information available, Plaintiff is informed and alleges that the aggregated value of the individual claims of all putative class members exceeds $5,000,000.00, exclusive of interest and costs.

4. Venue is proper in the above entitled Court because Plaintiff resides in the County of Marin, and because Defendant's practices alleged herein were executed in the County of Marin.

## THE PARTIES

5. At all relevant times herein mentioned, Plaintiff was insured under an automobile policy issued by GEICO.

6. GEICO solicits and obtains substantial automobile insurance business from California customers such as Plaintiff and the other Class Insureds. GEICO does business throughout the State of California, including substantial business in the County of Marin.

7. The true names of Defendants DOES 1 through 10 are unknown to Plaintiff at this time. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that these fictitiously named defendants are responsible in some manner for the actions and damages alleged herein.

8. At all times herein mentioned, each Defendant was the agent, principal and/or partner of each other Defendant, and in doing the things herein alleged, each Defendant was acting within the course and scope of such agency and/or partnership relationship, and with the permission and consent of each other Defendant.

## BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION

9. During the Class Period, Plaintiff purchased an automobile insurance policy from GEICO, policy number 0424-72-93-09. Plaintiff's policy was a standard GEICO automobile policy ("Policy"). One provision of Plaintiff's policy required GEICO to pay for covered damage to her vehicle.

10. On or about November 14, 2006, Plaintiff's vehicle was damaged in an accident and she made a claim to GEICO for the damage to her vehicle. That accident occurred during the period of coverage stated in Plaintiff's automobile insurance policy issued by GEICO, and that policy was in effect at the time of the accident.

11. Plaintiff took her vehicle to the auto body repair shop of her choice, G&C AutoBody ("G&C"), located in Santa Rosa, California. Plaintiff obtained a written estimate from G&C for the cost to repair the covered damage to her car. That cost estimate included the usual labor rate which G&C charged at that time to its customers for auto body repairs. The usual labor rate charged by G&C at that time was $94.00 per hour for auto body repairs.

12. When GEICO was informed of Plaintiff's claim, GEICO denied the claim in part by refusing to pay a labor rate higher than $80.00 per hour.

13. GEICO stated that it was not required to pay the labor rate charged by G&C because that rate was higher than the prevailing labor rate at that time for auto body repair shops in Plaintiff's geographic area and it was not required to pay more than the prevailing rate as set by GEICO.

14. Plaintiff is informed and believes, and thereon alleges, that GEICO had no valid or reasonable basis for contending that the prevailing labor rate for shops in Plaintiff's geographic area was the limit it would pay to repair Plaintiff's vehicle, and had no valid or reasonable basis to contend that the rate charged by G&C was not covered under the Policy.

15. Plaintiff is informed and believes, and thereon alleges, that any information GEICO had about the prevailing labor rate was incomplete, arbitrary and biased. The purported prevailing auto body rate stated by GEICO, and used by GEICO as a basis for denying Plaintiff's claim, was set by GEICO arbitrarily, artificially, unlawfully and unfairly.

16. Plaintiff is informed and believes, and thereon alleges, that, prior to denying her claim in part, GEICO failed to conduct a reasonable or valid survey of labor rates charged by auto body repair shops in her area and failed to report the results of any reasonable or valid survey to the California Department of Insurance, and failed to determine an accurate prevailing labor rate for Plaintiff's particular geographic area.

17. Plaintiff is informed and believes, and thereon alleges that over the past three years, GEICO has complied various purported reports and conducted various purported surveys of auto body repair shop labor rates in various geographic areas of California. Plaintiff is informed and believes, and thereon alleges that GEICO did not employ sound statistical methods in preparing those reports, and that those reports do not reflect actual prevailing labor rates for the geographic

areas surveyed.

18. Because GEICO refused to pay the usual labor rate charged by G&C, Plaintiff was required to pay, and actually did pay, the difference between GEICO's rate and the rate charged by G&C for each hour of work to repair Plaintiff's car.

19. Plaintiff does not dispute the amount of loss to her car. Plaintiff does not dispute the scope of work to repair her car as proposed by GEICO, the parts needed or the parts to be used as proposed by GEICO, or the hours of labor which GEICO estimated were reasonably necessary to complete repairs. Also, Plaintiff does not dispute the handling or processing of her claim by GEICO except with regard to GEICO's denial of Plaintiff's claim on the ground that the Policy allows GEICO to cap or limit hourly labor rates.

20. As a result of GEICO's unfair and unlawful practices, GEICO breached its insurance contract with Plaintiff by improperly denying Plaintiff's claim for benefits.

## CLASS ACTION ALLEGATIONS

21. During the Class Period, each of the Class Insureds was insured under a written automobile insurance Policy from GEICO. Each Policy contained substantially identical provisions which required GEICO to pay for the cost of repairing covered damages to each of the Class Insureds' covered automobiles.

22. During the Class Period, each Class Insured incurred damage to his or her insured automobile and made a claim to GEICO for insurance benefits under the Policy to pay for the cost of repairs.

23. As to each Class Insured, GEICO denied the claim for insurance benefits by refusing to pay a higher labor rate than GEICO's survey rate, or the purported prevailing labor rate as set by GEICO, for that Class Insured's geographical area.

24. As to each Class Insured, GEICO denied the claim on the ground that the Policy does not require GEICO to pay the labor rate charged by that Class Insured's chosen repair shop, and that the Policy allows GEICO to limit labor rate charges to no more than the prevailing labor rate determined by GEICO.

25. As to each Class Insured, GEICO had no valid or reasonable basis for asserting that

the Policy imposed such a limit on benefits, or that a repair shop's labor rate was unreasonable, or what the prevailing labor rate was for repair shops in that Class Insured's particular geographic area.

26. As to each Class Insured, to the extent that GEICO had information about labor rates, that information was incomplete, arbitrary and biased. Therefore, any rates stated and used by GEICO as a basis to deny the Class Insureds' claims for insurance benefits under the Policy were set arbitrarily, artificially, unlawfully and unfairly.

27. Regarding each Class Insured's claim, GEICO failed to conduct reasonable or valid surveys of labor rates charged by auto body repair shops in that Class Insured's area, and failed to report the results of any reasonable or valid survey to the California Department of Insurance.

28. For each Class Insured, because GEICO refused to pay the hourly rate customarily charged by that Class Insured's chosen repair shop, the Class Insured paid or owes the balance to the shop.

29. The Class Insureds do not dispute the amount of loss to their respective cars. The Class Insureds do not dispute the scope of work to repair their respective cars as proposed by GEICO, the parts needed or the parts to be used as proposed by GEICO, or the hours of labor which GEICO estimated were reasonably necessary to complete repairs. Also, the Class Insureds do not dispute the handling or processing of their respective claims by GEICO except with regard to GEICO's denial of insurance benefits on the ground that the Policy allows GEICO to limit hourly labor rates as GEICO sees fit to do.

30. As a result of GEICO's unfair and unlawful practices, GEICO breached its insurance contract with each Class Insured by improperly denying that Class Insured's claim for benefits.

31. The class of Class Insureds is ascertainable in that its members can be identified using information contained in GEICO's files and records. Plaintiff does not know the exact number of Class Insureds because such information is in the exclusive control of GEICO. Nonetheless, Plaintiff is informed and believes, and based thereon alleges, that there are thousands of Class Insureds throughout California. Plaintiff believes that the class is so numerous that joinder of all members, whether required or permitted, would be impracticable.

32. Plaintiff's claim in this case is typical of the other Class Insureds' claims because

Plaintiff and all other Class Insureds are insured by the same insurer, made claims to GEICO for the costs of auto body repairs, and were informed by GEICO that their claims would be denied in part because the hourly rates by the Class Insureds' chosen shops exceeded the rates GEICO was willing to pay. Plaintiff and all other Class Insureds have a common interest to compel GEICO to cease its unlawful and unjust practices toward its insureds, to establish GEICO's liability, and to require GEICO to honor its contractual promise to pay to Plaintiff and the Class Insureds benefits due under the Policy.

33. Plaintiff will fairly and adequately protect the interests of the other Class Insureds because her interests are coincident with, and not antagonistic to, those of the other Class Insureds. GEICO has denied Plaintiff's insurance claim and each of the Class Insureds' insurance claims on the same ground. Plaintiff's success in this case, like the success of the Class Insureds' claims in this case, depends on whether GEICO's denial of coverage is legitimate and lawful.

34. Plaintiff has retained competent counsel with sufficient experience in the prosecution of unfair business practice, consumer protection, insurance bad faith, and class-action litigation, and who are familiar with the facts and circumstances giving rise to this case. Plaintiff believes and alleges that she does not have any conflicts of interest with any other Class Insureds.

35. Plaintiff, for herself and for all other Class Insureds, seeks restitution of all sums Plaintiff and the Class Insureds paid or are indebted to pay because of GEICO's unfair and deceptive business practices in violation of *California Business and Professions Code* §17200, *et seq.*, and seeks to prevent GEICO from benefitting from its violations of law and/or unfair and deceptive acts.

36. All Class Insureds have a well-defined community of interest. Common questions of law and fact predominate over individual issues. The common legal and factual questions, include, but are not limited to the following:

    a. Whether GEICO's acts alleged herein constitute breaches of contract between GEICO on one hand, and Plaintiff and the other Class Insureds on the other hand, in that GEICO improperly limited the insurance benefits promised in the Policy by refusing to pay more than an arbitrary hourly labor rate for repairs;

    b. Whether GEICO's conduct, as alleged herein, constituted insurance bad faith

as to Plaintiff and the other Class Insureds, in that GEICO improperly limited the insurance benefits promised in the Policy by refusing to pay more than an arbitrary hourly labor rate for repairs;

    c.    Whether GEICO's conduct constitutes unlawful and/or unfair business practices in violation of *California Business and Professions Code* §17200, *et seq.*;

    d.    Whether GEICO conducted valid and reasonable auto body repair labor rate surveys during the Class Period to determine and set the actual prevailing auto body rates for various geographic areas in California;

    e.    Whether GEICO complied with the requirements of *California Insurance Code* § 758, *California Code of Regulations*, Chapter 10, section 2698.91, and other applicable statutes and regulations regarding any surveys conducted;

    f.    Whether GEICO's conduct violates *California Insurance Code* § 758.5, *California Code of Regulations*, Chapter 10, sections 2695.7(b), 2695.7(g), 2695.8(f)(3), and other applicable statutes and regulations;

    g.    Whether the labor rates for auto body repair shops that were stated in the reports GEICO filed were rates which those shops actually charged to their customers;

    h.    Whether GEICO's method or formula used in any of its auto body repair labor rate surveys unlawfully, unfairly or artificially set rates lower than the true prevailing auto body rates;

    i.    Whether Plaintiff and the other Class Insureds are entitled to injunctive or other equitable relief;

    j.    Whether Plaintiff and the other Class Insureds are entitled to restitution, and if so, what is the proper measure thereof;

    k.    Whether GEICO has been unjustly enriched by its actions as alleged herein.

40.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. The nature of this action and the nature of laws

8    Case No. C 07-03259 MMC
FIRST AMENDED
CLASS ACTION COMPLAINT

available to Plaintiff and the other Class Insureds make the class action format a particularly efficient and appropriate procedure to afford them relief for the wrongs alleged because:

    a. The individual amounts of damages involved are such that individual actions or other individual remedies are impracticable and litigating individual actions would entail undue cost;

    b. This case involves numerous individual insureds and policy owners (Plaintiff and the other Class Insureds) with many relatively small claims, with common issues of law and fact;

    c. If each Class Insured were required to file an individual lawsuit, GEICO would gain an unconscionable advantage since it would be able use its superior financial and legal resources to exploit and overwhelm the limited resources of each individual Class Insured;

    d. The costs of individual suits would consume the amounts that would be recovered;

    e. Requiring each Class Insured to pursue an individual remedy would discourage the assertion of lawful claims by insureds who would be disinclined to pursue an action against their present insurer for an appreciable and justifiable fear of retaliation and the inability to procure insurance in the future;

    f. A substantial part of the evidence which Plaintiff will offer to prove GEICO's conduct alleged herein will be the same evidence that would be offered to prove the claims of the other Class Insureds;

    g. Individual actions would create a risk of inconsistent results, and would be unnecessary and duplicative of this litigation;

    h. No difficulties are likely to be encountered in the management of this case which would preclude its maintenance as a class action; and,

    i. A multiplicity of actions will result if this case is not resolved on a class-wide basis.

Notice to the Class Insureds may be made by first-class mail addressed to all persons who have been individually identified by GEICO through access to its files and/or client records. Alternatively, if GEICO cannot produce a list of all Class Insureds' names and addresses, the Class Insureds may be notified by publication in the appropriate newspapers, and by posting notices in GEICO's places of business in the State of California.

41.   Plaintiff and the other Class Insureds have all suffered similar irreparable harm and damages as a result of GEICO's unlawful and/or unfair conduct. This action will provide substantial benefits to both the Class Insureds and the public because, absent this action, GEICO's unlawful and/or unfair business practices will continue unremedied and uncorrected. GEICO has acted on ground generally applicable to all Class Insureds, thereby making final injunctive relief appropriate with respect to Class Insureds as a whole. Prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individual Class Insureds, which would establish incompatible standards of conduct for GEICO. The class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

**(Against GEICO and DOES 1-10)**

42.   Plaintiff realleges and incorporates by reference the allegations contained in all the preceding paragraphs, as though the same are fully alleged here.

43.   GEICO entered into written insurance contracts with Plaintiff and with each of the other Class Insureds for automobile insurance. All such contracts contain substantially identical provisions which require GEICO to pay the repair costs for covered damage to the covered automobiles of Plaintiff and of the other Class Insureds.

44.   Plaintiff and the other Class Insureds have performed each and every obligation, condition and covenant required of them under their respective insurance policies with GEICO.

45.   Plaintiff and the other Class Insureds have demanded that GEICO repay them the amounts they have incurred to repair the damage to their automobiles because GEICO refused to pay

any labor rate higher than the labor rate which GEICO set.

46. Plaintiff and the other Class Insureds paid premiums for their insurance which were actually collected by GEICO and recorded in GEICO's records in the regular course of business.

47. GEICO breached the provisions of the insurance policies between itself and Plaintiff and the other Class Insureds by denying their claims for insurance benefits and refusing to pay an hourly labor rate higher than a rate unilaterally set by GEICO.

48. GEICO further breached those insurance policies by misrepresenting that it had a valid basis for partially denying Plaintiff's and the Class Insureds' claims, and that it had valid information about the prevailing labor rates for auto body repairs in Plaintiff and the Class Insureds' respective geographic areas. GEICO further breached those insurance policies by forcing Plaintiff and the other Class Insureds to institute this litigation to obtain policy benefits.

49. Plaintiff and the other Class Insureds do not dispute the amount of loss for their respective claims. Plaintiff and the other Class Insureds do not dispute the scope of work to repair their cars as proposed by GEICO, the parts needed or the parts to be used as proposed by GEICO, or the hours of labor which GEICO estimated were reasonably necessary to complete repairs. Moreover, Plaintiff and the Class Insureds do not dispute the handling or processing of their insurance claims by GEICO, except with regard to GEICO's denial of insurance benefits by limiting the hourly labor rate it would pay for repairs.

### SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)
### (Against GEICO and DOES 1-10)

50. Plaintiff realleges and incorporates by reference the allegations contained in all the preceding paragraphs, as though the same are fully alleged here.

51. Plaintiff and the other Class Insureds entered into the insurance contracts with GEICO with the understanding and expectation, which was clearly understood by GEICO, that GEICO would act in good faith and deal fairly pursuant to the automobile insurance contracts.

52. GEICO tortiously breached the implied covenant of good faith and fair dealing arising

from such automobile insurance contracts by unreasonably denying auto repair benefits as alleged herein which were due under the common provisions of those contracts, after accepting insurance premiums from Plaintiff and the other Class Insureds.

53. Despite Plaintiff and other Class Insureds' demands for auto repair benefits they bargained for, GEICO continues to refuse to pay the labor rates normally charged by Plaintiff's and the Class Insureds' chosen auto repair shops. Such bad faith conduct constitutes a continuing tort which is causing Plaintiff and the other Class Insureds continued damages.

54. GEICO's conduct described herein constitutes part of its overall scheme to reduce the payment of legitimate insurance claims. GEICO's conduct as described herein constitutes an unlawful pattern and practice so pervasive as to amount to a general unfair and unlawful business practice.

55. GEICO's conduct described herein was done with a conscious disregard of Plaintiff's and the other Class Insureds' rights, constitutes despicable conduct, and was done with the intent to vex, injure or annoy Plaintiff and the other Class Insureds so as to constitute oppression, fraud or malice under *California Civil Code* §3294, entitling Plaintiff and the other Class Insureds to punitive damages in an amount appropriate to punish or make an example of GEICO.

56. GEICO's conduct described herein was undertaken by its officers, managing agents, and/or co-Defendants, identified herein as DOES, who were responsible for supervision and operation, reports, communications and/or decisions. The afore-described conduct of said managing agents and individuals was therefore undertaken on behalf of GEICO. Additionally, GEICO had advance knowledge of the action and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by such managing agents.

57. As a proximate result of the aforementioned wrongful conduct of GEICO, Plaintiff and the other Class Insureds have suffered, and will continue to suffer in the future, damages under their respective policies, plus interest, in an amount to be shown at the time of trial.

58. As a further direct and proximate result of GEICO's conduct, Plaintiff and the other Class Insureds have been obligated to expend and incur liability for costs of suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of

trial.

## THIRD CAUSE OF ACTION

(Unfair Competition, Violation of *California*

*Business & Professions Code* §17200, *et Seq.*)

(Against GEICO and DOES 1-10)

59. Plaintiff realleges and incorporates by reference the allegations contained in all the preceding paragraphs, as though the same are fully alleged here.

60. As alleged herein, GEICO has acted unlawfully and/or unfairly in that, when the Class Insureds elected to have their vehicles repaired at shops of their choice, GEICO limited the labor rate it was willing to pay to each Class Insureds' chosen repair shop based on a survey of labor rates which was artificially compiled to justify a partial denial of their claims.

61. As alleged herein, GEICO has violated and/or acted unfairly under *California Insurance Code* §§ 758(c) and 758.5, *California Code of Regulations*, Chapter 10, sections 2695.7, 2695.8(f)(3) and 2698.91, and other applicable statutes and regulations in that, to the extent it has conducted surveys of labor rates at auto body repair shops during the Class Period, those surveys were not designed or conducted to yield the actual prevailing rate, but to yield a lower, artificial rate.

62. As alleged herein, GEICO has engaged in a policy and practice of denying insurance benefits due to the Class Insureds under the common provisions of their insurance policies, by asserting that the labor rates included in written estimates submitted by the Class Insureds exceed the labor rate set by GEICO's survey, when GEICO has no proper factual or legal basis to do so.

63. GEICO represented to the Class Insureds and/or to their chosen auto body repair shops that GEICO would not pay more than the prevailing labor rates for auto body repairs in connection with claims for insurance benefits, and that GEICO had gathered information to determine the actual prevailing labor rate in the particular Class Insureds' geographic area. GEICO knew or should have known that those statements were false or misleading because GEICO did not have valid information about hourly labor rates. Instead, the labor rates which GEICO presented to the Class Insureds and/or to their chosen auto body repair shops were determined by GEICO using invalid, unlawful and unfair methods. Such statements by GEICO were likely to deceive the Class

Insureds, their chosen auto body repair shops, and the general public.

64. GEICO's conduct as alleged herein constitutes unlawful and/or unfair business practices because it works to deny insureds of rights and benefits due to them under the common provisions of their insurance policies and under the *California Insurance Code*.

65. GEICO's conduct as alleged herein constitutes unlawful and/or unfair business practices because GEICO partially denied valid claims for insurance benefits at the expense of its insureds.

66. GEICO's conduct as alleged herein constitutes unlawful and/or unfair business practices because it is oppressive, unscrupulous, and substantially injurious to consumers.

67. GEICO's conduct as alleged herein constitutes unlawful and/or unfair business practices because it significantly threatens or harms competition, distorts the marketplace, and reduces consumer choice to the detriment of the Class Insureds, and the public as a whole.

68. GEICO's conduct as alleged herein constitutes unlawful and/or unfair business practices because it violates or threatens to violate antitrust laws, or violates the policy or spirit of such laws.

69. For all the reasons set forth above, GEICO has engaged in, and continues to engage in, unlawful and unfair business practices which are substantially harmful to Plaintiff, the other Class Insureds, and the public.

70. As a direct and proximate result of GEICO's conduct as set forth herein, GEICO has received ill-gotten gains or profits. Pursuant to *California Business & Professions Code* §17203, Plaintiff and the other Class Insureds request restitution of all sums obtained by GEICO as a result of its violation of *California Business & Professions Code* §17200, *et seq.*

71. Plaintiffs and the other Class Insureds hereby seek to enjoin GEICO from engaging in the unlawful and unfair business practices alleged herein in the future. There is no adequate remedy at law. If GEICO is not enjoined from such conduct, Plaintiffs, the other Class Insureds, and the public at large will continue to suffer harm for which there will be no adequate remedy at law to prevent. Additionally, if GEICO is not enjoined from its conduct, a multiplicity of legal actions will result.

72. Plaintiffs and the other Class Insureds additionally seek attorneys fees pursuant to equitable doctrines and *Code of Civil Procedure* §1021.5, costs of suit, and for such further relief as the Court may deem just and proper.

## PRAYER

**WHEREFORE**, Plaintiff, individually, and on behalf of all other Class Insureds, prays that the Court enter judgment in their favor and against Defendant GEICO GENERAL INSURANCE COMPANY, as follows:

1. For an Order requiring and certifying this action to be a class action;
2. For appropriate preliminary and permanent injunctive relief;
3. For restitution;
4. For contract damages in an amount to be ascertained at trial;
5. For punitive damages in an amount to be ascertained at trial;
6. For penalties as required by law;
7. For an award of reasonable attorney's fees;
8. For costs of suit incurred herein;
9. For such further relief as the Court may deem appropriate.

DATED: July 3, 2007

THE QUISENBERRY LAW FIRM
JOHN N. QUISENBERRY
ROBERT J. DREXLER, JR.
HEATHER M. McKEON
DANIEL A. CRAWFORD

By: _____
JOHN N. QUISENBERRY
Attorneys for Plaintiff
DENISE B. JOAQUIN

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all similarly situated individuals, demands a jury trial of this matter.

DATED: July 3, 2007

THE QUISENBERRY LAW FIRM
JOHN N. QUISENBERRY
ROBERT J. DREXLER, JR.
HEATHER M. McKEON
DANIEL A. CRAWFORD

By: _____
JOHN N. QUISENBERRY
Attorneys for Plaintiff
DENISE B. JOAQUIN