1   Robert J. Gibson (#144974)
    Sheila Carmody (*pro hac vice*)
2   SNELL & WILMER L.L.P.
    600 Anton Boulevard, Suite 1400
3   Costa Mesa, California  92626-7689
    Phone: (714) 427-7001
4   Fax: (714) 427-7799
    hgibson@swlaw.com
5   scarmody@swlaw.com

6   Attorneys for Defendant
    GEICO General Insurance Company

7

8                UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  DENISE B. JOAQUIN, Individually,          CASE NO.: C-07-03259 MMC
    and on Behalf of All Others Similarly
12  Situated,                                 Honorable Maxine M. Chesney
                                              Courtroom 7
13                      Plaintiffs,
                                              **DEFENDANT GEICO GENERAL**
14  vs.                                       **INSURANCE COMPANY'S NOTICE**
                                              **OF MOTION AND MOTION TO**
15  GEICO GENERAL INSURANCE                   **DISMISS PLAINTIFF'S FIRST**
    COMPANY, an Iowa corporation, and         **AMENDED COMPLAINT PURSUANT**
16  DOES 1 through 10, inclusive,             **TO FRCP 12(b)(6); MEMORANDUM**
                                              **OF POINTS AND AUTHORITIES IN**
17                      Defendants.           **SUPPORT THEREOF; [PROPOSED]**
                                              **ORDER**
18
                                              **[Filed Concurrently With the**
19                                            **Declarations of Dan Beacom and Daniel**
                                              **S. Rodman In Support of Motion to**
20                                            **Dismiss; Request for Judicial Notice]**

21                                            Date:        October 5, 2007
                                              Time:        9:00 a.m.
22                                            Courtroom:   7

23                                            DATE OF FILING:    June 21, 2007
                                              TRIAL DATE:        None Set
24

25          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26          PLEASE TAKE NOTICE that on October 5, 2007, at 9:00 a.m., or as soon

27  thereafter as counsel may be heard in Courtroom 7 of the above-entitled court located at

28  450 Golden Gate Avenue, San Francisco, California 94102, Defendant GEICO General

*Snell & Wilmer*
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   Insurance Company ("GEICO") through its counsel, Snell & Wilmer L.L.P., will move to

2   dismiss Plaintiff Denise B. Joaquin's ("Plaintiff") First Amended Complaint

3   ("Complaint") for failure to state a claim upon which relief can be granted pursuant to

4   Federal Rule of Civil Procedure 12(b)(6).

5       In particular, Plaintiff's Complaint is premised on matters squarely within the

6   jurisdiction of the California Department of Insurance ("DOI") and are the subject of an

7   Order by the DOI.  Plaintiff attempts to avoid the jurisdiction of the DOI by alleging

8   causes of action against GEICO for:    (1) breach of contract; (2) breach of implied

9   covenant of good faith and fair dealing; and (3) unfair competition in violation of

10  Business & Professions Code Section 17200 et seq.  Each cause of action is premised on

11  the claim that Plaintiff partially paid repair charges because the labor rate survey that

12  GEICO conducted is artificially low, and GEICO will not pay the labor repair rates

13  demanded by Plaintiff's chosen auto body repair shop, which are higher than the

14  commonly accepted labor repair rates in the community.  Plaintiff claims that GEICO's

15  alleged failure to pay the difference between the commonly accepted labor repair rates

16  and the higher rates demanded by Plaintiff's chosen body repair shop constitutes a breach

17  of contract and fair dealing between GEICO and Plaintiff, and constitutes unfair

18  competition in violation of California Business & Professions Code Section 17200 et seq.

19  As more fully set forth in the attached Memorandum of Points and Authorities, Plaintiff's

20  Complaint and each cause of action against GEICO should be dismissed for the following

21  reasons:

22      1.    This Court should abstain from exercising jurisdiction over Plaintiff's

23  Complaint, and dismiss all three causes of action, because the labor repair rates and

24  survey that Plaintiff challenges in this lawsuit are subject to extensive regulatory

25  authority, jurisdiction, and control by the DOI.  California's comprehensive Insurance

26  Code statutorily defines "unfair" acts in the business of insurance and provides the

27  Department with the authority to investigate, regulate and issue orders concerning the

28  alleged acts. Pointedly, on May 2, 2007, the DOI issued an extensive Order concerning

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  the very same alleged "unfair" acts and violations that form the basis of Plaintiff's

2  Complaint against GEICO.  That DOI Order directed GEICO to submit a labor rate survey

3  that is compliant with all applicable statutes and regulations, and to identify claims where

4  the insured, including Plaintiff, paid an additional amount to the repair shop as a result of

5  the difference in the labor rate charged by the repair shop and the amount paid by GEICO,

6  and to reimburse the insured the additional amount paid by the insured.  Thus, the claims

7  that Plaintiff alleges here against GEICO fall squarely within the DOI Order and the ambit

8  of the DOI's expertise, authority and jurisdiction, and merit deference from this Court.

9  Indeed, any ruling or finding by this Court concerning GEICO's labor rates, survey and

10  alleged unfair acts, when GEICO's labor rates and survey currently are, and have already

11  been, the subject of extensive regulatory control by the DOI, would usurp the DOI's

12  expertise and decision-making authority in this area, and may conflict with DOI's rulings

13  on this issue.  Accordingly, this Court should abstain from exercising jurisdiction and

14  dismiss all of Plaintiff's causes of action against GEICO.

15      2.      All of Plaintiff's causes of action should be dismissed against GEICO

16  because Plaintiff has failed to exhaust her available administrative remedies.  As set forth

17  above, the Insurance Code authorizes the DOI to investigate and make findings

18  concerning the claims alleged by Plaintiff against GEICO.  *See*, Cal. Ins. Code §§790.04,

19  790.05, 790.08.  Plaintiff, however, has not participated or complied with the DOI's Order

20  or other procedures governing Plaintiff's alleged damages.  Accordingly, Plaintiff's

21  Complaint is premature and should be dismissed in light of Plaintiff's failure to exhaust

22  her available administrative remedies.  *See*, *Karlin v. Zalta* (1984) 154 Cal. App. 3d 953

23  (Plaintiff's failure to exhaust administrative remedies was a jurisdictional defect justifying

24  dismissal of the claims.)

25      3.      This Court should dismiss all of Plaintiff's causes of action against GEICO

26  because Plaintiff's claims and relief requested therein are moot.  In particular, the DOI's

27  Order specifically addresses Plaintiff's claims and provides her with an administrative

28  remedy: reimbursement of the amount she paid to the repair shop as a result of the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  difference in the labor rate charged by the repair shop and the amount paid by GEICO.

2  Pursuant to the DOI's Order, GEICO contacted Plaintiff on at least three occasions and

3  asked her to submit documentation supporting the out-of-pocket expenses she allegedly

4  incurred due to the difference in labor rates.    To date, GEICO has not received any

5  supporting   documentation   from   Plaintiff.      Once   Plaintiff   provides   supporting

6  documentation to GEICO, she is entitled to a reimbursement of the out-of-pocket

7  expenses she allegedly paid to her body shop.  Therefore, because Plaintiff is entitled to,

8  and has been offered, a remedy regarding her claims in this case, there is no case or

9  controversy and her claims are moot.

10         4.     Plaintiff's first cause of action for breach of contract should be dismissed

11  because Plaintiff does not identify any particular provision of the insurance policy that

12  GEICO allegedly breached, and there is none.    The insurance policy simply does not

13  require GEICO to pay labor repair rates unilaterally set by the auto body repair shop

14  Plaintiff chose.    Furthermore, GEICO's alleged conduct complies with the repair and

15  replace provisions in Plaintiff's insurance policy, as well as the Fair Claims Settlement

16  Practices Regulations.  *See*, 10 CCR 2695.8(f)(3).  Accordingly, because GEICO's alleged

17  conduct is not prohibited by the insurance policy or by the applicable statutory

18  regulations, Plaintiff's breach of contract cause of action fails as a matter of law and

19  should be dismissed.

20         5.     Plaintiff's second cause of action for breach of implied covenant of good

21  faith and fair dealing should be dismissed because that cause of action cannot exist if there

22  is no basis for a finding of breach of contract.  Alternatively, Plaintiff's breach of implied

23  covenant cause of action should be dismissed because it is based on the same facts and

24  allegations as Plaintiff's first cause of action for breach of contract, and, therefore, it is

25  duplicative.  *See, Align Tech., Inc. v. Miller* (ND CA 2005) 2005 U.S. Dist. LEXIS 38654.

26         6.     Finally, Plaintiff's third cause of action for alleged violation of Business &

27  Professions Code Section 17200 should be dismissed because it is nothing more than an

28  attempt to circumvent the Insurance Code's prohibition against a private cause of action

for alleged violations of Insurance Code Section 790.03, which is the regulatory statute that defines acts of unfair competition in the business of insurance and prohibits private rights of action concerning the same. Furthermore, the provisions of Section 790.03 may not be borrowed to serve as a basis for an action under Business & Professions Code Section 17200. *See, Maler v. Superior Court* (1990) 220 Cal. App. 3d 1592, 1598.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities and Request for Judicial Notice filed concurrently herewith, the Declarations of Dan Beacom and Daniel S. Rodman, all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the Motion.

Dated: August 27, 2007                    SNELL & WILMER L.L.P.


                                          By://s//_____
                                             Robert J. Gibson
                                             Sheila Carmody
                                             Attorneys for Defendant GEICO General
                                             Insurance Company

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   THIS COURT HAS THE AUTHORITY TO ABSTAIN FROM
      EXERCISING JURISDICTION OVER PLAINTIFF'S COMPLAINT AND
      TO DISMISS THE SAME........................................................................................... 2

III.  THE COURT SHOULD ABSTAIN FROM EXERCISING
      JURISDICTION OVER PLAINTIFF'S COMPLAINT BECAUSE THE
      CONDUCT AT ISSUE IS SUBJECT TO EXTENSIVE REGULATION BY
      THE DOI.................................................................................................................... 4

IV.   THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT
      BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HER
      ADMINISTRATIVE REMEDIES ............................................................................ 9

V.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT
      BECAUSE HER CLAIMS ARE MOOT ................................................................. 10

VI.   THE COURT SHOULD DISMISS PLAINTIFF'S FIRST CAUSE OF
      ACTION FOR BREACH OF CONTRACT BECAUSE PLAINTIFF FAILS
      TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............. 11

VII.  THE COURT SHOULD DISMISS PLAINTIFF'S SECOND CAUSE OF
      ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH
      AND FAIR DEALING BECAUSE THIS CAUSE OF ACTION FAILS AS
      A MATTER OF LAW AND IS DUPLICATIVE ..................................................... 13

VIII. PLAINTIFF'S SECTION 17200 CAUSE OF ACTION SHOULD BE
      DISMISSED BECAUSE IT ATTEMPTS TO CIRCUMVENT THE
      INSURANCE CODE'S PROHIBITION AGAINST PRIVATE RIGHTS OF
      ACTION FOR ALLEGED VIOLATIONS OF INSURANCE CODE
      SECTION 790.03...................................................................................................... 14

IX.   CONCLUSION......................................................................................................... 15

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Align Tech., Inc. v. Miller*
    (ND CA 2005) 2005 U.S. Dist. LEXIS 38654 ...................................................3, 13

*Bass v. Social Sec. Admin.*
    (9th Cir. 1988) 872 F.2d 832 ...................................................................3

*Carter v. Veterans Admin.*
    (9th Cir. 1986) 780 F.2d 1479 .................................................................3

*Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*
    (CD CA 2005) 2005 U.S. Dist. LEXIS 7920.........................................13

*Coalition for Health Concern v. LWD, Inc.*
    (6th Cir. 1995) 60 F.3d 1188 ..................................................................4

*Dekhtiar v. INS*
    (9th Cir. 2004) 107 Fed. Appx. 77, 78 ...................................................3

*Indian Harbor Insurance Co. v. Meridian Commercial, Inc.*
    (ND CA 2007) 2007 U.S. Dist. LEXIS 27429 ........................................3

*Logan v. San Francisco Federal Savings & Loan Assoc.*
    (ND CA 1998) 1998 U.S. Dist. LEXIS 10517 ......................................13

*PAN AM v. United States*
    (1963) 371 U.S. 296.................................................................................4

*Quackenbush v. Allstate Ins. Co.*
    (1996) 517 U.S. 706.................................................................................5

*Zeneca, Inc. v. Shalala*
    (4th Cir. 2000) 213 F.3d 161 ...............................................................3, 4

## STATE CASES

*Crusader Ins. Co. v. Scottsdale Ins. Co.*
    (1997) 54 Cal. App. 4th 121 ...................................................................5

*Farmers Ins. Exchange v. Superior Court*
    (2006) 137 Cal. App. 4th 842 .................................................................6

*Feitelberg v. Credit Suisse First Boston LLC,*
    (2005) 134 Cal. App. 4th 997 ...........................................................4, 10

*Karlin v. Zalta*
    (1984) 154 Cal. App. 3d 953 ...........................................................2, 3, 9

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

**TABLE OF AUTHORITIES**
**(continued)**

2                                                                                           **Page**

3   *Los Angeles County v. Farmers Ins. Exchange*
        (1982) 132 Cal. App. 3d 77 ..................................................................8

4

5   *Maler v. Superior Court*
        (1990) 220 Cal. App. 3d 1592 .....................................................4, 14

6   *Moradi-Shalal v. Fireman's Fund Ins. Co.*
        (1988) 46 Cal. 3d 287 ........................................................................14

7

8   *Safeco Ins. Co. v. Superior Court*
        (1990) 216 Cal. App. 3d 1491 ..........................................................14

9   *Samura v. Kaiser Foundation Health Plan, Inc.*
        (1993) 17 Cal. App. 4th 1284 .............................................................5

10

11  *San Diego Housing Commission v. Industrial Indem. Co.*
        (1998) 68 Cal. App. 4th 526 .............................................................13

12  *Walker v. Truck Insurance Exchange, Inc.*
        (1995) 11 Cal. 4th 1 ...........................................................................13

13

14  *Wolfe v. State Farm Fire & Casualty Ins. Co.*
        (1996) 46 Cal. App. 4th 554 ...............................................................4

15  *Zephyr Park v. Superior Court*
        (1989) 213 Cal. App. 3d 833 ............................................................14

16

17

**FEDERAL STATUTES**

18  Federal Rule of Civil Procedure 12(b)(6) ..................................1, 2, 16

19

**STATE STATUTES**

20

California Business & Professions Code Section 17200 .............1, 2, 3, 4, 14, 15

21

California Code of Regulations Section 2695.1 - 2695.12 .................................6

22

California Code of Regulations Section 2695.8(f)(3).....................................3, 12

23

California Code of Regulations Section 2698.91.................................................8

24

California Insurance Code Sections 1-16030......................................................5

25

California Insurance Code Section 790 ...........................................................6, 8

26

California Insurance Code Section 790.03 ...................................2, 4, 6, 14, 15

27

California Insurance Code Section 790.03(b).....................................................15

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

-iii-

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3   California Insurance Code Section 790.03(h)(5) ..................................................6

4   California Insurance Code Section 790.04 ...............................................2, 7, 9

5   California Insurance Code Section 790.05 ..........................................2, 7, 9, 14

6   California Insurance Code Section 790.08 ...............................................2, 8, 9

7   California Insurance Code Section 790-790.10 ...............................................6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case is about GEICO's alleged failure to pay the difference between the commonly accepted labor repair rates in the community, and the higher labor repair rates unilaterally set by the body shop that Plaintiff chose to perform repairs on her vehicle.

Auto insurance in California is highly competitive. Companies, like GEICO, must keep customers satisfied or they will lose business. GEICO wants quality repairs for its customers and it pays commonly accepted labor rates to body shops to accomplish those quality repairs.

Plaintiff claims that she is entitled to recover damages in this lawsuit because GEICO's allegedly "unfair" labor rates and labor rate survey required Plaintiff to pay her chosen body shop an amount in addition to what GEICO paid for the repair. As set forth herein, Plaintiff has no legal grounds to recover damages against GEICO and her claims should be dismissed.

First, Plaintiff's claims concerning GEICO's labor rates and survey have already been addressed by the California Department of Insurance ("DOI") and are subject to a comprehensive Order issued by the DOI. Therefore, this Court should abstain from exercising jurisdiction over Plaintiff's First Amended Complaint ("Complaint") and dismiss all of her causes of action because the DOI has regulatory authority and jurisdiction over Plaintiff's claims; it has investigated and issued a comprehensive Order addressing the same; and it has required GEICO to reimburse Plaintiff the additional amount she allegedly paid as a result of the difference in labor repair rates charged by the repair shop and the amount paid by GEICO. GEICO has fully complied with this Order and it has offered this Plaintiff reimbursement. Therefore, this Court should abstain from ruling on Plaintiff's Complaint and it should dismiss the same because any ruling by this Court concerning Plaintiff's reimbursement and GEICO's labor rates and survey may be

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    different from and inconsistent with the DOI's comprehensive Order on this issue, and

2    would usurp the DOI's expertise in this area.

3    Second, all of Plaintiff's claims should be dismissed because she has failed to

4    exhaust her administrative remedies.    The Insurance Code authorizes the DOI to

5    investigate and make findings concerning the claims alleged by Plaintiff.    Plaintiff,

6    however, has failed to participate or comply with the DOI's Order or other procedures.

7    Furthermore, because GEICO has offered to reimburse Plaintiff her out-of-pocket

8    expenses pursuant to the DOI's Order, all of her claims have been remedied and are moot.

9    Third, Plaintiff's causes of action should be dismissed on specific grounds.    In

10    particular, Plaintiff's breach of contract cause of action should be dismissed because

11    GEICO's alleged conduct complies with the repair and replace provisions contained in

12    Plaintiff's insurance policy and the Fair Claims Settlement Practices Regulations.

13    Plaintiff has failed to set forth any specific provision in the policy that GEICO allegedly

14    breached.  Plaintiff's cause of action for breach of implied covenant of good faith and fair

15    dealing should be dismissed because where a breach of contract cannot be shown, there is

16    no basis for a finding of breach of implied covenant of good faith and fair dealing.

17    Alternatively, this cause of action should be dismissed because it is duplicative of

18    Plaintiff's first cause of action for breach of contract.    Finally, Plaintiff's Business &

19    Professions Code Section 17200 cause of action should be dismissed because it is nothing

20    more than an attempt to circumvent the Insurance Code's prohibition against a private

21    cause of action for alleged violations of Insurance Code Section 790.03.

## II.

### THIS COURT HAS THE AUTHORITY TO ABSTAIN

### FROM EXERCISING JURISDICTION OVER PLAINTIFF'S

### COMPLAINT AND TO DISMISS THE SAME

26    A complaint that fails to state a claim upon which relief can be granted is subject to

27    dismissal. Fed. R. Civ. Proc. 12(b)(6).

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Courts have the authority to abstain from exercising jurisdiction and to dismiss a

2    complaint, especially if exercising jurisdiction over the matter would disrupt or interfere

3    with a state agency's authority over the matter.  *See*, *Indian Harbor Insurance Co. v.*

4    *Meridian Commercial, Inc.* (ND CA 2007) 2007 U.S. Dist. LEXIS 27429 (court declined

5    to exercise jurisdiction and granted defendants' motion to dismiss because state superior

6    court was appropriate judicial agency to hear the matter.); *Zeneca, Inc. v. Shalala* (4th Cir.

7    2000) 213 F.3d 161 (court granted summary judgment and dismissed action because

8    plaintiff's claims "fell within the ambit of the FDA's expertise and merited deference

9    from the court.")

10    Similarly, dismissal is appropriate when a plaintiff has failed to exhaust

11    administrative remedies.  *See*, *Dekhtiar v. INS* (9th Cir. 2004) 107 Fed. Appx. 77, 78

12    (holding that because plaintiff never presented her claim to appropriate administrative

13    agency, she failed to exhaust her administrative remedies, leaving the court without

14    jurisdiction to decide the issue and requiring dismissal of that portion of her petition.);

15    *Bass v. Social Sec. Admin.* (9th Cir. 1988) 872 F.2d 832, 833 (holding that the dismissal of

16    appellant's claims against Social Security Administration was affirmed because appellant

17    failed to exhaust his administrative remedies thereby depriving the district court of subject

18    matter jurisdiction.); *Karlin v. Zalta* (1984) 154 Cal. App. 3d 953 (Plaintiff's failure to

19    exhaust administrative remedies was a jurisdictional defect justifying dismissal of the

20    claims.)

21    Courts also have the authority to dismiss a complaint if the relief requested therein

22    is moot.  *See*, *Carter v. Veterans Admin.* (9th Cir. 1986) 780 F.2d 1479 (agency's

23    compliance with plaintiff's FOIA request mooted the action.)

24    For the reasons set forth below, this Court is authorized to abstain from exercising

25    jurisdiction over Plaintiff's Complaint and to dismiss all of Plaintiff's causes of action

26    alleged therein.

27    ///

28    ///

543042.1

- 3 -

GEICO Motion to Dismiss
Case No. C-07-03259 MMC

1

## III.

## THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION
## OVER PLAINTIFF'S COMPLAINT BECAUSE THE CONDUCT AT ISSUE
## IS SUBJECT TO EXTENSIVE REGULATION BY THE DOI

Where the claims that make up an action are subject to extensive regulation by another branch of government, a court should abstain from hearing such action. *See, Coalition for Health Concern v. LWD, Inc.* (6th Cir. 1995) 60 F.3d 1188, 1194 (federal court abstained from ruling on action involving hazardous waste facilities because the exercise of federal jurisdiction and review would have been disruptive of state agency's efforts to establish a coherent policy with respect to the licensing of hazardous waste facilities.); *PAN AM v. United States* (1963) 371 U.S. 296 (the United States Supreme Court abstained and remanded case to the federal Civil Aeronautics Board in order to protect the integrity of the regulatory scheme for the airline industry.); *Zeneca, Inc. v. Shalala* (4th Cir. 2000) 213 F.3d 161, 170 (District Court affirmed summary judgment and abstained from ruling on plaintiffs' claims because they fell "squarely within the ambit of the FDA's expertise and merit deference from the court.")

Abstention is particularly appropriate in cases involving causes of action under California Business & Professions Code Section 17200. In those cases, California courts have held that "under the abstention doctrine, courts may decline to decide unfair competition law claims where a regulatory or administrative mechanism addresses the conduct at issue." *Feitelberg v. Credit Suisse First Boston, LLC, supra*, 134 Cal. App. 4th 997, 1009.

For example, in *Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal. App. 4th 554, 564-565, plaintiff sought a judgment that a refusal to include earthquake damage in homeowners insurance policies violated Section 17200. The Court of Appeal dismissed the Section 17200 action on the grounds that it "permit[s] unwarranted judicial intervention in an area of complex economic policy." In dismissing plaintiff's complaint without leave to amend, the Court in *Wolfe* recognized that the insurance industry is

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

heavily regulated, and that the matters are "peculiarly matters within the legislative domain." *Id*. at 568. The Court held that judicial interference in a matter involving the highly regulated insurance industry, especially when the legislature was taking step to address the issue, was unwarranted and improper. *Id. See also, Crusader Ins. Co. v. Scottsdale Ins. Co.* (1997) 54 Cal. App. 4th 121, 137-88 (affirming the dismissal of plaintiff's Section 17200 claim premised on an alleged violation of a California Insurance Code provision because the "question of what type or level of regulation is adequate or appropriate is uniquely a question for executive or legislative policy choice."); *Samura v. Kaiser Foundation Health Plan, Inc.* (1993) 17 Cal. App. 4th 1284, 1301-1302 (in a Section 17200 suit challenging health policy reimbursement provisions, the Court held that "the courts cannot assume general regulatory powers over health maintenance organizations through the guise of enforcing Business and Professions Code section 17200.); *California Grocers Assn. v. Bank of America* (1994) 22 Cal. App. 4th 205, 218 (in a Section 17200 challenge to bank assessments on "NSF" checks, the Court held that "[j]udicial review of one service fee charged by one bank is an entirely inappropriate method of overseeing bank service fees" and that "the case implicated a question of economic policy--whether service fees charged by banks are too high and should be regulated--which was best left to the Legislature.")

Courts recognize that the insurance industry is heavily regulated by the state. *See, Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706 ("States, as a matter of tradition and express federal consent, have an important interest in maintaining precise and detailed regulatory schemes for the insurance industry.")

In California, insurance companies are extensively regulated by the California Department of Insurance ("DOI"). *See*, Cal. Ins. Code §§1–16030. The California Insurance Code sets forth numerous extensive regulations and establishes "a comprehensive administrative scheme" for regulating insurance companies. *Farmers Ins. Exchange v. Superior Court* (2006) 137 Cal. App. 4th 842, 855.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

543042.1

- 5 -

With respect to this case, and in particular, Plaintiff's Section 17200 cause of action, the DOI, through the Unfair Practices Act, specifically defines, determines, regulates and prohibits acts of unfair competition in the business of insurance. *See*, Cal. Ins. Code §§790-790.10; 10 CCR §§2695.1 - 2695.12.

Section 790 of the Unfair Practices Act specifically states:

> "The purpose of this article is to regulate trade practices in the business of insurance. . . by defining, or providing for the determination of, all such practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined."

*See*, Cal. Ins. Code §790.

"The purpose of this legislation is to vest in an administrative agency the power to police bad faith practices in the insurance industry." *See,* Notes of Decision to Cal. Ins. Code §790.03.

Section 790.03 of the Unfair Practices Act specifically defines certain acts or practices that constitute unfair competition.   Similarly, Section 790.03(g) sets forth specific claims settlement practices that the Commissioner has defined as "unfair" including but not limited to, "not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims. . . ." *See*, Cal. Ins. Code §790.03(h)(5).

Finally, the Insurance Commissioner has the specific authority to enforce the Unfair Practices Act and to examine, investigate and determine whether any person who is engaged in the business of insurance has committed unfair competition or any deceptive act:

> "The commissioner shall have the power to examine and investigate into the affairs of every person engaged in the business of insurance in the State in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by Section 790.03 or determined pursuant to this article to be an unfair method of competition or an unfair or deceptive practice in the business of insurance."

*See*, Cal. Ins. Code §§790.04; 790.08.

- 6 -

GEICO Motion to Dismiss
Case No. C-07-03259 MMC

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Indeed, Section 790.05 sets forth the specific procedures that the Commissioner

2  must take concerning an alleged act of unfair competition:

3           "[w]henever the commissioner shall have reason to believe
            that a person has been engaged or is engaging in this state in
4           any unfair method of competition or any unfair or deceptive
            act or practice defined in Section 790.03. . . he or she shall
5           issue and serve upon that person an order to show cause
            containing a statement of the charges in that respect, a
6           statement of that person's potential liability under Section
            790.035, and a notice of a hearing thereon . . . for the purpose
7           of determining whether the commissioner should issue an
            order to that person to, pay the penalty imposed by Section
8           790.035, and to cease and desist those methods, acts, or
            practices or any of them."
9

10  *See*, Cal. Ins. Code §790.05.

11    Here, the labor repair rates that GEICO uses to reimburse its insureds, such as

12  Plaintiff, for repair to their vehicles has undergone scrutiny and examination within the

13  last 17 months by the DOI and other executive branches of the government.  *See*, Senate

14  Committee on Banking, Finance & Insurance Oversight Hearing:    Department of

15  Insurance, November 21, 2005, attached as Exhibit "A" to GEICO's Request for Judicial

16  Notice filed concurrently herewith.  During the Senate Committee hearing, the Senate

17  Committee and representatives from the DOI specifically discussed complaints regarding

18  labor rates and surveys, and most significantly, discussed the very same complaints at

19  issue in this case.  *Id*. at page 28.  The DOI specifically stated that it was investigating all

20  of the complaints, and that it would take enforcement action if it found evidence of labor

21  rate issues.  *Id*. at page 29.  Insurance Commissioner, John Garamendi, specifically stated

22  that in investigating the complaints and taking enforcement action where appropriate,

23  "[w]e're enforcing the law as it is written and as the regulations have interpreted the law."

24  *Id*. at page 44.

25    Furthermore, on May 2, 2007, the DOI exercised its regulatory authority and

26  jurisdiction over the very same matters raised in this lawsuit and it entered a

27  comprehensive Order.  *See*, May 2, 2007 Order attached as Exhibit "B" to GEICO's

28  Request for Judicial Notice filed concurrently herewith.  That Order, which approved a

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    Stipulation and Waiver between GEICO and the DOI, required GEICO to, among other

2    things, submit a labor rate survey "that is compliant with all applicable Insurance Code

3    statutes and regulations." *Id.* at ¶C. It also required GEICO to identify claims, if any,

4    where its policyholders allegedly paid an additional amount to a repair shop as a result of

5    the difference in the labor rate charged by the repair shop and the amount paid by GEICO,

6    and to reimburse the policyholder the additional amount. *Id.* at ¶D. Plaintiff's allegation

7    in the Complaint that GEICO has allegedly violated Insurance Code Sections 758(c) and

8    758.5, as well as California Code of Regulations Section 2698.91, are specifically

9    addressed in that Order. *Id.*; *See*, Complaint at ¶36(e), (f), ¶61.

10    It is undisputed that all of Plaintiff's causes of action against GEICO are premised

11    upon, and directly challenge GEICO's labor repair rates and survey, and involve claims

12    pertaining to GEICO's alleged unwillingness to pay the difference between the labor

13    repair rates paid by GEICO and the higher rates charged by Plaintiff's chosen body repair

14    shop. As set forth above, however, GEICO's labor repair rates and survey are extensively

15    regulated by the DOI, which possesses both regulatory authority and expertise in this area.

16    *See, e.g.*, Cal. Ins. Code §§790-790.08; *see also, Los Angeles County v. Farmers Ins.*

17    *Exchange* (1982) 132 Cal. App. 3d 77, 87 (noting that "the Insurance Commissioner and

18    the Department of Insurance possess sophisticated bodies of expertise in this field which

19    make them particularly able to handle [insurance] matters.")

20    Furthermore, the DOI's Order specifically addresses GEICO's labor rates and

21    survey, and requires GEICO to reimburse the insured or claimant the additional amount

22    paid by the insured to the body repair shop. Thus, the claims that make up Plaintiff's

23    causes of action, and especially Plaintiff's Section 17200 cause of action, fall squarely

24    within the ambit of the DOI's expertise and merit deference from this Court. Indeed, any

25    determination, ruling or finding by this Court concerning Plaintiff's causes of action and

26    the unfair competition alleged therein, when the acts that form the basis of the alleged

27    unfair competition are, and have already been, the subject of extensive regulatory review

28    by the DOI, will usurp the DOI's expertise and decision-making authority in this area, and

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

may conflict with the DOI's Order on this issue.  Accordingly, GEICO's Motion to Dismiss should be granted, and this Court should abstain from exercising jurisdiction over, and dismiss, all of Plaintiff's Complaint.

### IV.

### THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES

In *Karlin v. Zalta* (1984) 154 Cal. App. 3d 953, 987, plaintiff filed a class action lawsuit alleging that the insurance defendants combined and conspired to offer defendants cheaper medical malpractice insurance for the sole purpose of monopolizing the insurance business.  Defendants asserted, *inter alia*, that plaintiff failed to exhaust administrative remedies.  The court affirmed the judgment of the lower court dismissing the claim and held that plaintiff's failure to exhaust administrative remedies was an "incurable jurisdictional defect" justifying dismissal of the action:

> "The commissioner has had no opportunity to consider Karlin's claims that a premium increase was made in 1977 when a premium reduction in fact was called for, or that rates in subsequent years were excessive, or the legitimacy of the arrangement between SOCAP and Phoenix for a profitability experience refund, or that a conspiracy existed between Phoenix and SOCAP and Dr. Zalta to increase malpractice insurance premiums at the expense of Karlin's class.
>
> Since the failure to exhaust administrative remedies is an incurable jurisdictional defect, the court was correct in its order of dismissal."

*Id*.

Here, as in *Karlin*, the DOI has the authority and jurisdiction to investigate and hold a hearing concerning the conduct that Plaintiff alleges against GEICO.  *See*, Cal. Ins. Code §§790.04, 790.05, 790.08.   The DOI also has the authority to make an administrative finding as to whether such conduct constitutes unfair competition within the meaning of the Insurance Code.  *Id*.  In fact, the DOI conducted an investigation and has issued an Order which covers Plaintiff's claimed damages in this lawsuit.  *See*, Exhibit "B" to GEICO's Request for Judicial Notice.  Plaintiff, however, has failed to

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    comply with the procedures ordered by the DOI.  Accordingly, Plaintiff's Complaint is

2    premature in light of Plaintiff's failure to exhaust her administrative remedies, and it

3    should be dismissed.

**V.**

**THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT**

**BECAUSE HER CLAIMS ARE MOOT**

7        In *Feitelberg v. Credit Suisse First Boston LLC*, (2005) 134 Cal. App. 4th 997,

8    1012, plaintiffs alleged that defendants issued biased stock research reports to gain favor

9    with investment banking clients.  The complaint sought, *inter alia*, an injunction.  The

10   trial court denied plaintiffs' request for injunctive relief, and the California Court of

11   Appeal affirmed, on the grounds that the challenged business practice was the subject of a

12   federal consent judgment that compelled the defendants to stop the offending conduct.

13   *Feitelberg* at 1022.  In ruling that there was no basis for injunctive relief because the

14   record showed that the alleged wrongful practices had ended, the Court stated, "where as

15   here, the assertedly wrongful practice has ended . . . its required termination is a rather

16   empty prayer."  *Feitelberg* at 1022.

17       Here, like in *Feitelberg*, the challenged conduct at issue in this lawsuit is addressed

18   in the DOI's Order.  *See*, Exhibit "B" to GEICO's Request for Judicial Notice.  As part of

19   that Order, GEICO agreed to conduct an internal audit of complaints submitted to GEICO

20   or DOI since January 1, 2004 regarding labor rates to identify those claims, if any, where

21   the insured or claimant paid an additional amount to the repair shop as a result of the

22   difference in the labor rate charged by the repair shop and the amount paid by GEICO.

23   GEICO further agreed to reimburse the insured or claimant the additional amount paid.

24   *Id.*

25       In compliance with that Order, GEICO conducted an audit.  *See*, Declaration of

26   Dan Beacom ¶¶3, 4.  GEICO contacted Plaintiff by telephone on June 15, 2007 and

27   June 21, 2007.  *Id.*  During those calls, GEICO was informed by Plaintiff that she had paid

28   an additional $97.56 to her repair shop as a result of the difference in the labor rate

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    charged by the repair shop and the amount paid by GEICO for repairs performed on her

2    vehicle.  *Id.* at ¶4.  Plaintiff was asked directly on at least two occasions to submit

3    documents supporting her out-of-pocket expenses to GEICO, as mandated by the DOI's

4    Order.  *Id.*  To date, no documentation has been received from Plaintiff in response to

5    GEICO's requests.  *See*, Declaration of Daniel S. Rodman ¶2.

6        Thus, GEICO has complied with the Order and the alleged unfair conduct and

7    statutory violations that make up Plaintiff's causes of action against GEICO have ended.

8    Plaintiff is entitled to, and has been offered, a complete administrative remedy under the

9    Order.  To date, Plaintiff has refused to accept that remedy.  Because the DOI's Order

10   completely resolves and remedies all of Plaintiff's claims, there is no case or controversy

11   and Plaintiff's claims against GEICO are moot.  Accordingly, Plaintiff's Complaint, and

12   each cause of action contained therein, should be dismissed.

**VI.**

**THE COURT SHOULD DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION**

**FOR BREACH OF CONTRACT BECAUSE PLAINTIFF FAILS TO**

**STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

17       Plaintiff fails to state a claim for breach of contract because GEICO's alleged

18   conduct complies with the repair and replace provisions in Plaintiff's insurance policy.  In

19   particular, GEICO's insurance policy with its insureds, such as Plaintiff, states that

20   GEICO may, at its option, pay for the loss or repair or replace the damaged or stolen

21   property.  *See*, Declaration of Dan Beacom, ¶5.  Plaintiff does not dispute the amount of

22   the loss, the scope of work to repair her car as proposed by GEICO, the parts needed or

23   the parts to be used as proposed by GEICO, or the hours of labor which GEICO estimated

24   were reasonably necessary to complete repairs.  Moreover, Plaintiff does not dispute the

25   handling or processing of their claims by GEICO.  *See*, Complaint at ¶49.  Plaintiff's

26   breach of contract cause of action is based exclusively on her claim that GEICO limited

27   the hourly rate it would pay for repairs.  *Id.*  However, Plaintiff has not identified any

28   particular provision of the policy that GEICO allegedly breached, and there is none.  The

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  policy provides only that GEICO will pay for the loss or repair or replace the damaged

2  property; it does not provide that GEICO will pay whatever written repair estimate that is

3  unilaterally set by Plaintiff's auto body repair shop. Here, as Plaintiff admits, GEICO was

4  wiling to pay for repairs to Plaintiff's vehicle, but it was only willing to do so at the

5  commonly accepted repair rate of $80.00 per hour. Plaintiff has not shown or established

6  that this conduct is prohibited by Plaintiff's insurance policy.

7      Nor has Plaintiff shown or established that this conduct is prohibited by any

8  insurance regulation. To the contrary, GEICO's alleged conduct complies with the Fair

9  Claims Settlement Practices Regulations which state in relevant part:

> (f) If partial losses are settled on the basis of a written estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of the estimate upon which the settlement is based. The estimate prepared by or for the insurer shall be of an amount which will allow for repairs to be made in a workmanlike manner. If the claimant subsequently contends, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:
>
> *  *  *  *  *  *
>
> (3) reasonably adjust any written estimates prepared by the repair shop of the claimant's choice and provide a copy of the adjusted estimate to the claimant.

*See*, 10 CCR 2695.8(f)(3).

     Plaintiff has not pled that the estimate prepared by GEICO was for an amount

which would not allow repairs to be made to Plaintiff's vehicle in a workmanlike manner.

Furthermore, GEICO has a right to adjust the settlement amount and it has offered to

provide Plaintiff a reimbursement once Plaintiff submits supporting documentation to

GEICO. *See*, Declaration of Dan Beacom ¶4. Accordingly, this Court should dismiss

Plaintiff's first cause of action for breach of contract because it fails to state a claim upon

which relief can be granted.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

## VII.

## THE COURT SHOULD DISMISS PLAINTIFF'S SECOND CAUSE
## OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING BECAUSE THIS CAUSE OF ACTION FAILS AS A
## MATTER OF LAW AND IS DUPLICATIVE

"Where a breach of contract cannot be shown, there is no basis for a finding of breach of the implied covenant [of good faith and fair dealing.]" *San Diego Housing Commission v. Industrial Indem. Co.* (1998) 68 Cal. App. 4th 526, 544. The reasoning behind this is that without a contractual right, "the implied covenant has nothing upon which to act as a supplement, and should not be endowed with an existence independent of its contractual underpinnings." *Walker v. Truck Insurance Exchange, Inc.* (1995) 11 Cal. 4th 1, 36. Here, because Plaintiff cannot state a cause of action for breach of contract since GEICO did not breach any provision contained in the insurance policy, and GEICO's alleged conduct was permitted by the Fair Claims Settlement Practices Regulations, Plaintiff likewise cannot state a cause of action for breach of implied covenant of good faith and fair dealing. Therefore, Plaintiff's second cause of action for breach of covenant must also be dismissed.

If, however, this Court is not inclined to dismiss Plaintiff's breach of contract cause of action, it should, at a minimum, dismiss Plaintiff's breach of implied covenant cause of action because it is duplicative. In particular, the implied covenant of good faith and fair dealing is inherent in every contract. *Logan v. San Francisco Federal Savings & Loan Assoc.* (ND CA 1998) 1998 U.S. Dist. LEXIS 10517. Where causes of action for breach of contract and breach of implied covenant are based on same facts, the breach of implied covenant claim is duplicative and should be dismissed. *See, Align Tech., Inc. v. Miller* (ND CA 2005) 2005 U.S. Dist. LEXIS 38654 (court dismissed claim for breach of covenant of good faith and fair dealing because it was duplicative of claim for breach of contract.); *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.* (CD CA 2005) 2005 U.S. Dist. LEXIS 7920 (holding that "as the same factual allegations form the basis of

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

[Plaintiff's claim for breach of implied covenant] and Plaintiff's claim for breach of contract, Plaintiff has failed to state an additional claim for breach of the implied covenant.")

Here, Plaintiff's claim for breach of implied covenant relies on the *same* facts and allegations as Plaintiff's breach of contract claim, namely, that GEICO allegedly breached its contract and covenant of good faith and fair dealing with Plaintiff by refusing to pay the labor rates charged by Plaintiff's auto body repair shop. *See*, Complaint at ¶¶47, 52. Therefore, Plaintiff's second cause of action for breach of implied covenant is duplicative of Plaintiff's first cause of action for breach of contract and should be dismissed.

## VIII.

### PLAINTIFF'S SECTION 17200 CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE IT ATTEMPTS TO CIRCUMVENT THE INSURANCE CODE'S PROHIBITION AGAINST PRIVATE RIGHTS OF ACTION FOR ALLEGED VIOLATIONS OF INSURANCE CODE SECTION 790.03

California Insurance Code Section 790.03 defines and prohibits unfair competition in the business of insurance. *See*, Cal. Ins. Code §§790.03; 790.02. There is no private right of action under California Insurance Code Section 790.03. *See*, *Moradi-Shalal v. Fireman's Fund Ins. Co*. (1988) 46 Cal. 3d 287, 304-05; *Zephyr Park v. Superior Court* (1989) 213 Cal. App. 3d 833, 834-35. Instead, the procedures set forth to enforce alleged violations of Section 790.03 are specifically defined by the Insurance Code and are vested within the exclusive authority of the Insurance Commissioner. *See*, Cal. Ins. Code §§790.05; 790.08.

Most significantly, the provisions of Section 790.03 may not be borrowed to serve as a basis for an action under Business & Professions Code Section 17200. *See*, *Maler v. Superior Court* (1990) 220 Cal. App. 3d 1592, 1598 ("plaintiffs cannot circumvent [section 790.03's ban on private right of action] by bootstrapping an alleged violation of section 790.03 onto Business and Professions Code section 17200."); *see also*, *Safeco Ins. Co. v. Superior Court* (1990) 216 Cal. App. 3d 1491, 1494.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Here, the unfair competition alleged against GEICO is specifically defined, governed and prohibited by Insurance Code Section 790.03. *See*, Cal. Ins. Code. §§790.03(b), (g). As set forth above, Plaintiff is prohibited from bringing a private cause of action against GEICO for its alleged violation of Section 790.03, and the Insurance Commissioner has already exercised its exclusive regulatory authority and jurisdiction over this matter. *See*, Exhibits "A" and "B" to GEICO's Request for Judicial Notice.

In an improper attempt to circumvent Section 790.03 and the Insurance Commissioner's prior exercise of regulatory authority over the acts alleged against GEICO, Plaintiff has attempted to recast her unfair competition claims as "unfair" business acts and practices under Business & Professions Code Section 17200. Like the Court held in *Maler*, Plaintiff should not be permitted to "bootstrap" an alleged violation of Section 790.03 onto a Section 17200 claim, which is exactly what Plaintiff is trying to do in this case. Therefore, because Plaintiffs' Section 17200 cause of action is nothing more than an attempt to improperly assert a private cause of action under Insurance Code Section 790.03, and because Insurance Section 790.03 may not be used to support a Business & Professions Code Section 17200 cause of action, Plaintiff's 17200 cause of action fails as a matter of law and should be dismissed.

## IX.

## CONCLUSION

Premised on the foregoing, GEICO's Motion to Dismiss should be granted.

Dated: August 27, 2007                    SNELL & WILMER L.L.P.


By: //s//  _____
                    Robert J. Gibson
                    Sheila Carmody
                    Attorneys for Defendant GEICO General
                    Insurance Company

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

## PROOF OF SERVICE

2   I am employed in the County of Orange, State of California.  I am over the age of 18 and
    not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400,
3   Costa Mesa, California 92626.

4   On August 27, 2007 I served, in the manner indicated below, the foregoing document
    described as:

5

6   **DEFENDANT GEICO GENERAL INSURANCE COMPANY'S NOTICE OF
    MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
    COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS
7   AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**

8   **DECLARATION OF DAN BEACOM;**

9   **DECLARATION OF DANIEL S. RODMAN;**

10  **REQUEST FOR JUDICIAL NOTICE**

11  on the interested parties in this action by placing true copies thereof, enclosed in sealed
    envelopes, at Costa Mesa addressed as follows:

12

| **PLAINTIFF COUNSEL** | John N. Quisenberry, Esquire |
|---|---|
| | Robert J. Drexler Jr., Esquire |
| | Heather M. McKeon, Esquire |
| | Daniel A. Crawford, Esquire |
| | THE QUISENBERRY LAW FIRM |
| | 2049 Century Park East |
| | Suite 2200 |
| | Los Angeles, California 90067 |
| | 310.785.7966 |
| | 310.785.0254, fax |
| | jquisenberry@quislaw.com |

13

14

15

16

17

18   _X_   BY E-FILING: I caused such document to be sent electronically to the court;
19         pursuant to General Order No. 45, electronic filing constitutes service upon the
           parties.

20   _X_   FEDERAL:  I declare that I am employed in the office of a member of the bar of
21         this Court, at whose direction the service was made.

22   EXECUTED on August 27, 2007, at Costa Mesa, California.

23

24         //s//
           Cheryl Wynn

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000