1  Robert J. Gibson (#144974)
   Sheila Carmody (*pro hac vice*)
2  SNELL & WILMER L.L.P.
   600 Anton Boulevard, Suite 1400
3  Costa Mesa, California 92626-7689
   Phone: (714) 427-7000
4  Fax: (714) 427-7799
   Email: hgibson@swlaw.com
5
   Attorneys for Defendant
6  GEICO General Insurance Company

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 | DENISE B. JOAQUIN, Individually, | CASE NO.: C-07-03259 MMC
   | and on Behalf of All Others Similarly |
12 | Situated, | Honorable Maxine M. Chesney
   | | Courtroom 7
13 |         Plaintiffs, |
   | | **DECLARATION OF DANIEL S.**
14 | vs. | **RODMAN IN SUPPORT OF**
   | | **DEFENDANT GEICO GENERAL**
15 | GEICO GENERAL INSURANCE | **INSURANCE COMPANY'S MOTION**
   | COMPANY, an Iowa corporation, and | **TO DISMISS PLAINTIFF'S FIRST**
16 | DOES 1 through 10, inclusive, | **AMENDED COMPLAINT PURSUANT**
   | | **TO FRCP 12(b)(6)**
17 |         Defendants. |
   | | [Filed Concurrently With GEICO's
18 | | Notice of Motion and Motion to Dismiss;
   | | Declaration of Dan Beacom; Request for
19 | | Judicial Notice]

20        Date:       October 5, 2007
          Time:       9:00 a.m.
21        Courtroom:  7

22        DATE OF FILING:  June 21, 2007
          TRIAL DATE:      None Set
23 ///

24 ///

25 ///

26 ///

27 ///

28
   542356

DECLARATION OF DANIEL S. RODMAN IN SUPPORT OF GEICO'S MOTION TO DISMISS
Case No.: C:07-03259 MMC

## DECLARATION OF DANIEL S. RODMAN

I, Daniel S. Rodman, declare:

1. I am an attorney licensed to practice before all courts of the State of California and I am a partner with the law firm of Snell & Wilmer L.L.P., counsel for Defendant GEICO General Insurance Company ("GEICO"). I have personal knowledge of the facts set forth below, and if called as a witness I can competently testify to them. I submit this Declaration in support of GEICO's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6), which is being filed concurrently herewith.

2. On August 1, 2007, I sent Plaintiff Denise Joaquin's ("Plaintiff") attorney a letter requesting that he forward documentation to me that supports the out-of-pocket expenses that Plaintiff allegedly paid as a result of the difference in the labor rate charged by her chosen auto body repair shop and the amount paid by GEICO for repairs performed on her vehicle. Attached as Exhibit "1" is a true and correct copy of that letter. To date, Plaintiff's attorney has not responded to my letter and has not forwarded any documentation to me that supports Plaintiff's alleged out-of-pocket expenses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22 day of August, 2007 at Costa Mesa, California.

_____
Daniel S. Rodman

- 2 -

DECLARATION OF DANIEL S. RODMAN IN SUPPORT OF GEICO'S MOTION TO DISMISS
Case No.: C:07-03259 MMC

**EXHIBIT** 1

Gibsonh\IRV\428710.2

# Snell & Wilmer
##### L.L.P.
LAW OFFICES

600 Anton Boulevard
Suite 1400
Costa Mesa, CA 92626-7689
714.427.7000
714.427.7799 (Fax)
www.swlaw.com

DENVER

LAS VEGAS

ORANGE COUNTY

PHOENIX

SALT LAKE CITY

TUCSON

Daniel S. Rodman
714.427.7086
drodman@swlaw.com

August 1, 2007

**VIA FACSIMILE AND MAIL**
Fax: 310/785-0254

Robert J. Drexler, Esquire
The Quisenberry Law Firm
2049 Century Park East
Suite 2200
Los Angeles, California 90067

Re: *Denise Joaquin v. GEICO*

Dear Mr. Drexler:

In April 2007, GEICO and the California Department of Insurance ("DOI") entered a Stipulation and Waiver, whereby GEICO agreed to conduct an internal audit of complaints submitted to GEICO or the DOI since January 1, 2004 regarding labor rates to identify those claims, if any, where the insured or claimant paid an additional amount to the repair shop as a result of the difference in the labor rate charged by the repair shop and the amount paid by GEICO. GEICO further agreed to reimburse the insured or claimant the additional amount paid, and to send the DOI a report of the results of the audit and amounts reimbursed.

I am advised that, as part of this audit, GEICO contacted Denise Joaquin by telephone on June 15, 2007 and June 21, 2007, and was informed by Ms. Joaquin that she had paid an additional $97.56 to G & C Auto Body, Inc. as a result of the difference in the labor rate charged by G & C and the amount paid by GEICO for repairs performed on her vehicle. During those calls, I am advised that Ms. Joaquin was asked to submit documents supporting her out-of-pocket expenses to the GEICO office in San Diego. Further, on June 25, 2007, GEICO sent Ms. Joaquin a letter requesting documentation of her out-of-pocket expenses. I am advised that, to date, no documentation has been received from Ms. Joaquin in response to GEICO's requests.

To enable GEICO to comply with the terms of the Stipulation and Waiver, please forward to me the documents in your client's possession evidencing her out-of-pocket expenses relating to this claim. I have asked GEICO to refrain from further direct contact with Ms. Joaquin regarding this claim now that we know she is represented by counsel.

# Snell & Wilmer
L.L.P.

Robert J. Drexler, Esquire
August 1, 2007
Page 2

      Thank you for your anticipated cooperation. If you have any questions, please let me know.

                              Very truly yours,

                              Snell & Wilmer

                              Daniel S. Rodman