**EXHIBIT C**

Service: **Get by LEXSTAT®**
TOC: <u>Deering's California Code Annotated</u>  > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790. Purpose**
Citation: **Cal. Ins. Code 790**

*Cal Ins Code § 790*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

**\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\***
**\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\***

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**Practitioner's Toolbox**  ? ▫▪

⬇ **History**

⬇ **Notes of Decisions**

**Resources & Practice Tools**

⊖ **Collateral References**
> Regulation of insurance: <u>15 USCS
  §§ 1011</u>-1015.

⬇ More...

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790 (2007)

**§ 790.  Purpose**

The purpose of this article is to regulate trade practices in the business of insurance in accordance with the intent of Congress as expressed in the Act of Congress of March 9, 1945 (Public Law 15, Seventy-ninth Congress), by defining, or providing for the determination of, all such practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

⬆ **History:**

Added Stats 1959 ch 1737 § 1.

⬆ **Collateral References:**

1 Witkin Summary (10th ed) Contracts §§ 592, 609.

2 Witkin Summary (10th ed) Insurance § 252.

5 Witkin Summary (10th ed) Torts § 199.

1 Witkin Cal. Evidence (4th ed) Circumstantial Evidence §§ 136, 144.

Regulation of insurance: <u>15 USCS §§ 1011</u>-1015.

**Law Review Articles:**

Development and Direction of the California Bad Faith Insurance Doctrine. 8 USF LR 29.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

⚓ **Notes of Decisions:**

The California Supreme Court decision holding that a third party claimant may sue an insurer for unfair settlement practices in violation of Ins. Code, § 790.03, subd. (h), and that the duty imposed under that statute runs directly to a claimant and is not dependent on a violation of the insurer's duty to its insured, applies to conduct of an insurance company which occurred before the effective date of the decision. The decision did not impose a new duty on insurers, but only provided a different means of enforcement, and such decision should have been foreseen. Schlauch v. Hartford Accident & Indemnity Co. (1983, 3d Dist) 146 Cal App 3d 926, 194 Cal Rptr 658, 1983 Cal App LEXIS 2134.

10 Cal Code Reg § 2505, which requires that that workers' compensation insurers use policyholder dividend disclosure statements and which is authorized by statutes prohibiting misrepresentations of policies (Ins C §§ 780, 790 through 790.10) does not create a duty of care for a negligence action if an insurer does not provide the required statements. The authorizing statutes of 10 Cal Code Reg § 2505 prohibit misrepresentations, and are thus analogous to the torts of fraud and deceit, not the tort of negligence. Thus in an action brought by an industry association against a workers' compensation insurer, the trial court properly concluded that the insurer was not liable under negligence principles, where the industry association made claims based on the insurer's failure to disclose past dividend calculations for its workers' compensation policies when the association agreed to market the insurer's policies to its members. California Serv. Station & Auto. Repair Ass'n v. American Home Assur. Co. (1998, 1st Dist) 62 Cal App 4th 1166, 73 Cal Rptr 2d 182, 1998 Cal App LEXIS 290.

An insurer's direct violation of duly promulgated administrative regulations issued by the California Insurance Commissioner, requiring the insurer to notify a claimant insured of time limits pertaining to the claim, may provide the basis of an estoppel against the insurer's assertion of a contract limitations defense. The promulgation of the regulations is expressly authorized by Ins C § 791.10. The Regulations flesh out the statutory public policy of the Unfair Practices Act, the purpose of which is to regulate trade practices in the business of insurance. Ins C § 790.03(h) specifically forbids certain unfair claims settlement practices. In sum, the Commissioner's "Fair Claims Settlement Practices Regulations" represent the considered and duly promulgated public policy appropriate to the processing of its subject insurance claims in California, and there is no reason not to adopt this carefully considered public policy as giving rise to a duty to speak for the purpose of applying the doctrine of equitable estoppel. To do otherwise would arbitrarily undermine an applicable industry standard, one expressly designed to insure fairness in the claims process and resolution of claims on the merits. Spray, Gould & Bowers v. Associated Internat. Ins. Co. (1999, 2nd Dist) 71 Cal App 4th 1260, 84 Cal Rptr 2d 552, 1999 Cal App LEXIS 445.

Jeweler's salesman, who was two feet from and attending to his car when the car and jewelry were stolen, was "upon" the vehicle within the meaning of a "jeweler's block" policy that excluded coverage for theft from a vehicle; thus, the theft was within the scope of an

exception that allowed coverage if the insured or a designated employee was "actually in or upon" the vehicle at the time of the theft. The insurer should not have been granted summary judgment on the insured's claims arising from the denial of coverage, including an unfair business practices claim. E.M.M.I., Inc. v. Zurich American Ins. Co. (2004, Cal) 32 Cal 4th 465, 9 Cal Rptr 3d 701, 84 P3d 385, 2004 Cal LEXIS 1238.

Trial court properly determined that a financial corporation that had a security interest in a bus that was damaged, and for which the insurer refused to pay an insurance claim, did not state a cause of action pursuant to the Unfair Insurance Practices Act (UIPA), Ins. Code, § 790 et seq., as UIPA provided no private right of action. Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh (2004, Cal App 4th Dist) 118 Cal App 4th 1061, 13 Cal Rptr 3d 586, 2004 Cal App LEXIS 777.

Service: **Get by LEXSTAT®**
TOC: Deering's California Code Annotated  > / . . . /  > Article 6.5. Unfair Practices  > **§ 790. Purpose**
Citation: **Cal. Ins. Code 790**
View: Full
Date/Time: Monday, July 9, 2007 - 1:07 PM EDT

 LexisNexis®

About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC: <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790.01. Application**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.01**

*Cal Ins Code § 790.01*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

**Practitioner's Toolbox**    ☐ ☐

↧ **History**

↧ **Notes**

↧ **Notes of Decisions**

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1. General Rules Governing Insurance
Part 2. The Business of Insurance
Chapter 1. General Regulations
Article 6.5. Unfair Practices

**<u>GO TO CALIFORNIA CODES ARCHIVE DIRECTORY</u>**

Cal Ins Code § 790.01 (2007)

## § 790.01. Application

This article applies to reciprocal and interinsurance exchanges, Lloyds insurers, fraternal benefit societies, fraternal fire insurers, grants and annuities societies, insurers holding certificates of exemptions, motor clubs, nonprofit hospital associations, life agents, broker-agents, surplus line brokers and special lines surplus line brokers as well as all other persons engaged in the business of insurance.

⟱ **History:**

Added Stats 1959 ch 1737 § 1. Amended <u>Stats 1990 ch 1420 § 2 (SB 2642)</u>, operative January 1, 1992.

⟱ **Notes:**

Amendments:

**1990 Amendment:**

Substituted "life agents, broker-agents" for "agents, brokers, solicitors" after "associations".

**Collateral References:**

Bad faith insurance litigation. CEB Civ Litig Rep (1986) Vol 8 No. 4 p 128.

## Hierarchy Notes:

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

## ✈ Notes of Decisions:

The doctrine of *ejusdem generis* applies to determine whether insurance adjusters are among the persons subject to the Unfair Practices Act, <u>Ins. Code, § 790</u> et seq., since the phrase "all other persons engaged in the business of insurance" in <u>Ins. Code, § 790.01</u> follows a list of specific persons included in the business, the phrase cannot be construed as surplusage, the members of the enumeration constitute a class, the class is not exhausted by the enumeration, a general reference supplements the enumeration, and there is no clearly manifested intent that the general term be given a broader meaning than the rule requires. <u>Davis v. Continental Ins. Co. (1986, 1st Dist) 178 Cal App 3d 836, 224 Cal Rptr 66, 1986 Cal App LEXIS 2704.</u>

Service: **Get by LEXSTAT® - Book Browse**
TOC: <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790.01. Application**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.01**
View: Full
Date/Time: Monday, July 9, 2007 - 1:08 PM EDT

 LexisNexis®

About LexisNexis  |  Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC: <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790.02. Unfair practices in business of insurance prohibited**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.02**

*Cal Ins Code § 790.02*

DEERING'S CALIFORNIA CODES ANNOTATED      ◄**Practitioner's Toolbox**   🔲 🔳
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.     ⬇ **History**
All rights reserved.
    ⬇ **Notes of Decisions**

**\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\***

INSURANCE CODE
Division 1. General Rules Governing Insurance
Part 2. The Business of Insurance
Chapter 1. General Regulations
Article 6.5. Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.02 (2007)

**§ 790.02. Unfair practices in business of insurance prohibited**

No person shall engage in this State in any trade practice which is defined in this article as, or determined pursuant to this article to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

⊤ **History:**

Added Stats 1959 ch 1737 § 1.

**Collateral References:**

2 Witkin Summary (10th ed) Insurance § 252.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

⊤ **Notes of Decisions:**

In an action by an insurer that provided excess liability coverage with respect to a ski lift accident against the California Insurance Guarantee Association (CIGA) which had taken over the defense of an action by the injured party pursuant to Ins. Code, § 1063.2, when the primary insurer became insolvent, the trial court properly sustained defendant's demurrer without leave to amend, insofar as the complaint sought damages on a theory that defendant was liable in tort for having violated the Unfair Practices Act (Ins. Code, § 790 et seq.) by its alleged wrongful failure to make a reasonable settlement within the primary carrier's policy limits. Though it is an unfair trade practice, forbidden by Ins. Code, § 790.02, not to attempt in good faith to effect prompt, fair, and equitable settlements (Ins. Code, § 790.03, subd. (h) (5)), Ins. Code, § 1063.12, subd. (a), provides that CIGA shall not be liable "for any sum in excess of the amount of covered claims of the insolvent insurer...and the costs of administration and the costs of loss adjustment, investigation and defenses." A specific and limited provision ordinarily controls over any general statement, if there is a conflict. Moreover, the Insurance Commissioner enforces the Unfair Practices Act and regulates and oversees CIGA. Thus the practices of CIGA may be viewed as reflecting the commissioner's interpretation of the applicable statutes. The construction of a statute by the officials charged with its administration must be given great weight. Interstate Fire & Casualty Ins. Co. v. California Ins. Guarantee Assn. (1981, 2d Dist) 125 Cal App 3d 904, 178 Cal Rptr 673, 1981 Cal App LEXIS 2377.

Employee Retirement Income Security Act (ERISA), 29 USCSS § 1144(a), did not preempt an insured's claim under Ins C § 790.03(h), which, in conjunction with Ins C § 790.02, prohibited certain insurance claims settlement practices as unfair and deceptive acts in the business of insurance; therefore, the district court was without federal question jurisdiction, and remand to state court was required. Graves v. Blue Cross of California (1988, ND Cal) 688 F Supp 1405, 1988 US Dist LEXIS 5472.

Where a doctor alleged that an insurance broker, via its agent, fraudulently induced him into entering into an Employee Retirement Income Security Act (ERISA) benefits plan, which was actually a tax avoidance scheme, while his state law claim for the breach of the covenant of good faith and fair dealing were preempted, his claims pursuant to Ins. Code §§ 790.02, 790.03 were not. Those claims fell under the saving clause, 29 U.S.C.S. § 1144(b)(2)(A), which exempted state laws that regulated insurance from ERISA preemption; the doctor's claim that defendants fraudulently induced his purchase of an insurance policy through fraudulent acts did not directly regulate ERISA, but instead they regulated the relationship between the policyholder and the insurance company, a relationship which was traditionally regulated by state law. Chasan v. Garrett Group (2007, SD Cal) 2007 US Dist LEXIS 4033.

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.02. Unfair practices in business of insurance prohibited**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.02**
View: Full
Date/Time: Monday, July 9, 2007 - 1:08 PM EDT



LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service:  **Get by LEXSTAT® - Book Browse**
TOC:  <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > <u>§ 790.03. Prohibited unfair or deceptive acts or practices</u>
Citation:  **Cal. Ins. Code 790**
Section:  **Cal Ins Code § 790.03**

*Cal Ins Code § 790.03*

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.03 (2007)

**§ 790.03.  Prohibited unfair or deceptive acts or practices**

The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.

 **(a)** Making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any false or misleading statement as to the dividends or share of surplus previously paid on similar policies, or making any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or title of any policy or class of policies misrepresenting the true nature thereof, or making any misrepresentation to any policyholder insured in any company for the purpose of inducing or tending to induce the policyholder to lapse, forfeit, or surrender his or her insurance.

 **(b)** Making or disseminating or causing to be made or disseminated before the public in this state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever, any statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his or her insurance business, which is untrue, deceptive, or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue, deceptive, or misleading.

 **(c)** Entering into any agreement to commit, or by any concerted action committing, any act of boycott, coercion or intimidation resulting in or tending to result in unreasonable restraint

**Practitioner's Toolbox**

⬇ **History**

⬇ **Notes**

⬇ **Notes of Decisions**

**Resources & Practice Tools**

⊕ **Related Statutes & Rules**

⊖ **Collateral References**
> Insurance advertising: <u>10 Cal Code Reg §§ 2535</u> et seq., 2547 et seq.
> Prohibitions on discrimination for sex or marital status: <u>10 Cal Code Reg §§ 2560</u> et seq.
> MB Prac Guide: <u>Cal Unfair Competition, §§2.11</u>[2][c], [3][a], 5.54
⬇ More...

⊕ **Law Review Articles**

⊕ **Atty General's Opinions**

⊕ **Suggested Forms**

of, or monopoly in, the business of insurance.

**(d)** Filing with any supervisory or other public official, or making, publishing, disseminating, circulating, or delivering to any person, or placing before the public, or causing directly or indirectly, to be made, published, disseminated, circulated, delivered to any person, or placed before the public any false statement of financial condition of an insurer with intent to deceive.

**(e)** Making any false entry in any book, report, or statement of any insurer with intent to deceive any agent or examiner lawfully appointed to examine into its condition or into any of its affairs, or any public official to whom the insurer is required by law to report, or who has authority by law to examine into its condition or into any of its affairs, or, with like intent, willfully omitting to make a true entry of any material fact pertaining to the business of the insurer in any book, report, or statement of the insurer.

**(f)** Making or permitting any unfair discrimination between individuals of the same class and equal expectation of life in the rates charged for any contract of life insurance or of life annuity or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contract.

This subdivision shall be interpreted, for any contract of ordinary life insurance or individual life annuity applied for and issued on or after January 1, 1981, to require differentials based upon the sex of the individual insured or annuitant in the rates or dividends or benefits, or any combination thereof. This requirement is satisfied if those differentials are substantially supported by valid pertinent data segregated by sex, including, but not necessarily limited to, mortality data segregated by sex.

However, for any contract of ordinary life insurance or individual life annuity applied for and issued on or after January 1, 1981, but before the compliance date, in lieu of those differentials based on data segregated by sex, rates, or dividends or benefits, or any combination thereof, for ordinary life insurance or individual life annuity on a female life may be calculated as follows: (a) according to an age not less than three years nor more than six years younger than the actual age of the female insured or female annuitant, in the case of a contract of ordinary life insurance with a face value greater than five thousand dollars ($5,000) or a contract of individual life annuity; and (b) according to an age not more than six years younger than the actual age of the female insured, in the case of a contract of ordinary life insurance with a face value of five thousand dollars ($5,000) or less. "Compliance date" as used in this paragraph shall mean the date or dates established as the operative date or dates by future amendments to this code directing and authorizing life insurers to use a mortality table containing mortality data segregated by sex for the calculation of adjusted premiums and present values for nonforfeiture benefits and valuation reserves as specified in Sections 10163.5 and 10489.2 or successor sections.

Notwithstanding the provisions of this subdivision, sex-based differentials in rates or dividends or benefits, or any combination thereof, shall not be required for (1) any contract of life insurance or life annuity issued pursuant to arrangements which may be considered terms, conditions, or privileges of employment as these terms are used in Title VII of the Civil Rights Act of 1964 (Public Law 88-352), as amended, and (2) tax sheltered annuities for employees of public schools or of tax exempt organizations described in Section 501(c)(3) of the Internal Revenue Code.

**(g)** Making or disseminating, or causing to be made or disseminated, before the public in this state, in any newspaper or other publication, or any other advertising device, or by public outcry or proclamation, or in any other manner or means whatever, whether directly or by implication, any statement that a named insurer, or named insurers, are members of the California Insurance Guarantee Association, or insured against insolvency as defined in

Section 119.5. This subdivision shall not be interpreted to prohibit any activity of the California Insurance Guarantee Association or the commissioner authorized, directly or by implication, by Article 14.2 (commencing with Section 1063).

 **(h)** Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:

 **(1)** Misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue.

 **(2)** Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

 **(3)** Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

 **(4)** Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

 **(5)** Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

 **(6)** Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

 **(7)** Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

 **(8)** Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured, his or her representative, agent, or broker.

 **(9)** Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made.

 **(10)** Making known to insureds or claimants a practice of the insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

 **(11)** Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

 **(12)** Failing to settle claims promptly, where liability has become apparent, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

 **(13)** Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

 **(14)** Directly advising a claimant not to obtain the services of an attorney.

**(15)** Misleading a claimant as to the applicable statute of limitations.

**(16)** Delaying the payment or provision of hospital, medical, or surgical benefits for services provided with respect to acquired immune deficiency syndrome or AIDS-related complex for more than 60 days after the insurer has received a claim for those benefits, where the delay in claim payment is for the purpose of investigating whether the condition preexisted the coverage. However, this 60-day period shall not include any time during which the insurer is awaiting a response for relevant medical information from a health care provider.

 **(i)** Canceling or refusing to renew a policy in violation of Section 676.10.

### ☂ History:

   Added Stats 1959 ch 1737 § 1. Amended Stats 1961 ch 1385 § 1; Stats 1970 ch 1205 § 1; Stats 1972 ch 725 § 1; Stats 1975 ch 790 § 1; Stats 1978 ch 186 § 1; Stats 1983 ch 1261 § 1, effective September 30, 1983; Stats 1989 ch 800 § 1. Amended Stats 2001 ch 253 § 2 (AB 1193).

### ☂ Notes:

Amendments:
  ⬇ 1961 Amendment
  ⬇ 1970 Amendment
  ⬇ 1972 Amendment
  ⬇ 1975 Amendment
  ⬇ 1978 Amendment
  ⬇ 1983 Amendment
  ⬇ 1989 Amendment
  ⬇ 2001 Amendment

#### ☂ 1961 Amendment:

Added subd (f).

#### ☂ 1970 Amendment:

Added subd (g).

#### ☂ 1972 Amendment:

Added subd (h).

#### ☂ 1975 Amendment:

Added subds (h)(14) and (h)(15).

#### ☂ 1978 Amendment:

Added the second and third paragraphs of subd (f).

#### ☂ 1983 Amendment:

Service:  **Get by LEXSTAT® - Book Browse**
TOC:  Deering's California Code Annotated  > / . . . / > Article 6.5. Unfair Practices  > **§ 790.034. Consideration of settlement practices; Insurer to provide notice of prohibited unfair or deceptive acts or practices**
Citation:  **Cal. Ins. Code 790**
Section:  **Cal Ins Code § 790.034**

*Cal Ins Code § 790.034*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 22, APPROVED 6/28/07 ***

**Practitioner's Toolbox**  [?]  [▫]

↧ **History**

↧ **Notes**

**Resources & Practice Tools**

⊕ **Law Review Articles**

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.034 (2007)

### § 790.034.  Consideration of settlement practices; Insurer to provide notice of prohibited unfair or deceptive acts or practices

**(a)** Regulations adopted by the commissioner pursuant to this article that relate to the settlement of claims shall take into consideration settlement practices by classes of insurers.

**(b)**

**(1)** Upon receiving notice of a claim, every insurer shall immediately, but no more than 15 calendar days after receipt of the claim, provide the insured with a legible reproduction of Section 790.03 of the Insurance Code, in at least 12-point type and a written notice containing the following:

"In addition to Section 790.03 of the Insurance Code provided here, Fair Claims Settlement Practices Regulations govern how insurance claims must be processed in this state. These regulations are available at the Department of Insurance Internet site, www.insurance.ca.gov. You may also obtain a copy of these regulations free of charge from this insurer."

**(2)** Every insurer shall provide, whether requested orally or in writing by an insured, a copy of the Fair Claims Settlement Practices Regulations as set forth in Sections 2695.5, 2695.7, 2695.8, and 2695.9 of subchapter 7.5 of Chapter 5 of Title 10 of the California Code of Regulations, unless the regulations are inapplicable to that class of insurer. These regulations shall be provided to the insured within 15 calendar days of request.

**(3)** The provisions of this subdivision shall apply to all insurers except for those that are licensed pursuant to Chapter 1 (commencing with Section 12340) of Part 6 of Division 2, with respect to policies and endorsements described in Section 790.031.

## ⊤ History:

Added Stats 1991 ch 233 § 1 (SB 812). Amended Stats 2001 ch 583 § 3 (SB 658).

## ⊤ Notes:

Amendments:

**2001 Amendment:**

**(1)** Added subd designation (a); **(2)** amended subd (a) by substituting "that" for "which"; and **(2)** added subd (b).

## Collateral References:

2 Witkin Summary (10th ed) Insurance § 252.

## ⊤ Law Review Articles:

Departments: Other Provisions of SB 658. 26 Los Angeles Lawyer 27 (July/August, 2003).

Unfair claims settlement practices: a summary of California law. 15 Whittier LR No. 3, p. 691.

## Hierarchy Notes:

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.034. Consideration of settlement practices; Insurer to provide notice of prohibited unfair or deceptive acts or practices**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.034**
View: **Full**
Date/Time: Monday, July 9, 2007 - 1:10 PM EDT

 LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service:   **Get by LEXSTAT® - Book Browse**
TOC:    Deering's California Code Annotated  > / . . . /  > Article 6.5. Unfair Practices  > **§ 790.035. Civil penalty for engaging in prohibited acts and practices**
Citation:   **Cal. Ins. Code 790**
Section:   **Cal Ins Code § 790.035**

*Cal Ins Code § 790.035*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

⁴**Practitioner's Toolbox**   [?] [⬚]ᵏ

⬇ **History**

⬇ **Notes of Decisions**

*** THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 22, APPROVED 6/28/07 ***

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.035 (2007)

## § 790.035.  Civil penalty for engaging in prohibited acts and practices

**(a)** Any person who engages in any unfair method of competition or any unfair or deceptive act or practice defined in Section 790.03 is liable to the state for a civil penalty to be fixed by the commissioner, not to exceed five thousand dollars ($5,000) for each act, or, if the act or practice was willful, a civil penalty not to exceed ten thousand dollars ($10,000) for each act. The commissioner shall have the discretion to establish what constitutes an act. However, when the issuance, amendment, or servicing of a policy or endorsement is inadvertent, all of those acts shall be a single act for the purpose of this section.

**(b)** The penalty imposed by this section shall be imposed by and determined by the commissioner as provided by Section 790.05. The penalty imposed by this section is appealable by means of any remedy provided by Section 12940 or by Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code.

⊤ **History:**

Added Stats 1989 ch 725 § 1, effective September 24, 1989.

**Law Review Articles:**

Review of 1989 Legislation. 21 Pacific LJ 521.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

✦ **Notes of Decisions:**

In an action based upon an insurer's breach of the implied covenant of good faith and fair dealing, a punitive damage award of $2,015,000 was not constitutionally excessive. Ins C § 790.035 was not particularly useful as a comparable sanction because the insurer engaged in a course of conduct over a five-year period that involved many prohibited acts. Century Sur. Co. v. Polisso (2006, 3d Dist) 139 Cal App 4th 922, 43 Cal Rptr 3d 468, 2006 Cal App LEXIS 768.

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > /  . . . / > Article 6.5. Unfair Practices > **§ 790.035. Civil penalty for engaging in prohibited acts and practices**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.035**
View: Full
Date/Time: Monday, July 9, 2007 - 1:11 PM EDT

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC:   Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > § 790.036. Advertising
          **insurance insurer unwilling to sell; Penalty; Exceptions**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.036**

*Cal Ins Code § 790.036*

Deering's California Codes Annotated          ◄**Practitioner's Toolbox**   ? ▯◄
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.          ⬇ **History**
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

### GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

Cal Ins Code § 790.036 (2007)

## § 790.036.  Advertising insurance insurer unwilling to sell; Penalty; Exceptions

**(a)** It is an unfair and deceptive act or practice in the business of insurance for an insurer to advertise insurance that it will not sell.

**(b)** Nothing in this section shall be construed to prohibit any insurer from advertising insurance products for which it is licensed to sell in this state where the product is not available for sale so long as the unavailability is disclosed in the advertisement.

**(c)** A violation of this section is subject to the sanctions provided for by this article.

**(d)** An intentional violation of this section is a misdemeanor punishable by a fine not exceeding ten thousand dollars ($10,000).

**(e)** This section does not apply to any insurer that refuses to sell a policy of insurance on the basis of its underwriting guidelines.

**(f)** This section does not apply to advertisements by an insurer where the advertisements are broadcast and originate from outside this state. As used in this subdivision, "broadcast" includes electronic media, television, and radio. As used in this subdivision, "originate from outside this state" includes cable transmittal of programs broadcast by stations located outside California.

⬆ **History:**

Added Stats 1989 ch 992 § 1.

**Law Review Articles:**

Review of 1989 Legislation. 21 Pacific LJ 525.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.036. Advertising insurance insurer unwilling to sell; Penalty; Exceptions**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.036**
View: Full
Date/Time: Monday, July 9, 2007 - 1:11 PM EDT

 LexisNexis®

About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.04. Investigation by commissioner**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.04**

*Cal Ins Code § 790.04*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

◄ **Practitioner's Toolbox**   [?] [▢]

⬇ **History**

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

## GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

Cal Ins Code § 790.04 (2007)

## § 790.04.  Investigation by commissioner

The commissioner shall have power to examine and investigate into the affairs of every person engaged in the business of insurance in the State in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by Section 790.03 or determined pursuant to this article to be an unfair method of competition or an unfair or deceptive practice in the business of insurance. Such investigation may be conducted pursuant to Article 2 (commencing at Section 11180) of Chapter 2, Part 1, Division 3, Title 2 of the Government Code.

⤒ **History:**

Added Stats 1959 ch 1737 § 1.

**Collateral References:**

2 Witkin Summary (10th ed) Insurance § 252.

**Law Review Articles:**

Development and Direction of the California Bad Faith Insurance Doctrine. 8 USF LR 29.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.04. Investigation by commissioner**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.04**
View: Full
Date/Time: Monday, July 9, 2007 - 1:12 PM EDT



About LexisNexis  |  Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*Cal Ins Code § 790.05*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

◢ **Practitioner's Toolbox**    ? ☐◣

⬇ **History**

⬇ **Notes**

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

## GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

Cal Ins Code § 790.05 (2007)

## § 790.05.  Procedure

Whenever the commissioner shall have reason to believe that a person has been engaged or is engaging in this state in any unfair method of competition or any unfair or deceptive act or practice defined in Section 790.03, and that a proceeding by the commissioner in respect thereto would be to the interest of the public, he or she shall issue and serve upon that person an order to show cause containing a statement of the charges in that respect, a statement of that person's potential liability under Section 790.035, and a notice of a hearing thereon to be held at a time and place fixed therein, which shall not be less than 30 days after the service thereof, for the purpose of determining whether the commissioner should issue an order to that person to, pay the penalty imposed by Section 790.035, and to cease and desist those methods, acts, or practices or any of them.

If the charges or any of them are found to be justified the commissioner shall issue and cause to be served upon that person an order requiring that person to pay the penalty imposed by Section 790.035 and to cease and desist from engaging in those methods, acts, or practices found to be unfair or deceptive.

The hearing shall be conducted in accordance with the Administrative Procedure Act, Chapter 5 (commencing at Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code, except that the hearings may be conducted by an administrative law judge in the administrative law bureau when the proceedings involve a common question of law or fact with another proceeding arising under other Insurance Code sections that may be conducted by administrative law bureau administrative law judges. The commissioner and the appointed administrative law judge shall have all the powers granted under the Administrative Procedure Act.

The person shall be entitled to have the proceedings and the order reviewed by means of any remedy provided by Section 12940 of this code or by the Administrative Procedure Act.

## ⚓ History:

Added Stats 1959 ch 1737 § 1. Amended Stats 1989 ch 725 § 2, effective September 24, 1989. Amended <u>Stats 2002 ch 709 § 2 (AB 3023)</u>.

## ⚓ Notes:

Amendments:
- ⚓ 1989 Amendment
- ⚓ 2002 Amendment

### ⚓ 1989 Amendment:

In addition to making technical changes, added **(1)** "a statement of that person's potential liability under Section 790.035," in the first paragraph; and **(2)** "pay the penalty imposed by Section 790.035 and to" in the first and second paragraphs.

### ⚓ 2002 Amendment:

Substituted the third paragraph for the former third paragraph which read: "The hearing shall be conducted in accordance with the Administrative Procedure Act, Chapter 5 (commencing at <u>Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code</u>, and the commissioner shall have all the powers granted therein."

## Law Review Articles:

Review of 1989 Legislation. 21 Pacific LJ 521.

20/20 hindsight: The case for retrospective review of health insurance claims in California. 17 Southwestern U LR 521.

## Hierarchy Notes:

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

Service: **Get by LEXSTAT® - Book Browse**
TOC: <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790.05. Procedure**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.05**
View: Full
Date/Time: Monday, July 9, 2007 - 1:12 PM EDT

 LexisNexis®   <u>About LexisNexis</u>  |  <u>Terms & Conditions</u>
<u>Copyright ©</u>  2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.06. Procedure when unfair or deceptive conduct not specified in statute**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.06**

*Cal Ins Code § 790.06*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

**Practitioner's Toolbox**  ? ▭

⬇ **History**

⬇ **Notes**

⬇ **Notes of Decisions**

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.06 (2007)

## § 790.06.  Procedure when unfair or deceptive conduct not specified in statute

**(a)** Whenever the commissioner shall have reason to believe that any person engaged in the business of insurance is engaging in this state in any method of competition or in any act or practice in the conduct of the business that is not defined in Section 790.03, and that the method is unfair or that the act or practice is unfair or deceptive and that a proceeding by him or her in respect thereto would be in the interest of the public, he or she may issue and serve upon that person an order to show cause containing a statement of the methods, acts or practices alleged to be unfair or deceptive and a notice of hearing thereon to be held at a time and place fixed therein, which shall not be less than 30 days after the service thereof, for the purpose of determining whether the alleged methods, acts or practices or any of them should be declared to be unfair or deceptive within the meaning of this article. The order shall specify the reason why the method of competition is alleged to be unfair or the act or practice is alleged to be unfair or deceptive.

 The hearings provided by this section shall be conducted in accordance with the Administrative Procedure Act (Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code), except that the hearings may be conducted by an administrative law judge in the administrative law bureau when the proceedings involve a common question of law or fact with another proceeding arising under other Insurance Code sections that may be conducted by administrative law bureau administrative law judges. The commissioner and the appointed administrative law judge shall have all the powers granted under the Administrative Procedure Act. If the alleged methods, acts, or practices or any of them are found to be unfair or deceptive within the meaning of this article the commissioner shall issue and service upon that person his or her written report so declaring.

**(b)** If the report charges a violation of this article and if the method of competition, act or practice has not been discontinued, the commissioner may, through the Attorney General of

this state, at any time after 30 days after the service of the report cause a petition to be filed in the superior court of this state within the county wherein the person resides or has his or her principal place of business, to enjoin and restrain the person from engaging in the method, act or practice. The court shall have jurisdiction of the proceeding and shall have power to make and enter appropriate orders in connection therewith and to issue any writs as are ancillary to its jurisdiction or are necessary in its judgment to prevent injury to the public pendente lite.

**(c)** A transcript of the proceedings before the commissioner, including all evidence taken and the report and findings shall be filed with the petition. If either party shall apply to the court for leave to adduce additional evidence and shall show, to the satisfaction of the court, that the additional evidence is material and there were reasonable grounds for the failure to adduce the evidence in the proceeding before the commissioner, the court may order the additional evidence to be taken before the commissioner and to be adduced upon the hearing in the manner and upon the terms and conditions as to the court may seem proper. The commissioner may modify his or her findings of fact or make new findings by reason of the additional evidence so taken, and shall file modified or new findings with the return of the additional evidence.

**(d)** If the court finds that the method of competition complained of is unfair or that the act or practice complained of is unfair or deceptive, that the proceeding by the commissioner with respect thereto is to the interest of the public and that the findings of the commissioner are supported by the weight of the evidence, it shall issue its order enjoining and restraining the continuance of the method of competition, act or practice.

### ⊼ History:

Added Stats 1959 ch 1737 § 1. Amended <u>Stats 2000 ch 280 § 1 (SB 1500)</u>. Amended <u>Stats 2002 ch 709 § 3 (AB 3023)</u>.

### ⊼ Notes:

Amendments:
  ⊼ 2000 Amendment
  ⊼ 2002 Amendment

#### ⊼ 2000 Amendment:

In addition to making technical changes, **(1)** amended subd (a) by **(a)** adding the last sentence of the first paragraph; and **(b)** substituting "hearings" for "hearing" at the second sentence of the second paragraph.

#### ⊼ 2002 Amendment:

Substituted the second paragraph of subd (a) for the former second paragraph which read: "The hearings provided by this section shall be conducted in accordance with the Administrative Procedure Act (Chapter 5 (commencing with <u>Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code</u>) and the commissioner shall have all the powers granted therein. If the alleged methods, acts, or practices or any of them are found to be unfair or deceptive within the meaning of this article the commissioner shall issue and service upon that person his or her written report so declaring."

### Collateral References:

4 Witkin Summary (10th ed) Sales § 366.

**Law Review Articles:**

Constitutional right of privacy and investigative consumer reports. 2 Hast Const LQ 773.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

⊤ **Notes of Decisions:**

In an action by an insurance agent against an insurer arising from a dispute and lawsuit over the termination of their insurance agency contract, the agent did not have a private cause of action to sue for damages under Ins C § 769, or a claim pursuant to the Unfair Business Practices Act (B & P C § 17200 et seq.). Although § 769 provides for 120 days' advance written notice for termination of a brokerage contract by an insurer, except by mutual agreement, the statute does not contain any language providing a remedy or means of enforcing its substantive operative provisions. Ins C § 790.06 specifically gives the Insurance Commissioner the power to undertake administrative proceedings to enjoin unfair business practices not enumerated or defined in § 790.03. Additionally, the difficulty with the agent's argument for enforcement under § 17200 et seq. was that this act provides a right to and the means of obtaining equitable relief only. Here, the agent was suing for unrealized commissions and general compensatory damages it claimed to have suffered as a result of being given less than 120 days' notice of termination. The provisions of § 769 do not create a private right to sue for damages, either directly or by indirect operation of the Unfair Business Practices Act. Vikco Ins. Servs., Inc. v. Ohio Indemnity Co. (1999, 1st Dist) 70 Cal App 4th 55, 82 Cal Rptr 2d 442, 1999 Cal App LEXIS 140.

Service: **Get by LEXSTAT® - Book Browse**
TOC:     Deering's California Code Annotated  > / . . . /  > Article 6.5. Unfair Practices  > **§ 790.06. Procedure when unfair or deceptive conduct not specified in statute**
Citation: **Cal. Ins. Code 790**
Section:  **Cal Ins Code § 790.06**
View:     Full
Date/Time: Monday, July 9, 2007 - 1:12 PM EDT

 LexisNexis®

About LexisNexis  |  Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC: <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790.07. Penalty for violation of orders**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.07**

*Cal Ins Code § 790.07*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

**Practitioner's Toolbox**   ? ⬜▸

⬇ **History**

⬇ **Notes**

**\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED \*\*\***
**\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\***

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

### GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

Cal Ins Code § 790.07 (2007)

## § 790.07.  Penalty for violation of orders

Whenever the commissioner shall have reason to believe that any person has violated a cease and desist order issued pursuant to Section 790.05 or a court order issued pursuant to Section 790.06, after the order has become final, and while the order is still in effect, the commissioner may, after a hearing at which it is determined that the violation was committed, order that person to forfeit and pay to the State of California a sum not to exceed five thousand dollars ($5,000) plus any penalty due under Section 790.05, which may be recovered in a civil action, except that, if the violation is found to be willful, the amount of the penalty may be a sum not to exceed fifty-five thousand dollars ($55,000) plus the penalty due under Section 790.05.

For the purposes of this section, the failure to pay any penalty imposed pursuant to Section 790.035 which has become final shall constitute a violation of the cease and desist order.

For any subsequent violation of the cease and desist order or of the court order or the order to pay the penalty, while the order is still in effect, the commissioner may, after hearing, suspend or revoke the license or certificate of that person for a period not exceeding one year; provided, however, no proceeding shall be based upon the subsequent violation unless the same was committed or continued after the date on which the order imposing the penalty pursuant to the preceding paragraph became final.

The hearings provided by this section shall be conducted in accordance with the Administrative Procedure Act, except that the hearings may be conducted by an administrative law judge in the administrative law bureau when the proceedings involve a common question of law or fact with another proceeding arising under other Insurance Code sections that may be conducted by administrative law bureau administrative law judges. The commissioner and the appointed administrative law judge shall have all the powers granted

under the Administrative Procedure Act.

The person shall be entitled to have the proceedings and the order of the commissioner therein reviewed by means of any remedy provided by Section 12940 or by the Administrative Procedure Act.

## ⊤ History:

Added Stats 1959 ch 1737 § 1. Amended Stats 1987 ch 953 § 1; Stats 1989 ch 725 § 3, effective September 24, 1989. Amended <u>Stats 2002 ch 709 § 4 (AB 3023)</u>.

## ⊤ Notes:

Amendments:
⊥ 1987 Amendment
⊥ 1989 Amendment
⊥ 2002 Amendment

### ⊤ 1987 Amendment:

In addition to making technical changes, substituted **(1)** "five thousand dollars ($5,000)" for "fifty dollars ($50)"; and **(2)** "fifty-five thousand dollars ($55,000)" for "five hundred dollars ($500)" in the first paragraph.

### ⊤ 1989 Amendment:

In addition to making technical changes, **(1)** amended the first paragraph by adding **(a)** "plus any penalty due under Section 790.05"; and **(b)** "plus the penalty due under Section 790.05"; **(2)** added the second paragraph; and **(3)** added "or the order to pay the penalty" after "the court order" in the third paragraph.

### ⊤ 2002 Amendment:

Substituted the fourth paragraph for the former fourth paragraph which read: "The hearings provided by this section shall be conducted in accordance with the Administrative Procedure Act, and the commissioner shall have all the powers granted therein."

## Collateral References:

2 Witkin Summary (10th ed) Insurance § 252.

## Law Review Articles:

Review of 1989 Legislation. 21 Pacific LJ 521.

20/20 hindsight: The case for retrospective review of health insurance claims in California. 17 Southwestern U LR 521.

## Hierarchy Notes:

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

Service: **Get by LEXSTAT® - Book Browse**
TOC: Deering's California Code Annotated > / . . . / > Article 6.5. Unfair Practices > **§ 790.07. Penalty for
violation of orders**
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.07**
View: Full
Date/Time: Monday, July 9, 2007 - 1:12 PM EDT

 LexisNexis®

About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

Service:  **Get by LEXSTAT® - Book Browse**
TOC:  Deering's California Code Annotated  > / . . . /  > Article 6.5. Unfair Practices  > **§ 790.08. Powers vested in commissioner**
Citation:  **Cal. Ins. Code 790**
Section:  **Cal Ins Code § 790.08**

*Cal Ins Code § 790.08*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

◄ **Practitioner's Toolbox**    ？ ▭ ▸

⬇ **History**

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2007 CH. 22, APPROVED 6/28/07 \*\*\*

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

## GO TO CALIFORNIA CODES ARCHIVE DIRECTORY

Cal Ins Code § 790.08 (2007)

## § 790.08.  Powers vested in commissioner

The powers vested in the commissioner in this article shall be additional to any other powers to enforce any penalties, fines or forfeitures, denials, suspensions or revocations of licenses or certificates authorized by law with respect to the methods, acts and practices hereby declared to be unfair or deceptive.

⌐ **History:**

Added Stats 1959 ch 1737 § 1.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

Service:  **Get by LEXSTAT® - Book Browse**
TOC:  Deering's California Code Annotated  > / . . . /  > Article 6.5. Unfair Practices  > **§ 790.08. Powers vested in commissioner**
Citation:  **Cal. Ins. Code 790**
Section:  **Cal Ins Code § 790.08**
View:  Full
Date/Time:  Monday, July 9, 2007 - 1:12 PM EDT

 About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT - Book Browse**
TOC: Deering's California Code Annotated  > / . . . /  > Article 6.5. Unfair Practices  > § 790.09. Civil and criminal liability unaffected
Citation: **Cal. Ins. Code 790**
Section: **Cal Ins Code § 790.09**

*Cal Ins Code § 790.09*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

◄**Practitioner's Toolbox**   ? ▭ ▲

⬇ **History**

⬇ **Notes of Decisions**

*** THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 22, APPROVED 6/28/07 ***

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.09 (2007)

## § 790.09.  Civil and criminal liability unaffected

No order to cease and desist issued under this article directed to any person or subsequent administrative or judicial proceeding to enforce the same shall in any way relieve or absolve such person from any administrative action against the license or certificate of such person, civil liability or criminal penalty under the laws of this State arising out of the methods, acts or practices found unfair or deceptive.

⟰ **History:**

Added Stats 1959 ch 1737 § 1.

**Collateral References:**

1 Witkin Summary (10th ed) Contracts § 592.

2 Witkin Summary (10th ed) Insurance §§ 253, 254.

Insurance bad faith litigation in California: *Royal Globe* shattered. 10 CEB Civ Lit Rep No. 6 p 252.

**Law Review Articles:**

20/20 hindsight: The case for retrospective review of health insurance claims in California. 17 Southwestern U LR 521.


**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note


☆ **Notes of Decisions:**


Ins. Code, § 790.09, contemplates a private action to impose civil liability, irrespective of governmental action against the insurer, for violation of a provision of the code. Greenberg v. Equitable Life Assur. Soc. (1973, 2nd Dist) 34 Cal App 3d 994, 110 Cal Rptr 470, 1973 Cal App LEXIS 865.

A party bringing a civil action against an insurance company was not required to exhaust his administrative remedies before the Insurance Commissioner before filing the lawsuit where the sole disciplinary authority of the commissioner would be to issue a cease and desist order or to obtain an injunction to restrain the illegal conduct while the plaintiff sought damages, and in view of the fact that Ins. Code, § 790.09, provides specifically that the commissioner's action could not relieve or absolve the insurer from civil liability; the rule of exhaustion of administrative remedies does not preclude prosecution of a civil claim without resort to administrative procedure irrelevant to the claim. Greenberg v. Equitable Life Assur. Soc. (1973, 2nd Dist) 34 Cal App 3d 994, 110 Cal Rptr 470, 1973 Cal App LEXIS 865.

Plaintiffs in a class action for damages against title insurers on allegations of a conspiracy to fix title insurance rates, were entitled to a writ of mandate compelling the superior court to dissolve a 150-day renewal of a stay of proceedings issued on the theory of primary jurisdiction in order to give the insurance commissioner the first opportunity to act on the rate-fixing allegations, where the insurance commissioner had informed the superior court that his department would not conduct a formal administrative hearing into the charges, and the 150 days had since elapsed. The doctrine of primary jurisdiction does not permanently foreclose judicial action, but rather provides the appropriate administrative agency with an opportunity to act if it so chooses. Shernoff v. Superior Court of Los Angeles County (1975, 2nd Dist) 44 Cal App 3d 406, 118 Cal Rptr 680, 1975 Cal App LEXIS 943.

In a class action for damages against title insurers on allegations of a conspiracy to fix title insurance rates, the doctrine of exhaustion of administrative remedies had no relevancy to the relief sought in the complaint, since the insurance commissioner's disciplinary authority was limited to restraint of future illegal conduct and he possessed no authority to enter money judgments for past injuries; that authority remains in the courts, and Ins. Code, § 790.09, expressly reserves to litigants all civil and criminal remedies against persons who have violated the law, and the person to whom the civil liability runs may enforce it by an appropriate action. Shernoff v. Superior Court of Los Angeles County (1975, 2nd Dist) 44 Cal App 3d 406, 118 Cal Rptr 680, 1975 Cal App LEXIS 943.

Neither Ins. Code, § 790.03 (unfair insurer practices) nor Ins. Code, § 790.09 (civil liability savings clause), was intended to create a private civil cause of action against an insurer that commits one of the various unfair acts enumerated in § 790.03, subd. (h). Rather, in prospective cases, insurer violations of the Unfair Practices Act should be addressed by the imposition of administrative sanctions by the Insurance Commissioner, available pursuant to Ins. Code, §§ 790.5-790.09. (Overruling contrary holding in Royal Globe Ins. Co. v. Superior

Court (1979) 23 Cal 3d 880,153 Cal Rptr 842, 592 P.2d 329, 1979 Cal LEXIS 236.) <u>Moradi-Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal 3d 287, 250 Cal Rptr 116, 758 P2d 58, 1988 Cal LEXIS 165.</u>

Neither <u>Ins. Code, § 790.03</u> (unfair insurer practices), nor <u>Ins. Code, § 790.09</u> (civil liability savings clause), was intended to create a private civil cause of action against an insurer that commits one of the various unfair acts enumerated in § 790.03, subd. (h). <u>State Farm Mut. Auto. Ins. Co. v. Superior Court (1989, 2nd Dist) 211 Cal App 3d 5, 259 Cal Rptr 50, 1989 Cal App LEXIS 541.</u>

Neither the language of the Unfair Insurance Practices Act (UIPA) (<u>Ins. Code, § 790</u> et seq.) nor its history suggests that the Legislature intended by its enactment to abolish the Cartwright Act (<u>Bus. & Prof. Code, § 16720</u> et seq.) and Unfair Competition Act (UCA) (<u>Bus. & Prof. Code, § 17200</u> et seq.) remedies for conduct which the UIPA also proscribes. <u>Ins. Code, § 790.09</u> (civil and criminal liability is unaffected by cease-and-desist order under UIPA), cannot be construed so as to conclude that, in adopting the UIPA, the Legislature intended that only the Insurance Commissioner be authorized to remedy unlawful conduct by insurance companies. Since the Insurance Commissioner has no power to initiate a criminal proceeding against, or an action to impose civil liability on, a person who engages in unfair trade practices, such a construction would render that part of <u>Ins. Code, § 790.09</u>, which preserves civil and criminal liability meaningless. Further, a conclusion that the Legislature intended by <u>Ins. Code, § 790.09</u>, to displace Cartwright, Unfair Practices Act (<u>Bus. & Prof. Code, § 17000</u> et seq.), and UCA remedies would be contrary to consistent administrative construction of the act and construction by courts in other states which have adopted the same or substantially similar statutes. <u>Manufacturers Life Ins. Co. v. Superior Court (1995) 10 Cal 4th 257, 41 Cal Rptr 2d 220, 895 P2d 56, 1995 Cal LEXIS 3138.</u>

Cause of action for violations of <u>Ins C § 790.09</u> may be asserted under <u>B & P C § 17200</u>. <u>Hangarter v. Paul Revere Life Ins. Co. (2002, ND Cal) 236 F Supp 2d 1069, 2002 US Dist LEXIS 21870,</u> aff'd, (2004, CA9 Cal) <u>373 F 3d 998, 2004 US App LEXIS 12841.</u>

Service:  **Get by LEXSTAT® - Book Browse**
    TOC:  <u>Deering's California Code Annotated</u>  >  <u>/ . . . /</u>  >  <u>Article 6.5. Unfair Practices</u>  >  **§ 790.09. Civil and criminal liability unaffected**
Citation:  **Cal. Ins. Code 790**
 Section:  **Cal Ins Code § 790.09**
    View:  Full
Date/Time:  Monday, July 9, 2007 - 1:12 PM EDT

 LexisNexis   <u>About LexisNexis</u>  |  <u>Terms & Conditions</u>
<u>Copyright ©</u>  2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service:  **Get by LEXSTAT® - Book Browse**
TOC:  Deering's California Code Annotated  > / . . . / > Article 6.5. Unfair Practices  > § 790.10. Rules and regulations
Citation:  **Cal. Ins. Code 790**
Section:  **Cal Ins Code § 790.10**

*Cal Ins Code § 790.10*

Deering's California Codes Annotated
Copyright © 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

◄ **Practitioner's Toolbox**   ? ▢ ►

⬇ **History**

⬇ **Notes of Decisions**

*** THIS DOCUMENT REFLECTS ALL URGENCY
LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 22, APPROVED 6/28/07 ***

INSURANCE CODE
Division 1.  General Rules Governing Insurance
Part 2.  The Business of Insurance
Chapter 1.  General Regulations
Article 6.5.  Unfair Practices

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Ins Code § 790.10 (2007)

## § 790.10.  Rules and regulations

The commissioner shall, from time to time as conditions warrant, after notice and public
hearing, promulgate reasonable rules and regulations, and amendments and additions
thereto, as are necessary to administer this article.

⌖ **History:**

Added Stats 1971 ch 975 § 1.

**Collateral References:**

2 Witkin Summary (10th ed) Insurance § 256.

**Hierarchy Notes:**

Div. 1, Pt. 2, Ch. 1, Art. 6.5 Note

⌖ **Notes of Decisions:**

<u>10 Cal Code Reg § 2505</u>, which requires that that workers' compensation insurers use policyholder dividend disclosure statements and which is authorized by statutes prohibiting misrepresentations of policies (<u>Ins C §§ 780</u>, <u>790</u> through <u>790.10</u>) does not create a duty of care for a negligence action if an insurer does not provide the required statements. The authorizing statutes of <u>10 Cal Code Reg § 2505</u> prohibit misrepresentations, and are thus analogous to the torts of fraud and deceit, not the tort of negligence. Thus in an action brought by an industry association against a workers' compensation insurer, the trial court properly concluded that the insurer was not liable under negligence principles, where the industry association made claims based on the insurer's failure to disclose past dividend calculations for its workers' compensation policies when the association agreed to market the insurer's policies to its members. <u>California Serv. Station & Auto. Repair Ass'n v. American Home Assur. Co. (1998, 1st Dist) 62 Cal App 4th 1166, 73 Cal Rptr 2d 182, 1998 Cal App LEXIS 290.</u>

Service:    **Get by LEXSTAT® - Book Browse**
TOC:    <u>Deering's California Code Annotated</u> > <u>/ . . . /</u> > <u>Article 6.5. Unfair Practices</u> > **§ 790.10. Rules and regulations**
Citation:    **Cal. Ins. Code 790**
Section:    **Cal Ins Code § 790.10**
View:    Full
Date/Time:    Monday, July 9, 2007 - 1:12 PM EDT



<u>About LexisNexis</u>  |  <u>Terms & Conditions</u>
<u>Copyright</u> © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.