**EXHIBIT D**

Service: **Get by LEXSTAT®**
TOC: Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT
PRACTICES REGULATIONS  > **§ 2695.1. Preamble**
Citation: **10 CCR §2695.1**

*10 CCR 2695.1*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.1 (2007)

§ 2695.1.  Preamble

   (a) Section 790.03(h) of the California Insurance Code enumerates sixteen claims
settlement practices that, when either knowingly committed on a single occasion, or
performed with such frequency as to indicate a general business practice, are considered to
be unfair claims settlement practices and are, thus, prohibited by this section of the
California Insurance Code. The Insurance Commissioner has promulgated these regulations
in order to accomplish the following objectives:

(1) To delineate certain minimum standards for the settlement of claims which, when
violated knowingly on a single occasion or performed with such frequency as to indicate a
general business practice shall constitute an unfair claims settlement practice within the
meaning of Insurance Code Section 790.03(h);

(2) To promote the good faith, prompt, efficient and equitable settlement of claims on a cost
effective basis;

(3) To discourage and monitor the presentation to insurers of false or fraudulent claims; and,

(4) To encourage the prompt and thorough investigation of suspected fraudulent claims and
ensure the prompt and comprehensive reporting of suspected fraudulent claims as required
by Insurance Code Section 1872.4.

(b) These regulations are not meant to provide the exclusive definition of all unfair claims
settlement practices. Other methods, act(s), or practices not specifically delineated in this set
of regulations may also be unfair claims settlement practices and subject to California
Insurance Code Section 790.03(h) and/or California Insurance Code Section 790.06. These
regulations are applicable to the handling or settlement of all claims subject to Article 6.5 of
Division 1, Part 2, Chapter 1 of the California Insurance Code, commencing with Section 790,
except as specifically provided below:

(1) Workers' compensation insurance;

(2) Liability insurance for the professional malpractice of health care providers as defined in
California Code of Civil Procedure Section 364(f)(1);

(3) Self insured or self funded plans which are bona fide Employee Retirement Income Security Act ("ERISA") plans which are not also multiple employer welfare arrangements, to the extent that these ERISA plans are not covered by insurance;

(4) Any other self funded or self insured plan, to the extent it is not covered by insurance, which is lawfully conducting business in this state.

(c) In recognition of both the unique relationship which exists under a surety bond between the surety, the obligee or beneficiary, and the principal, and the fact that the processing of surety claims is subject to the Unfair Practices Act, beginning with California Insurance Code Section 790, only sections 2695.1 through 2695.6, inclusive, section 2695.10, and sections 2695.12, 2695.13 and 2695.14, inclusive, shall apply to the handling or settlement of claims brought under surety bonds.

(d) These regulations apply to home protection contracts and home protection companies defined in California Insurance Code Section 12740.

(e) All licensees, as defined in these regulations, shall have thorough knowledge of the regulations contained in this subchapter.

(f) Policy provisions relating to the investigation, processing and settlement of claims shall be consistent with or more favorable to the insured than the provisions of these regulations.

(g) The California Insurance Code provides the commissioner with access to all records of an insurer and the power to examine the affairs of every person engaged in the business of insurance to determine if such person is engaged in any unfair or deceptive act or practice. California Insurance Code Section 790.03(h) requires all persons engaged in the business of insurance to effectuate prompt, fair and equitable settlements of claims and to otherwise process claims in a fair and reasonable manner. The Department considers the use of reliable information to be an essential element of the fair and equitable settlement of claims. The fact that information, data or statistical methods used or relied upon by a licensee to process or establish the value of insurance claims is obtained through a third party source shall not absolve the licensee of its legal responsibility to comply with these regulations or to effectuate prompt, fair and equitable settlements of claims. Failure of a licensee to provide the commissioner with requested information sufficient to examine the licensee's claims handling practices may justify a finding that the licensee was in non-compliance with these regulations or other applicable insurance code provisions. Any and all information received pursuant to the Department's request shall be given confidential treatment, as provided in California Insurance Code section 735.5 and California Government Code Section 11180 et seq. When processing or establishing the value of a claim, a licensee shall not be responsible for the accuracy of information provided by a governmental entity, unless the licensee has discovered or been notified of the inaccuracy and has continued to use the information.

AUTHORITY:

Note: Authority cited: Sections 790.034, 790.10, 1871.1, 12340-12417, inclusive, 12921 and 12926, Insurance Code; and Sections 11152 and 11342.2, Government Code. Reference: Sections 735.5, 790.03(h) and 12740, Insurance Code; and Section 11180, Government Code.

HISTORY:

1. New subchapter 7.5 (sections 2695.1-2695.17) filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Editorial correction of printing error in History 1. (Register 93, No. 4).

3. Amendment of subchapter heading and subsection (b), new subsections (b)(1)-(b)(4), repealer and new subsection (c), amendment of subsection (d), repealer of subsection (e) and subsection relettering filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

4. Amendment of subchapter heading and new article 1 heading filed 2-13-2001 as an emergency; operative 2-13-2001 (Register 2001, No. 7). A Certificate of Compliance must be transmitted to OAL by 6-13-2001 or emergency language will be repealed by operation of law on the following day.

5. Amendment of subchapter heading and new article 1 heading, refiled 6-1-2001 as an emergency; operative 6-13-2001 (Register 2001, No. 22). A Certificate of Compliance must be transmitted to OAL by 10-11-2001 or emergency language will be repealed by operation of law on the following day.

6. Amendment of subchapter heading and new article 1 heading refiled 10-11-2001 as an emergency; operative 10-11-2001 (Register 2001, No. 41). A Certificate of Compliance must be transmitted to OAL by 2-8-2002 or emergency language will be repealed by operation of law on the following day.

7. Certificate of Compliance as to 10-11-2001 order transmitted to OAL 11-14-2001 and filed 12-31-2001 (Register 2002, No. 1).

8. Amendment of section and Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

9. Inclusion of informational note following article heading filed 3-1-2004 (Register 2004, No. 10).

10. Change without regulatory effect filed 8-4-2004 repealing the informational note following article heading; depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi; and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

11. Amendment of subsection (b), repealer and new subsection (c), new subsection (g) and amendment of Note filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

Service: **Get by LEXSTAT®**
   TOC: Barclays Official California Code of Regulations > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT
        PRACTICES REGULATIONS > § 2695.1. Preamble
Citation: **10 CCR §2695.1**
   View: Full
Date/Time: Monday, July 9, 2007 - 1:17 PM EDT

 LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service:  **Get by LEXSTAT® - Book Browse**
TOC:  Barclays Official California Code of Regulations  > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT
PRACTICES REGULATIONS  > § 2695.2. Definitions
Citation:  **10 CCR §2695.1**
Section:  **10 CCR 2695.2**

*10 CCR 2695.2*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.2 (2007)

§ 2695.2.  Definitions

As used in these regulations:

(a) "Beneficiary" means:

(1) for the purpose of life and disability claims, the party or parties entitled to receive the
proceeds or benefits occurring under the policy in lieu of the insured; or,

(2) for the purpose of surety claims, a person who is within the class of persons intended to
benefit from the bond;

(b) "Calendar days" means each and every day including Saturdays, Sundays, Federal and
California State Holidays, but if the last day for performance of any act required by these
regulations falls on a Saturday, Sunday, Federal or State Holiday, then the period of time to
perform the act is extended to and including the next calendar day which is not a Saturday,
Sunday, or Federal or State holiday;

(c) "Claimant" means a first or third party claimant as defined in these regulations, any
person who asserts a right of recovery under a surety bond, an attorney, any person
authorized by operation of law to represent the claimant, or any of the following persons
properly designated by the claimant in the manner specified in subsection 2695.5(c): an
insurance adjuster, a public adjuster, or any member of the claimant's family.

(d) "Claims agent" means any person employed or authorized by an insurer, to conduct an
investigation of a claim on behalf of an insurer or a person who is licensed by the
Commissioner to conduct investigations of claims on behalf of an insurer. The term "claims
agent", however, shall not include the following:

(1) an attorney retained by an insurer to defend a claim brought against an insured; or,

(2) persons hired by an insurer solely to provide valuation as to the subject matter of a
claim.

(e) "Extraordinary circumstances" means circumstances outside of the control of the licensee

which severely and materially affect the licensee's ability to conduct normal business operations;

(f) "First party claimant" means any person asserting a right under an insurance policy as a named insured, other insured or beneficiary under the terms of that insurance policy, and including any person seeking recovery of uninsured motorist benefits;

(g) "Gross settlement amount" means the amount tendered plus the amount deducted as provided in the policy in the settlement of an automobile total loss claim;

(h) "Insurance agent" means:

(1) the term "insurance agent" as used in section 31 of the California Insurance Code; or,

(2) the term "life agent" as used in section 32 of the California Insurance Code; or,

(3) any person who has authority or responsibility to notify an insurer of a claim upon receipt of a notice of claim by a claimant; or,

(4) an underwritten title company.

(i) "Insurer" means a person licensed to issue or that issues an insurance policy or surety bond in this state, or that otherwise transacts the business of insurance in the state, including reciprocal and interinsurance exchanges, fraternal benefit societies, stock and mutual insurance companies, risk retention groups, California county mutual fire insurance companies, grants and annuities societies, entities holding certificates of exemption, non-profit hospital service plans, multiple employer welfare arrangements holding certificates of compliance pursuant to Article 4.7 of the California Insurance Code, and motor clubs, to the extent that they transact the business of insurance in the State. The term "insurer" for purposes of these regulations includes non-admitted insurers, the California FAIR Plan, the California Earthquake Authority, those persons licensed to issue or that issue an insurance policy pursuant to an assignment by the California Automobile Assigned Risk Plan, home protection companies as defined under California Insurance Code Section 12740, and any other entity subject to California Insurance Code Section 790.03(h). The term "insurer" shall not include insurance agents and brokers, surplus line brokers and special lines surplus line brokers.

(j) "Insurance policy" or "policy" means the written instrument in which any certificate of group insurance, contract of insurance, or non-profit hospital service plan is set forth. For the purposes of these regulations the terms insurance policy or policy do not include "surety bond" or "bond". For the purposes of these regulations the term insurance policy or policy includes a home protection contract or any written instrument in which any certificate of insurance or contract of insurance is set forth that is issued pursuant to the California Automobile Assigned Risk Plan, the California Earthquake Authority, or the California FAIR Plan;

(k) "Investigation" means all activities of an insurer or its claims agent related to the determination of coverage, liabilities, or nature and extent of loss or damage for which benefits are afforded by an insurance policy, obligations or duties under a bond, and other obligations or duties arising from an insurance policy or bond.

(l) "Knowingly committed" means performed with actual, implied or constructive knowledge, including, but not limited to, that which is implied by operation of law.

(m) "Licensee" means any person that holds a license or Certificate of Authority from the Insurance Commissioner, or any other entity for whom the Insurance Commissioner's

consent is required before transacting business in the State of California or with California residents. The term "licensee" for purpose of these regulations does not include an underwritten title company if the underwriting agreement between the underwritten title company and the title insurer affirmatively states that the underwritten title company is not authorized to handle policy claims on behalf of the title insurer.

(n) "Notice of claim" means any written or oral notification to an insurer or its agent that reasonably apprises the insurer that the claimant wishes to make a claim against a policy or bond issued by the insurer and that a condition giving rise to the insurer's obligations under that policy or bond may have arisen. For purposes of these regulations the term "notice of claim" shall not include any written or oral communication provided by an insured or principal solely for informational or incident reporting purposes.

(o) "Notice of legal action" means notice of an action commenced against the insurer with respect to a claim, or notice of action against the insured received by the insurer, or notice of action against the principal under a bond, and includes any arbitration proceeding;

(p) "Obligee" means the person named as obligee in a bond;

(q) "Person" means any individual, association, organization, partnership, business, trust, corporation or other entity;

(r) "Principal" means the person whose debt or other obligation is secured or guaranteed by a bond and who has the primary duty to pay the debt or discharge the obligation;

(s) "Proof of claim" means any evidence or documentation in the possession of the insurer, whether as a result of its having been submitted by the claimant or obtained by the insurer in the course of its investigation, that provides any evidence of the claim and that reasonably supports the magnitude or the amount of the claimed loss.

(t) "Remedial measures" means those actions taken by an insurer to correct or cure any error or omission in the handling of claims on the part of its insurance agent as defined in subsection 2695.2(h), including, but not limited to:

(1) written notice to the insurance agent that he/she is in violation of the regulations contained in this subchapter;

(2) transmission of a copy of the regulations contained in this subchapter and instructions for their implementation;

(3) reporting the error or omission in the handling of claims by the insurance agent to the Department of Insurance;

(u) "Replacement crash part" means a replacement for any of the nonmechanical sheet metal or plastic parts which generally constitute the exterior of a motor vehicle, including inner and outer panels;

(v) "Single act" for the purpose of determining any penalty pursuant to California Insurance Code Section 790.035 is any commission or omission which in and of itself constitutes a violation of California Insurance Code Section 790.03 or this subchapter;

(w) "Surety bond" or "bond" means the written instrument in which a contract of surety insurance, as defined in California Insurance Code Section 105, is set forth;

(x) "Third party claimant" means any person asserting a claim against any person or the interests insured under an insurance policy;

(y) "Willful" or "Willfully" when applied to the intent with which an act is done or omitted means simply a purpose or willingness to commit the act, or make the omission referred to in the California Insurance Code or this subchapter. It does not require any intent to violate law, or to injure another, or to acquire any advantage;

AUTHORITY:

Note: Authority cited: Sections 132(d), 790.10, 12340-12417, inclusive, 12921 and 12926, Insurance Code; Section 995.130, Code of Civil Procedure; and Sections 11152 and 11342.2, Government Code. Reference: Sections 31, 32, 101, 106, 675.5(b), (c) and (d), 676.6, 790.03(h) and 10082, Insurance Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Amendment filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment of subsections (a)(2), (g) and (i)-(l) and amendment of Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

4. Amendment of subsection (s) filed 6-5-2003; operative 9-3-2003 pursuant to title 10, section 2695.14, California Code of Regulations (Register 2003, No. 23).

5. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi, and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

6. Amendment of subsection (s) filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS  > § 2695.2. Definitions
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.2**
View: Full
Date/Time: Monday, July 9, 2007 - 1:18 PM EDT

 LexisNexis®

About LexisNexis  |  Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*10 CCR 2695.3*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 *

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.3 (2007)

§ 2695.3.  File and Record Documentation

(a) Every licensee's claim files shall be subject to examination by the Commissioner or by his or her duly appointed designees. These files shall contain all documents, notes and work papers (including copies of all correspondence) which reasonably pertain to each claim in such detail that pertinent events and the dates of the events can be reconstructed and the licensee's actions pertaining to the claim can be determined;

(b) To assist in such examination all insurers shall:

(1) maintain claim data that are accessible, legible and retrievable for examination so that an insurer shall be able to provide the claim number, line of coverage, date of loss and date of payment of the claim, date of acceptance, denial or date closed without payment. This data must be available for all open and closed files for the current year and the four preceding years;

(2) record in the file the date the licensee received, date(s) the licensee processed and date the licensee transmitted or mailed every material and relevant document in the file; and

(3) maintain hard copy files or maintain claim files that are accessible, legible and capable of duplication to hard copy; files shall be maintained for the current year and the preceding four years.

(c) The requirements of this section shall be satisfied where the licensee provides documentation evidencing inability to obtain data, nonexistence of data, or difficulty in obtaining clear documentary support for actions due to catastrophic losses, or other unusual circumstances providing the licensee establishes to the satisfaction of the Commissioner that the circumstances alleged by the licensee do exist and have materially affected the licensee's ability to comply with this regulation. Any licensee that alleges an inability to comply with this section shall establish and submit to the Commissioner a plan for file and record documentation to be used by such licensee while the circumstances alleged to preclude compliance with this subsection continue to exist.

AUTHORITY:

Note: Authority cited: Sections 790.04, 790.10, 12340-12417, inclusive, 12921 and 12926, Insurance Code; and Sections 11342.2 and 11152, Government Code. Reference: Section 790.03(h), Insurance Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Amendment of subsections (b)(1) and (b)(2) filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment of subsection (b)(1) and amendment of Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS  > **§ 2695.3. File and Record Documentation**
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.3**
View: Full
Date/Time: Monday, July 9, 2007 - 1:18 PM EDT

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC:  Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT
PRACTICES REGULATIONS  > **§ 2695.4. Representation of Policy Provisions and Benefits**
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.4**

*10 CCR 2695.4*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.4 (2007)

§ 2695.4.  Representation of Policy Provisions and Benefits

(a) Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant. When additional benefits might reasonably be payable under an insured's policy upon receipt of additional proofs of claim, the insurer shall immediately communicate this fact to the insured and cooperate with and assist the insured in determining the extent of the insurer's additional liability.

(b) No insurer shall misrepresent or conceal benefits, coverages, time limits or other provisions of the bond which may apply to the claim presented under a surety bond.

(c) No insurer shall deny a claim on the basis of the claimant's failure to exhibit property, unless there is documentation in the file (1) of reasonable demand by the insurer, and unfounded refusal by the claimant, to exhibit property, or (2) of the breach of any policy provision providing for the exhibition of property.

(d) Except where a time limit is specified in the policy, no insurer shall require a first party claimant under a policy to give notification of a claim or proof of claim within a specified time.

(e) No insurer shall:

(1) request that a claimant sign a release that extends beyond the subject matter which gave rise to the claim payment unless, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing. For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature;

(2) be precluded from including in any release a provision requiring the claimant to waive the provisions of California Civil Code Section 1542 provided that, prior to execution of the release, the legal effect of the release is disclosed and fully explained by the insurer to the claimant in writing. For purposes of this subsection, an insurer shall not be required to provide the above explanation or disclosure to a claimant who is represented by an attorney at the time the release is presented for signature.

(f) No insurer shall issue checks or drafts in partial settlement of a loss or claim that contain or are accompanied by language releasing the insurer, the insured, or the principal on a surety bond from total liability unless the policy or bond limit has been paid, or there has been a compromise settlement agreed to by the claimant and the insurer as to coverage and amount payable under the insurance policy or bond.

(g) No insurer shall require a first party claimant or beneficiary to submit duplicative proofs of claim where coverage may exist under more than one policy issued by that insurer.

AUTHORITY:

Note: Authority cited: Sections 790.10, 12340-12417, inclusive, 12921 and 12926, Insurance Code; and Sections 11152 and 11342.2, Government Code. Reference: Sections 790.03(h) (1), (3) and (4), Insurance Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Amendment of section heading and subsection (a), repealer and new subsection (b), repealer of subsection (f) and subsection relettering filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

4. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi, and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

5. Amendment of subsections (b) and (c) filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS  > § 2695.4. Representation of Policy Provisions and Benefits
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.4**
View: Full
Date/Time: Monday, July 9, 2007 - 1:18 PM EDT

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document by Citation - 10 CCR 2695.5
Case 3:07-cv-03259-JSW Document 14-11    Filed 08/27/2007    Page 13 of 30
Page 1 of 2

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT
PRACTICES REGULATIONS > § 2695.5. Duties upon Receipt of Communications
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.5**

*10 CCR 2695.5*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.5 (2007)

§ 2695.5.  Duties upon Receipt of Communications

(a) Upon receiving any written or oral inquiry from the Department of Insurance concerning a claim, every licensee shall immediately, but in no event more than twenty-one (21) calendar days of receipt of that inquiry, furnish the Department of Insurance with a complete written response based on the facts as then known by the licensee. A complete written response addresses all issues raised by the Department of Insurance in its inquiry and includes copies of any documentation and claim files requested. This section is not intended to permit delay in responding to inquiries by Department personnel conducting a scheduled examination on the insurer's premises.

(b) Upon receiving any communication from a claimant, regarding a claim, that reasonably suggests that a response is expected, every licensee shall immediately, but in no event more than fifteen (15) calendar days after receipt of that communication, furnish the claimant with a complete response based on the facts as then known by the licensee. This subsection shall not apply to require communication with a claimant subsequent to receipt by the licensee of a notice of legal action by that claimant.

(c) The designation specified in subsection 2695.2(c) shall be in writing, signed and dated by the claimant, and shall indicate that the designated person is authorized to handle the claim. All designations shall be transmitted to the insurer and shall be valid from the date of execution until the claim is settled or the designation is revoked. A designation may be revoked by a writing transmitted to the insurer, signed and dated by the claimant, indicating that the designation is to be revoked and the effective date of the revocation.

(d) Upon receiving notice of claim, every licensee or claims agent shall immediately transmit notice of claim to the insurer.

(e) Upon receiving notice of claim, every insurer shall immediately, but in no event more than fifteen (15) calendar days later, do the following unless the notice of claim received is a notice of legal action:

(1) acknowledge receipt of such notice to the claimant unless payment is made within that period of time. If the acknowledgement is not in writing, a notation of acknowledgement shall be made in the insurer's claim file and dated. Failure of an insurance agent or claims agent to

promptly transmit notice of claim to the insurer shall be imputed to the insurer except where the subject policy was issued pursuant to the California Automobile Assigned Risk Program.

(2) provide to the claimant necessary forms, instructions, and reasonable assistance, including but not limited to, specifying the information the claimant must provide for proof of claim;

(3) begin any necessary investigation of the claim.

(f) An insurer may not require that the notice of claim under a policy be provided in writing unless such requirement is specified in the insurance policy or an endorsement thereto.

AUTHORITY:

Note: Authority cited: Sections 790.04, 790.10, 12340-12417, inclusive, 12921, 12926, Insurance Code; and Sections 11342.2 and 11152, Government Code. Reference: Sections 790.03(h)(2) and (3), Insurance Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Amendment of section heading and section filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment of subsections (d) and (e), repealer of subsection (e)(4) and amendment of Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS > **§ 2695.5. Duties upon Receipt of Communications**
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.5**
View: Full
Date/Time: Monday, July 9, 2007 - 1:18 PM EDT

 LexisNexis®    About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT
PRACTICES REGULATIONS  > **§ 2695.6. Training and Certification**
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.6**

*10 CCR 2695.6*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.6 (2007)

§ 2695.6.  Training and Certification

   (a) Every insurer shall adopt and communicate to all its claims agents written standards for
the prompt investigation and processing of claims, and shall do so within ninety (90) days
after the effective date of these regulations or any revisions thereto.

(b) All licensees shall provide thorough and adequate training regarding the regulations to all
their claims agents. Licensees shall certify that their claims agents have been trained
regarding these regulations and any revisions thereto. However, licensees need not provide
such training or certification to duly licensed attorneys.

A licensee shall demonstrate compliance with this subsection by the following methods:

(1) where the licensee is an individual, the licensee shall annually certify in writing under
penalty of perjury that he or she has read and understands the regulations and any and all
amendments thereto;

(2) where the licensee is an entity, the annual written certification shall be executed, under
penalty of perjury, by a principal of the entity as follows:

(A) that the licensee's claims adjusting manual contains a copy of these regulations and all
amendments thereto; and,

(B) that clear written instructions regarding the procedures to be followed to effect proper
compliance with this subchapter were provided to all its claims agents;

(3) where the licensee retains insurance adjusters as defined in California Insurance Code
Section 14021, the licensee must provide training to the insurance adjusters regarding these
regulations and annually certify, in a declaration executed under penalty of perjury, that such
training is provided. Alternately, the insurance adjuster may annually certify in writing, under
penalty of perjury, that he or she has read and understands these regulations and all
amendments thereto or has successfully completed a training seminar which explains these
regulations;

(4) a copy of the certification required by subsections 2695.6(b)(1), (2) or (3) shall be

maintained at all times at the principal place of business of the licensee, to be provided to the Commissioner only upon request.

(5) the annual certification required by this subsection shall be completed on or before September 1 of each calendar year.

AUTHORITY:

Note: Authority cited: Sections 790.10, 12340-12417, inclusive, 12921 and 12926, Insurance Code; and Sections 11342.2 and 11152, Government Code. Reference: Section 790.03(h) (3), Insurance Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Amendment of section heading and section filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment of subsection (b)(3) filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS > § 2695.6. Training and Certification
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.6**
View: Full
Date/Time: Monday, July 9, 2007 - 1:18 PM EDT



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT® - Book Browse**
TOC:  Barclays Official California Code of Regulations  > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT
PRACTICES REGULATIONS  > **§ 2695.7. Standards for Prompt, Fair and Equitable Settlements**
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.7**

*10 CCR 2695.7*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 *

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.7 (2007)

§ 2695.7.  Standards for Prompt, Fair and Equitable Settlements

(a) No insurer shall discriminate in its claims settlement practices based upon the claimant's age, race, gender, income, religion, language, sexual orientation, ancestry, national origin, or physical disability, or upon the territory of the property or person insured.

(b) Upon receiving proof of claim, every insurer, except as specified in subsection 2695.7(b) (4) below, shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part. The amounts accepted or denied shall be clearly documented in the claim file unless the claim has been denied in its entirety.

(1) Where an insurer denies or rejects a first party claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge. Where an insurer's denial of a first party claim, in whole or in part, is based on a specific statute, applicable law or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, applicable law or provision, condition or exclusion to the claim. Every insurer that denies or rejects a third party claim, in whole or in part, or disputes liability or damages shall do so in writing.

(2) Subject to the provisions of subsection 2695.7(k), nothing contained in subsection 2695.7(b)(1) shall require an insurer to disclose any information that could reasonably be expected to alert a claimant to the fact that the subject claim is being investigated as a suspected fraudulent claim.

(3) Written notification pursuant to this subsection shall include a statement that, if the claimant believes all or part of the claim has been wrongfully denied or rejected, he or she may have the matter reviewed by the California Department of Insurance, and shall include the address and telephone number of the unit of the Department which reviews claims practices.

(4) The time frame in subsection 2695.7(b) shall not apply to claims arising from policies of disability insurance subject to Section 10123.13 of the California Insurance Code, disability income insurance subject to Section 10111.2 of the California Insurance Code or mortgage

guaranty insurance subject to Section 12640.09(a) of the California Insurance Code, and shall not apply to automobile repair bills arising from policies of automobile collision and comprehensive insurance subject to Section 560 of the California Insurance Code. All other provisions of subsections 2695.7(b)(1), (2), and (3) are applicable.

(c)(1) If more time is required than is allotted in subsection 2695.7(b) to determine whether a claim should be accepted and/or denied in whole or in part, every insurer shall provide the claimant, within the time frame specified in subsection 2695.7(b), with written notice of the need for additional time. This written notice shall specify any additional information the insurer requires in order to make a determination and state any continuing reasons for the insurer's inability to make a determination. Thereafter, the written notice shall be provided every thirty (30) calendar days until a determination is made or notice of legal action is served. If the determination cannot be made until some future event occurs, then the insurer shall comply with this continuing notice requirement by advising the claimant of the situation and providing an estimate as to when the determination can be made.

(2) Subject to the provisions of subsection 2695.7(k), nothing contained in subsection 2695.7(c)(1) shall require an insurer to disclose any information that could reasonably be expected to alert a claimant to the fact that the claim is being investigated as a possible suspected fraudulent claim.

(d) Every insurer shall conduct and diligently pursue a thorough, fair and objective investigation and shall not persist in seeking information not reasonably required for or material to the resolution of a claim dispute.

(e) No insurer shall delay or deny settlement of a first party claim on the basis that responsibility for payment should be assumed by others, except as may otherwise be provided by policy provisions, statutes or regulations, including those pertaining to coordination of benefits.

(f) Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim. Such notice shall be given to the claimant not less than sixty (60) days prior to the expiration date; except, if notice of claim is first received by the insurer within that sixty days, then notice of the expiration date must be given to the claimant immediately. With respect to a first party claimant in a matter involving an uninsured motorist, this notice shall be given at least thirty (30) days prior to the expiration date; except, if notice of claim is first received by the insurer within that thirty days, then notice of the expiration date must be given to the claimant immediately. This subsection shall not apply to a claimant represented by counsel on the claim matter.

(g) No insurer shall attempt to settle a claim by making a settlement offer that is unreasonably low. The Commissioner shall consider any admissible evidence offered regarding the following factors in determining whether or not a settlement offer is unreasonably low:

(1) the extent to which the insurer considered evidence submitted by the claimant to support the value of the claim;

(2) the extent to which the insurer considered legal authority or evidence made known to it or reasonably available;

(3) the extent to which the insurer considered the advice of its claims adjuster as to the amount of damages;

(4) the extent to which the insurer considered the advice of its counsel that there was a

substantial likelihood of recovery in excess of policy limits;

(5) the procedures used by the insurer in determining the dollar amount of property damage;

(6) the extent to which the insurer considered the probable liability of the insured and the likely jury verdict or other final determination of the matter;

(7) any other credible evidence presented to the Commissioner that demonstrates that (i) any amount offered by the insurer in settlement of a first-party claim to an insured not represented by counsel, or (ii) the final amount offered in settlement of a first-party claim to an insured who is represented by counsel or (iii) the final amount offered in settlement of a third party claim by the insurer is below the amount that a reasonable person with knowledge of the facts and circumstances would have offered in settlement of the claim.

(h) Upon acceptance of the claim in whole or in part and, when necessary, upon receipt of a properly executed release, every insurer, except as specified in subsection 2695.7(h)(1) and (2) below, shall immediately, but in no event more than thirty (30) calendar days later, tender payment or otherwise take action to perform its claim obligation. The amount of the claim to be tendered is the amount that has been accepted by the insurer as specified in subsection 2695.7(b). In claims where multiple coverage is involved, and where the payee is known, amounts that have been accepted by the insurer shall be paid immediately, but in no event more than thirty (30) calendar days, if payment would terminate the insurer's known liability under that individual coverage, unless impairment of the insured's interests would result. The time frames specified in this subsection shall not apply where the policy provides for a waiting period after acceptance of claim and before payment of benefits.

(1) The time frame specified in subsection 2695.7(h) shall not apply to claims arising from policies of disability insurance subject to Section 10123.13 of the California Insurance Code, disability income insurance subject to Section 10111.2 of the California Insurance Code, or of mortgage guaranty insurance subject to Section 12640.09(a) of the California Insurance Code, and shall not apply to automobile repair bills subject to Section 560 of the California Insurance Code. All other provisions of Section 2695.7(h) are applicable.

(2) Any insurer issuing a title insurance policy shall either tender payment pursuant to subsection 2695.7(h) or take action to resolve the problem which gave rise to the claim immediately upon, but in no event more than thirty (30) calendar days after, acceptance of the claim.

(i) No insurer shall inform a claimant that his or her rights may be impaired if a form or release is not completed within a specified time period unless the information is given for the purpose of notifying the claimant of any applicable statute of limitations or policy provision or the time limitation within which claims are required to be brought against state or local entities.

(j) No insurer shall request or require an insured to submit to a polygraph examination unless authorized under the applicable insurance contract and state law.

(k) Subject to the provisions of subsection 2695.7(c), where there is a reasonable basis, supported by specific information available for review by the California Department of Insurance, for the belief that the claimant has submitted or caused to be submitted to an insurer a suspected false or fraudulent claim as specified in California Penal Code Section 550 or California Insurance Code Section 1871.4(a), the number of calendar days specified in subsection 2695.7(b) shall be:

(1) increased to eighty (80) calendar days; or,

(2) suspended until otherwise ordered by the Commissioner, provided the insurer has complied with California Insurance Code Section 1872.4 and the insurer can demonstrate to the Commissioner that it has made a diligent attempt to determine whether the subject claim is false or fraudulent within the eighty day period specified by subsection 2695.7(k)(1).

(l) No insurer shall deny a claim based upon information obtained in a telephone conversation or personal interview with any source unless the telephone conversation or personal interview is documented in the claim file pursuant to the provisions of Section 2695.3.

(m) No insurer shall make a payment to a provider, pursuant to a policy provision to pay medical benefits, and thereafter seek recovery or set-off from the insured on the basis that the amount was excessive and/or the services were unnecessary, except in the event of a proven false or fraudulent claim, subject to the provisions of Section 10123.145 of the California Insurance Code.

(n) Every insurer requesting a medical examination for the purpose of determining liability under a policy provision shall do so only when the insurer has a good faith belief that such an examination is reasonably necessary.

(o) No insurer shall require that a claimant withdraw, rescind or refrain from submitting any complaint to the California Department of Insurance regarding the handling of a claim or any other matter complained of as a condition precedent to the settlement of any claim.

(p) Every insurer shall provide written notification to a first party claimant as to whether the insurer intends to pursue subrogation of the claim. Where an insurer elects not to pursue subrogation, or discontinues pursuit of subrogation, it shall include in its notification a statement that any recovery to be pursued is the responsibility of the first party claimant. This subsection does not require notification if the deductible is waived, the coverage under which the claim is paid requires no deductible to be paid, the loss sustained does not exceed the applicable deductible, or there is no legal basis for subrogation.

(q) Every insurer that makes a subrogation demand shall include in every demand the first party claimant's deductible. Every insurer shall share subrogation recoveries on a proportionate basis with the first party claimant, unless the first party claimant has otherwise recovered the whole deductible amount. No insurer shall deduct legal or other expenses from the recovery of the deductible unless the insurer has retained an outside attorney or collection agency to collect that recovery. The deduction may only be for a pro rata share of the allocated loss adjustment expense. This subsection shall not apply when multiple policies have been issued to the insured(s) covering the same loss and the language of these contracts prescribe alternative subrogation rights. Further, this subsection shall not apply to disability and health insurance as defined in California Insurance Code Section 106.

AUTHORITY:

Note: Authority cited: Sections 553, 554, 790.03(h)(5), 790.03(h)(12), 790.10, 1861.03(a), 10350.10, 10111.2, 11580.2(k), 12340-12417, inclusive, 12921 and 12926, Insurance Code; Sections 11152 and 11342.2, Government Code; Egan v. Mutual of Omaha Insurance Company (1979) 24 Cal.3d 809 [169 Cal.Rptr. 691]; KPFF, Inc. v. California Union Insurance Company (1997) 56 Cal.App.4th 963 [66 Cal.Rptr.2d 36] (certified for partial publication); and Betts v. Allstate Ins. Co. (1984) 154 Cal.App.3d 688 [201 Cal.Rptr. 528]. Reference: Section 790.03(h)(2), (3), (4), (5), (13) and (15) and 1872.4, Insurance Code; Section 6149.5, Business and Professions; Code; and Section 550, Penal Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Amendment of section heading, section and Note filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment of section and Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

4. Editorial correction of subsection (b) inserting phrase inadvertently omitted from text approved 4-24-2003; filed 7-8-2003; operative 7-23-2003 (Register 2003, No. 28).

5. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi, and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

6. Amendment of subsections (b)(1) and (g)(7) and amendment of Note filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

Service: **Get by LEXSTAT® - Book Browse**
TOC: <u>Barclays Official California Code of Regulations</u> > <u>/ . . . /</u> > <u>ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS</u> > **§ 2695.7. Standards for Prompt, Fair and Equitable Settlements**
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.7**
View: Full
Date/Time: Monday, July 9, 2007 - 1:19 PM EDT

 LexisNexis®

<u>About LexisNexis</u> | <u>Terms & Conditions</u>
<u>Copyright ©</u> 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service:  **Get by LEXSTAT® - Book Browse**
   TOC:  Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT
         PRACTICES REGULATIONS  > § 2695.8. Additional Standards Applicable to Automobile Insurance
Citation:  **10 CCR §2695.1**
Section:  **10 CCR 2695.8**

*10 CCR 2695.8*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.8 (2007)

§ 2695.8.  Additional Standards Applicable to Automobile Insurance

(a) This section enumerates standards which apply to adjustment and settlement of
automobile insurance claims.

(1) the words "automobile" and "vehicle" are used synonymously.

(b) In evaluating automobile total loss claims the following standards shall apply:

(1) The insurer may elect a cash settlement that shall be based upon the actual cost of a
"comparable automobile" less any deductible provided in the policy. This cash settlement
amount shall include all applicable taxes and one-time fees incident to transfer of evidence of
ownership of a comparable automobile. This amount shall also include the license fee and
other annual fees to be computed based upon the remaining term of the loss vehicle's
current registration. This procedure shall apply whether or not a replacement automobile is
purchased.

(A) If the insured chooses to retain the loss vehicle or if the third party claimant retains the
loss vehicle, the cash settlement amount shall include the sales tax associated with the cost
of a comparable automobile, discounted by the amount of sales tax attributed to the salvage
value of the loss vehicle. The cash settlement amount shall also include all fees incident to
transfer of the claimant's vehicle to salvage status. The salvage value may be deducted from
the settlement amount and shall be determined by the amount for which a salvage pool or a
licensed salvage dealer, wholesale motor vehicle auction or dismantler will purchase the
salvage. If requested by the claimant, the insurer shall provide the name, address and
telephone number of the salvage dealer, salvage pool, motor vehicle auction or dismantler
who will purchase the salvage. The insurer shall disclose in writing to the claimant that notice
of the salvage retention by the claimant must be provided to the Department of Motor
Vehicles and that this notice may affect the loss vehicle's future resale and/or insured value.
The disclosure must also inform the claimant of his or her right to seek a refund of the
unused license fees from the Department of Motor Vehicles.

(2) A "comparable automobile" is one of like kind and quality, made by the same
manufacturer, of the same or newer model year, of the same model type, of a similar body
type, with options and mileage similar to the insured vehicle. Newer model year automobiles

may not be used as comparable automobiles unless there are not sufficient comparable automobiles of the same model year to make a determination as set forth in Section 2695.8 (b)(4), below. In determining the cost of a comparable automobile, the insurer may use either the asking price or actual sale price of that automobile. Any differences between the comparable automobile and the insured vehicle shall be permitted only if the insurer fairly adjusts for such differences. Any adjustments from the cost of a comparable automobile must be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claim file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used. The actual cost of a comparable automobile shall not include any deduction for the condition of a loss vehicle unless the documented condition of the loss vehicle is below average for that particular year, make and model of vehicle. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. A comparable automobile must have been available for retail purchase by; the general public in the local market area within ninety (90) calendar days of the final settlement offer. The comparable automobiles used to calculate the cost shall be identified by the vehicle identification number (VIN), the stock or order number of the vehicle from a licensed dealer, or the license plate number of that comparable vehicle if this information is available. The identification shall also include the telephone number (including area code) or street address of the seller of the comparable automobile.

(3) Notwithstanding subsection (2), above, upon approval by the Department of Insurance, an insurer may use private sales data from the Department of Motor Vehicles, or other approved sources, which does not contain the seller's telephone number or street address. Approval by the Department of Insurance shall be contingent on the Department's determination that reasonable steps have been taken to limit the use of private sales data that may be inaccurately reported to the Department of Motor Vehicles, or other approved sources.

(4) The insurer shall take reasonable steps to verify that the determination of the cost of a comparable vehicle is accurate and representative of the market value of a comparable automobile in the local market area. Upon its request, the department shall have access to all records, data, computer programs, or any other information used by the insurer or any other source to determine market value. The cost of a comparable automobile shall be determined as follows and, once determined, shall be fully itemized and explained in writing for the claimant at the time the settlement offer is made:

(A) when comparable automobiles are available or were available in the local market area in the last 90 days, the average cost of two or more such comparable automobiles; or,

(B) when comparable automobiles are not available or were not available in the local market area in the last 90 days, the average of two or more quotations from two or more licensed dealers in the local market area; or,

(C) the cost of a comparable automobile as determined by a computerized automobile valuation service that produces statistically valid fair market values within the local market area; or

(D) if it is not possible to determine the cost of a comparable automobile by using one of the methods described in subsections (b)(3)(A), (b)(3)(B) and (b)(3)(C) of this section, the cost of a comparable automobile shall otherwise be supported by documentation and fully explained to the claimant. Any adjustments to the cost of a comparable automobile shall be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claims file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used

(5) In first party automobile total loss claims, the insurer may elect to offer a replacement

automobile which is a specified comparable automobile available to the insured with all applicable taxes, license fees and other fees incident to transfer of evidence of ownership of the automobile paid by the insurer at no cost other than any deductible provided in the policy. The offer and any rejection thereof must be documented in the insurer's claim file. A replacement automobile must be in as good or better overall condition than the insured vehicle and available for inspection within a reasonable distance of the insured's residence.

(6) Subsection 2695.8(b) applies to the evaluation of third party automobile total loss claims, but does not change existing law with respect to the obligations of an insurer in settling such claims with a third party.

(c) In first party automobile total loss claims, every insurer shall provide notice to the insured at the time the settlement payment is sent or final settlement offer is made that if notified by the insured within thirty-five (35) calendar days after the insured receives the claim payment or final settlement offer that he or she cannot purchase a comparable automobile for the gross settlement amount, the insurer will reopen its claim file. If subsequently notified by the insured the insurer shall reopen its claim file and utilize the following procedures:

(1) The insurer shall locate a comparable automobile for the gross settlement amount determined by the company at the time of settlement and shall provide the insured with the information required in (c)(4), below, or offer a replacement vehicle in accordance with section 2695.8(b)(4). Any such vehicle must be available in the local market area; or,

(2) The insurer shall either pay the insured the difference between the amount of the gross settlement and the cost of the comparable automobile which the insured has located, or negotiate and purchase this vehicle for the insured; or,

(3) The insurer shall invoke the appraisal provision of the insurance policy.

(4) No insurer is required to take action under this subsection if its documentation to the insured at the time of final settlement offer included written notification of the identity of a specified comparable automobile which was available for purchase at the time of final settlement offer for the gross settlement amount determined by the insurer. The documentation shall include the telephone number (including area code) or street address of the seller of the comparable automobile and:

(A) the vehicle identification number (VIN) or,

(B) the stock or order number of the vehicle from a licensed dealer, or

(C) the license plate number of such comparable vehicle.

(d) No insurer shall, where liability and damages are reasonably clear, recommend that the third party claimant make a claim under his or her own policy to avoid paying the claim under the policy issued by that insurer.

(e) No insurer shall:

(1) require that an automobile be repaired at a specific repair shop; or,

(2) suggest or recommend that an automobile be repaired at a specific repair shop, unless all of the requirements set forth in California Insurance Code Section 758.5 have been met.

(3) require a claimant to travel an unreasonable distance either to inspect a replacement automobile, to conduct an inspection of the vehicle, to obtain a repair estimate or to have the automobile repaired at a specific repair shop.

(f) If partial losses are settled on the basis of a written estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of the estimate upon which the settlement is based. The estimate prepared by or for the insurer shall be of an amount which will allow for repairs to be made in a workmanlike manner. If the claimant subsequently contends, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:

(1) pay the difference between the written estimate and a higher estimate obtained by the claimant; or,

(2) if requested by the claimant, promptly provide the claimant with the name of at least one repair shop that will make the repairs for the amount of the insurer's written estimate. The insurer shall cause the damaged vehicle to be restored to its condition prior to the loss at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by law. The insurer shall maintain documentation of all such communications; or,

(3) reasonably adjust any written estimates prepared by the repair shop of the claimant's choice and provide a copy of the adjusted estimate to the claimant.

(g) No insurer shall require the use of non-original equipment manufacture replacement crash parts in the repair of an automobile unless:

(1) the parts are at least equal to the original equipment manufacturer parts in terms of kind, quality, safety, fit, and performance;

(2) insurers specifying the use of non-original equipment manufacturer replacement crash parts shall pay the cost of any modifications to the parts which may become necessary to effect the repair; and,

(3) insurers specifying the use of non-original equipment manufacture replacement crash parts warrant that such parts are of like kind, quality, safety, fit, and performance as original equipment manufacturer replacement crash parts; and,

(4) all original and non-original manufacture replacement crash parts, manufactured after the effective date of this subchapter, when supplied by repair shops shall carry sufficient permanent, non-removable identification so as to identify the manufacturer. Such identification shall be accessible to the greatest extent possible after installation; and,

(5) the use of non-original equipment manufacturer replacement crash parts is disclosed in accordance with section 9875 of the California Business and Professions Code.

(h) No insurer shall require an insured or claimant to supply parts for replacement.

(i) When the amount claimed is adjusted because of betterment or depreciation, all justification shall be contained in the claim file. Any adjustments shall be discernable, measurable, itemized, and specified as to dollar amount, and shall accurately reflect the value of the betterment or depreciation. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. The basis for any adjustment shall be fully explained to the claimant in writing and shall:

(1) reflect a measurable difference in market value attributable to the condition and age of the vehicle, and

(2) apply only to parts normally subject to repair and replacement during the useful life of the vehicle such as, but not limited to, tires, batteries, et cetera.

(j) In a first party partial loss claim, the expense of labor necessary to repair or replace the damage is not subject to depreciation or betterment unless the insurance contract contains a clear and unambiguous provision permitting the depreciation of the expense of labor.

(k) After a covered loss under a policy of automobile collision coverage or automobile physical damage coverage as defined in California Insurance Code Section 660, where towing and storage are reasonably necessary to protect the vehicle from further loss, the insurer shall pay reasonable towing and storage charges incurred by the claimant. The insurer shall provide reasonable notice to the claimant before terminating payment for storage charges, so that the claimant has time to remove the vehicle from storage. This subsection shall also apply to a third party claim filed under automobile liability coverage as defined in California Insurance Code section 660, however, payment to a third party claimant may be prorated based upon the comparative fault of the parties.

AUTHORITY:

Note: Authority cited: Sections 790.10, 12921 and 12926, Insurance Code; Section 3333, Civil Code; and Sections 11152 and 11342.2, Government Code. Reference: Sections 758.5, 790.03(c) and 790.03(h)(3), Insurance Code; and Section 9875, Business and Professions Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Editorial correction of subsection (i) (Register 95, No. 42).

3. Amendment of section heading and section filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

4. Amendment of section and Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

5. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi, and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

6. Change without regulatory effect amending subsection (b) filed 9-15-2004 pursuant to section 100, title 1, California Code of Regulations (Register 2004, No. 38).

7. Amendment of section and Note filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

8. Change without regulatory effect amending subsection (b)(2) filed 3-23-2007 pursuant to section 100, title 1, California Code of Regulations (Register 2007, No. 12).

Service:  Get by LEXSTAT® - Book Browse
TOC:    Barclays Official California Code of Regulations  > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT
        PRACTICES REGULATIONS  > § 2695.8. Additional Standards Applicable to Automobile Insurance
Citation: 10 CCR §2695.1

https://www.lexis.com/research/retrieve?_m=09c579c759f80057cc1b5daf0a693f42&displac...    7/9/2007

Section: **10 CCR 2695.8**
View: Full
Date/Time: Monday, July 9, 2007 - 1:19 PM EDT

 LexisNexis®    About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service:   **Get by LEXSTAT® - Book Browse**
TOC:    Barclays Official California Code of Regulations  > / . . . /  > ARTICLE 1. FAIR CLAIMS SETTLEMENT
         PRACTICES REGULATIONS  > § 2695.12. Penalties
Citation:  **10 CCR §2695.1**
Section:   **10 CCR 2695.12**

*10 CCR 2695.12*


BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright (c) 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 24, JUNE 15, 2007 \*

TITLE 10.  INVESTMENT
CHAPTER 5.  INSURANCE COMMISSIONER
SUBCHAPTER 7.5.  UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF
INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.12 (2007)

§ 2695.12.  Penalties

   (a) In determining whether to assess penalties and if so the appropriate amount to be
assessed, the Commissioner shall consider admissible evidence on the following:

(1) the existence of extraordinary circumstances;

(2) whether the licensee has a good faith and reasonable basis to believe that the claim or
claims are fraudulent or otherwise in violation of applicable law and the licensee has complied
with the provisions of Section 1872.4 of the California Insurance Code;

(3) the complexity of the claims involved;

(4) gross exaggeration of the value of the property or severity of the injury, or amount of
damages incurred;

(5) substantial mischaracterization of the circumstances surrounding the loss or the alleged
default of the principal;

(6) secreting of property which has been claimed as lost or destroyed.

(7) the relative number of claims where the noncomplying act(s) are found to exist, the total
number of claims handled by the licensee and the total number of claims reviewed by the
Department during the relevant time period;

(8) whether the licensee has taken remedial measures with respect to the noncomplying act
(s);

(9) the existence or nonexistence of previous violations by the licensee;

(10) the degree of harm occasioned by the noncompliance;

(11) whether, under the totality of circumstances, the licensee made a good faith attempt to
comply with the provisions of this subchapter;

(12) the frequency of occurrence and/or severity of the detriment to the public caused by the violation of a particular subsection of this subchapter;

(13) whether the licensee's management was aware of facts that apprised or should have apprised the licensee of the act(s) and the licensee failed to take any remedial measures; and

(14) the licensee's reasonable mistakes or opinions as to valuation of property, losses or damages.

(b) This section shall not bar, obstruct or restrict any right to administrative due process an insurer may be afforded under California Insurance Code Sections 790.05, 790.06, and 790.07.

AUTHORITY:

Note: Authority cited: Sections 704, 780-784, 790.035, 790.07, 790.08, 790.09, 790.10, 1011, 1065, 1872.4, 11690, 12340-12417, inclusive, 12921, 12926 and 12928.6, Insurance Code; and Sections 11152 and 11342.2, Government Code. Reference: Sections 790.03(h), 790.035(a), 790.04, 790.05, 790.06, 790.08 and 790.10, Insurance Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Renumbering and amendment of former section 2695.12 to new section 2695.11, and renumbering and amendment of former section 2695.14 to new section 2695.12, including amendment of section heading and Note, filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

3. Amendment of section heading and section filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

4. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi, and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

5. Amendment of subsections (a) and (a)(7) and new subsection (b) filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

Service: **Get by LEXSTAT® - Book Browse**
TOC: Barclays Official California Code of Regulations > / . . . / > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS > § 2695.12. Penalties
Citation: **10 CCR §2695.1**
Section: **10 CCR 2695.12**
View: Full
Date/Time: Monday, July 9, 2007 - 1:20 PM EDT

LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights

reserved.