**EXHIBIT H**

428710.1

Service: **Get by LEXSTAT®**
TOC: Barclays Official California Code of Regulations > /.../ > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS > § 2695.8. Additional Standards Applicable to Automobile Insurance
Citation: **10 CCR 2695.8**

*10 CCR 2695.8*

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
Copyright © 2007 by Barclays Law Publishers
All rights reserved

\* THIS DOCUMENT IS CURRENT THROUGH REGISTER 2007, NO. 32, AUGUST 10, 2007 \*

TITLE 10. INVESTMENT
CHAPTER 5. INSURANCE COMMISSIONER
SUBCHAPTER 7.5. UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF INSURANCE
ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS

10 CCR 2695.8 (2007)

§ 2695.8. Additional Standards Applicable to Automobile Insurance

(a) This section enumerates standards which apply to adjustment and settlement of automobile insurance claims.

(1) the words "automobile" and "vehicle" are used synonymously.

(b) In evaluating automobile total loss claims the following standards shall apply:

(1) The insurer may elect a cash settlement that shall be based upon the actual cost of a "comparable automobile" less any deductible provided in the policy. This cash settlement amount shall include all applicable taxes and one-time fees incident to transfer of evidence of ownership of a comparable automobile. This amount shall also include the license fee and other annual fees to be computed based upon the remaining term of the loss vehicle's current registration. This procedure shall apply whether or not a replacement automobile is purchased.

(A) If the insured chooses to retain the loss vehicle or if the third party claimant retains the loss vehicle, the cash settlement amount shall include the sales tax associated with the cost of a comparable automobile, discounted by the amount of sales tax attributed to the salvage value of the loss vehicle. The cash settlement amount shall also include all fees incident to transfer of the claimant's vehicle to salvage status. The salvage value may be deducted from the settlement amount and shall be determined by the amount for which a salvage pool or a licensed salvage dealer, wholesale motor vehicle auction or dismantler will purchase the salvage. If requested by the claimant, the insurer shall provide the name, address and telephone number of the salvage dealer, salvage pool, motor vehicle auction or dismantler who will purchase the salvage. The insurer shall disclose in writing to the claimant that notice of the salvage retention by the claimant must be provided to the Department of Motor Vehicles and that this notice may affect the loss vehicle's future resale and/or insured value. The disclosure must also inform the claimant of his or her right to seek a refund of the unused license fees from the Department of Motor Vehicles.

(2) A "comparable automobile" is one of like kind and quality, made by the same manufacturer, of the same or newer model year, of the same model type, of a similar body type, with options and mileage similar to the insured vehicle. Newer model year automobiles may not be used as comparable automobiles unless there are not sufficient comparable

automobiles of the same model year to make a determination as set forth in Section 2695.8 (b)(4), below. In determining the cost of a comparable automobile, the insurer may use either the asking price or actual sale price of that automobile. Any differences between the comparable automobile and the insured vehicle shall be permitted only if the insurer fairly adjusts for such differences. Any adjustments from the cost of a comparable automobile must be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claim file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used. The actual cost of a comparable automobile shall not include any deduction for the condition of a loss vehicle unless the documented condition of the loss vehicle is below average for that particular year, make and model of vehicle. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. A comparable automobile must have been available for retail purchase by; the general public in the local market area within ninety (90) calendar days of the final settlement offer. The comparable automobiles used to calculate the cost shall be identified by the vehicle identification number (VIN), the stock or order number of the vehicle from a licensed dealer, or the license plate number of that comparable vehicle if this information is available. The identification shall also include the telephone number (including area code) or street address of the seller of the comparable automobile.

(3) Notwithstanding subsection (2), above, upon approval by the Department of Insurance, an insurer may use private sales data from the Department of Motor Vehicles, or other approved sources, which does not contain the seller's telephone number or street address. Approval by the Department of Insurance shall be contingent on the Department's determination that reasonable steps have been taken to limit the use of private sales data that may be inaccurately reported to the Department of Motor Vehicles, or other approved sources.

(4) The insurer shall take reasonable steps to verify that the determination of the cost of a comparable vehicle is accurate and representative of the market value of a comparable automobile in the local market area. Upon its request, the department shall have access to all records, data, computer programs, or any other information used by the insurer or any other source to determine market value. The cost of a comparable automobile shall be determined as follows and, once determined, shall be fully itemized and explained in writing for the claimant at the time the settlement offer is made:

(A) when comparable automobiles are available or were available in the local market area in the last 90 days, the average cost of two or more such comparable automobiles; or,

(B) when comparable automobiles are not available or were not available in the local market area in the last 90 days, the average of two or more quotations from two or more licensed dealers in the local market area; or,

(C) the cost of a comparable automobile as determined by a computerized automobile valuation service that produces statistically valid fair market values within the local market area; or

(D) if it is not possible to determine the cost of a comparable automobile by using one of the methods described in subsections (b)(3)(A), (b)(3)(B) and (b)(3)(C) of this section, the cost of a comparable automobile shall otherwise be supported by documentation and fully explained to the claimant. Any adjustments to the cost of a comparable automobile shall be discernible, measurable, itemized, and specified as well as appropriate in dollar amount and so documented in the claims file. Deductions taken from the cost of a comparable automobile that cannot be supported shall not be used

(5) In first party automobile total loss claims, the insurer may elect to offer a replacement automobile which is a specified comparable automobile available to the insured with all

applicable taxes, license fees and other fees incident to transfer of evidence of ownership of the automobile paid by the insurer at no cost other than any deductible provided in the policy. The offer and any rejection thereof must be documented in the insurer's claim file. A replacement automobile must be in as good or better overall condition than the insured vehicle and available for inspection within a reasonable distance of the insured's residence.

(6) Subsection 2695.8(b) applies to the evaluation of third party automobile total loss claims, but does not change existing law with respect to the obligations of an insurer in settling such claims with a third party.

(c) In first party automobile total loss claims, every insurer shall provide notice to the insured at the time the settlement payment is sent or final settlement offer is made that if notified by the insured within thirty-five (35) calendar days after the insured receives the claim payment or final settlement offer that he or she cannot purchase a comparable automobile for the gross settlement amount, the insurer will reopen its claim file. If subsequently notified by the insured the insurer shall reopen its claim file and utilize the following procedures:

(1) The insurer shall locate a comparable automobile for the gross settlement amount determined by the company at the time of settlement and shall provide the insured with the information required in (c)(4), below, or offer a replacement vehicle in accordance with section 2695.8(b)(4). Any such vehicle must be available in the local market area; or,

(2) The insurer shall either pay the insured the difference between the amount of the gross settlement and the cost of the comparable automobile which the insured has located, or negotiate and purchase this vehicle for the insured; or,

(3) The insurer shall invoke the appraisal provision of the insurance policy.

(4) No insurer is required to take action under this subsection if its documentation to the insured at the time of final settlement offer included written notification of the identity of a specified comparable automobile which was available for purchase at the time of final settlement offer for the gross settlement amount determined by the insurer. The documentation shall include the telephone number (including area code) or street address of the seller of the comparable automobile and:

(A) the vehicle identification number (VIN) or,

(B) the stock or order number of the vehicle from a licensed dealer, or

(C) the license plate number of such comparable vehicle.

(d) No insurer shall, where liability and damages are reasonably clear, recommend that the third party claimant make a claim under his or her own policy to avoid paying the claim under the policy issued by that insurer.

(e) No insurer shall:

(1) require that an automobile be repaired at a specific repair shop; or,

(2) suggest or recommend that an automobile be repaired at a specific repair shop, unless all of the requirements set forth in California Insurance Code Section 758.5 have been met.

(3) require a claimant to travel an unreasonable distance either to inspect a replacement automobile, to conduct an inspection of the vehicle, to obtain a repair estimate or to have the automobile repaired at a specific repair shop.

(f) If partial losses are settled on the basis of a written estimate prepared by or for the insurer, the insurer shall supply the claimant with a copy of the estimate upon which the settlement is based. The estimate prepared by or for the insurer shall be of an amount which will allow for repairs to be made in a workmanlike manner. If the claimant subsequently contends, based upon a written estimate which he or she obtains, that necessary repairs will exceed the written estimate prepared by or for the insurer, the insurer shall:

(1) pay the difference between the written estimate and a higher estimate obtained by the claimant; or,

(2) if requested by the claimant, promptly provide the claimant with the name of at least one repair shop that will make the repairs for the amount of the insurer's written estimate. The insurer shall cause the damaged vehicle to be restored to its condition prior to the loss at no additional cost to the claimant other than as stated in the policy or as otherwise allowed by law. The insurer shall maintain documentation of all such communications; or,

(3) reasonably adjust any written estimates prepared by the repair shop of the claimant's choice and provide a copy of the adjusted estimate to the claimant.

(g) No insurer shall require the use of non-original equipment manufacture replacement crash parts in the repair of an automobile unless:

(1) the parts are at least equal to the original equipment manufacturer parts in terms of kind, quality, safety, fit, and performance;

(2) insurers specifying the use of non-original equipment manufacturer replacement crash parts shall pay the cost of any modifications to the parts which may become necessary to effect the repair; and,

(3) insurers specifying the use of non-original equipment manufacture replacement crash parts warrant that such parts are of like kind, quality, safety, fit, and performance as original equipment manufacturer replacement crash parts; and,

(4) all original and non-original manufacture replacement crash parts, manufactured after the effective date of this subchapter, when supplied by repair shops shall carry sufficient permanent, non-removable identification so as to identify the manufacturer. Such identification shall be accessible to the greatest extent possible after installation; and,

(5) the use of non-original equipment manufacturer replacement crash parts is disclosed in accordance with section 9875 of the California Business and Professions Code.

(h) No insurer shall require an insured or claimant to supply parts for replacement.

(i) When the amount claimed is adjusted because of betterment or depreciation, all justification shall be contained in the claim file. Any adjustments shall be discernable, measurable, itemized, and specified as to dollar amount, and shall accurately reflect the value of the betterment or depreciation. This subsection shall not preclude deduction for prior and/or unrelated damage to the loss vehicle. The basis for any adjustment shall be fully explained to the claimant in writing and shall:

(1) reflect a measurable difference in market value attributable to the condition and age of the vehicle, and

(2) apply only to parts normally subject to repair and replacement during the useful life of the vehicle such as, but not limited to, tires, batteries, et cetera.

(j) In a first party partial loss claim, the expense of labor necessary to repair or replace the damage is not subject to depreciation or betterment unless the insurance contract contains a clear and unambiguous provision permitting the depreciation of the expense of labor.

(k) After a covered loss under a policy of automobile collision coverage or automobile physical damage coverage as defined in California Insurance Code Section 660, where towing and storage are reasonably necessary to protect the vehicle from further loss, the insurer shall pay reasonable towing and storage charges incurred by the claimant. The insurer shall provide reasonable notice to the claimant before terminating payment for storage charges, so that the claimant has time to remove the vehicle from storage. This subsection shall also apply to a third party claim filed under automobile liability coverage as defined in California Insurance Code section 660, however, payment to a third party claimant may be prorated based upon the comparative fault of the parties.

AUTHORITY:

Note: Authority cited: Sections 790.10, 12921 and 12926, Insurance Code; Section 3333, Civil Code; and Sections 11152 and 11342.2, Government Code. Reference: Sections 758.5, 790.03(c) and 790.03(h)(3), Insurance Code; and Section 9875, Business and Professions Code.

HISTORY:

1. New section filed 12-15-92; operative 1-14-93 (Register 92, No. 52).

2. Editorial correction of subsection (i) (Register 95, No. 42).

3. Amendment of section heading and section filed 1-10-97; operative 5-10-97 (Register 97, No. 2).

4. Amendment of section and Note filed 4-24-2003; operative 7-23-2003 (Register 2003, No. 17).

5. Change without regulatory effect filed 8-4-2004 depublishing the amendments to the insurance claims handling practices regulations that were approved by OAL 4-24-2003, but were enjoined in Personal Insurance Federation and The Surety Association of America v. John Garamendi, and reinstating replacement regulations that were either (1) in effect prior to OAL's 4-24-2003 approval of the amendments to the regulations or (2) were found by the court to be valid, as amended, all pursuant to a court-approved settlement agreement dated 6-7-2004 (Register 2004, No. 32).

6. Change without regulatory effect amending subsection (b) filed 9-15-2004 pursuant to section 100, title 1, California Code of Regulations (Register 2004, No. 38).

7. Amendment of section and Note filed 6-1-2006; operative 8-30-2006 (Register 2006, No. 22).

8. Change without regulatory effect amending subsection (b)(2) filed 3-23-2007 pursuant to section 100, title 1, California Code of Regulations (Register 2007, No. 12).

Service: Get by LEXSTAT®
TOC: Barclays Official California Code of Regulations > /.../ > ARTICLE 1. FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS > § 2695.8. Additional Standards Applicable to Automobile Insurance
Citation: 10 CCR 2695.8
View: Full