JOHN N. QUISENBERRY, ESQ. (SBN 94751)
jquisenberry@quislaw.com
ROBERT J. DREXLER, JR., ESQ. (SBN 119119)
rdrexler@quislaw.com
HEATHER M. McKEON, ESQ. (SBN 186414)
hmckeon@quislaw.com
DANIEL A. CRAWFORD, ESQ. (SBN 187807)
dcrawford@quislaw.com
**THE QUISENBERRY LAW FIRM**
2049 Century Park East, Suite 2200
Los Angeles, California 90067
Telephone: (310) 785-7966
Fax: (310) 785-0254

Attorneys for Plaintiff
DENISE B. JOAQUIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE B. JOAQUIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURNCE COMPANY, a Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 07-03259 MMC<br><br>(Case assigned to Hon. Maxine M. Chesney Courtroom 7)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Plaintiff's Request for Judicial Notice and Declaration of Daniel A. Crawford filed concurrently herewith]<br><br>Filed:   June 21, 2007<br><br>Date:   October 5, 2007<br>Time:   9:00 a.m.<br>Place:   Ctrm. 7<br><br>Trial Date:   None set |

## I. INTRODUCTION

This case, as pleaded in the First Amended Complaint, is about Defendant GEICO's partial denial of Plaintiff's claim for covered damage to her car. Defendant contends that there is a limitation of coverage and a co-payment requirement which applies to the policy even though it is not stated in the insurance contract, or in the applicable statutes or regulations. Plaintiff disputes that there is any such limitation or co-payment requirement. Instead, Defendant's obligation under the policy is simply to pay for covered damages, and Plaintiff sufficiently stated a cause of action for breach of duty under the policy. Also, to the extent that Defendant's obligations to pay Plaintiff's claim may be limited by applicable regulations, Plaintiff alleges that Defendant has not met the requirements to trigger any limitation. For purposes of this Motion, that is already enough for Plaintiff to prevail and for the case to go forward.

The proposed actions under consideration by the California Department of Insurance ("DOI") do not affect Plaintiff's or the class' claims in this case. Defendant's conduct toward Plaintiff and the class must be judged by the laws and regulations in effect at the time of that conduct, which is a normal judicial function. Whatever the DOI or the legislature may do in the future is irrelevant to that judgment. Notably, Defendant does not even suggest that the proposed regulations would be retroactive.

Also, the recent Order which the DOI entered against Defendant (at Defendant's request) does not render Plaintiff's claim moot because, among other reasons, Defendant did not comply with that Order as regards Plaintiff and did not actually pay her claim. Additionally, the Order would only apply to a subset of the class members. Furthermore, Defendant could not render the class claims moot by simply paying off the class representative in this case.

## II. THE LEGAL FRAMEWORK OF PLAINTIFF'S CLAIMS

Defendant contends repeatedly that there is no requirement under its insurance contract for it to pay that labor rate charged by Plaintiff's chosen auto body repair shop. However, the legal framework behind Plaintiff's claims demonstrates why Defendant is wrong.

The starting point for an insurer's duty to pay for repairs to an insured's car is that every

insured has the right to choose the auto body shop to make the repairs. *Insurance Code* Section 785.5 provides, in relevant part:

    (a)    No insurer shall require that an automobile be repaired at a specific automotive repair dealer, as defined in Section 9880.1 of the Business and Professions Code.

    (b)(1)    No insurer shall suggest or recommend that an automobile be repaired at a specific automotive repair dealer unless either of the following applies:

        i.    A referral is expressly requested by the claimant.

        ii.    The claimant has been informed in writing of the right to select the automotive repair dealer.

Pursuant to 10 CCR Section 2695.85, every insurance contract for automobile liability or collision repair must include a standard "Auto Body Repair Consumer Bill of Rights." That document states, in part: "A consumer is entitled to: (1) select the auto body repair shop to repair auto body damage covered by the insurance company. An insurance company shall not require the repairs to be done at a specific auto body repair shop."

    Once the insured's chosen shop provides an estimate of the amount to repair the insured's car, which includes that shop's labor rate, the insurer must either pay the estimated amount, demonstrate that the amount is unreasonable and pay a reasonable amount, or direct the insured to a lower priced shop *if the insured so requests*. 10 CCR § 2695.8(f).

    In this case, Plaintiff alleges that when she chose her repair shop, Defendant refused to pay her shop's full repair estimate. Instead, Defendant disputed the labor rate included in that estimate, even though Defendant had no valid basis to demonstrate the labor rate was unreasonable. Thus, by partially denying Plaintiff's claim, Defendant required Plaintiff to make an unauthorized co-payment as a condition of choosing her own repair shop.

///

///

///

III. **ARGUMENT**

   A. **Plaintiff States a Sufficient Claim for Breach of Contract under Defendant's Insurance Policy.**

In the First Amended Complaint ("FAC"), Plaintiff alleges that she was insured by Defendant, that she incurred covered damage to her car, that she made a claim to Defendant to pay for the repair of that damage, that Defendant denied Plaintiff's claim in part, that Defendant had no basis under the policy to partially deny Plaintiff's claim, and that she paid for part of the repairs herself and was damaged thereby. FAC ¶¶ 9-20. She also alleges that she fulfilled all her obligations under the policy. FAC ¶ 44. Those allegations are sufficient to state a claim for breach of contract.

Plaintiff alleges the same set of facts on behalf of the Class Insureds. FAC ¶¶ 21-30.

Defendant, for its part, concedes that its insurance policy contracts with Plaintiff and the other Class Insureds require Defendant to repair or replace damaged property. However, Defendant contends that Plaintiff has not stated a breach of contract because the policy "does not provide that GEICO will pay whatever written repair estimate that is unilaterally set by Plaintiff's auto body repair shop." Motion 12:2-3.

In response, Plaintiff submits the policy does not allow Defendant simply to refuse to pay a claim for covered damage because it disagrees with a labor rate. In fact, Defendant's duties as set forth in the policy are straightforward – it must pay for covered damages. There is no provision in the policy which permits the insurer to pay only a portion of a covered claim. Defendant argues that a "co-pay" exists for repairs made at body shops that exceed the prevailing rate as determined by Defendant. But there is no such provision in the policy. If Defendant disagreed with the repair cost estimate from Plaintiff's chosen shop, under 10 CCR § 2695.8(f), Defendant was required to show that the estimate was unreasonable. Moreover, whatever defenses Defendant may intend to raise in this case–regarding which labor rates Defendant was or was not required to pay, or any others–do not appear in the First Amended Complaint, and are not relevant to this Motion to dismiss.

///

B. **Plaintiff's Claim for Unfair Business Practices Is Not Prohibited by Either *Insurance Code* § 790.03 or *Moradi-Shalal*.**

Regarding Plaintiff's claim that Defendant's practice is unfair and/or unlawful under *Business and Professions Code* § 17200 ("UCL"), Defendant raises the familiar argument that its alleged conduct is immune from private enforcement by *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287 (1988), and its progeny. This argument, often raised by insurers in other contexts, is wrong in this one.

*Moradi-Shalal* established that there is no private right of action specifically for a violation of *Insurance Code* § 790.03. Similarly, *Safeco Ins. Co. v. Superior Court*, 216 Cal. App. 3d 1491 (1990), established that there is no private right of action under the UCL for a violation of *Insurance Code* § 790.03. However, neither *Moradi-Shalal*, nor *Safeco*, nor any other authority, holds that the specific practices which are prohibited by *Insurance Code* § 790.03 cannot serve as the basis for private causes of action apart from that statute. In fact, the California Supreme Court confirmed in *Moradi-Shalal* that private actions were still viable for conduct which might also be enforceable under *Insurance Code* § 790.03, stating:

> Moreover, apart from administrative remedies, the courts retain jurisdiction to impose civil damages or other remedies against insurers in appropriate common law actions, based on such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach of contract or breach of the implied covenant of good faith and fair dealing.

46 Cal. 3d at 304-05. In practice, because *Insurance Code* § 790.03(h) is so inclusive, it necessarily codifies many grounds for asserting a breach of the covenant of good faith and fair dealing in insurance cases. Indeed, it is difficult to imagine a claim for bad faith which does not allege, at least in part, that the insurer did something which is also prohibited under *Insurance Code* § 790.03(h).

Moreover, in this case, the conduct by Defendant which is the basis of Plaintiff's claim for Unfair Business Practices goes beyond the practices covered by *Insurance Code* § 790.03. Specifically, Plaintiff alleges that Defendant has a practice of violating and/or acting unfairly under *Insurance Code* § 758(c) and 758.5, and various provisions of Chapter 10 of the *California Code of*

*Regulations.* FAC ¶ 61.

### C. The Court Should Not Abstain from Hearing this Case.

#### 1. The Department of Insurance Does Not have Exclusive Jurisdiction Over Insurance Disputes.

The fact that a court can abstain from some cases when the issues are the subject of administrative oversight has no bearing on this case, and neither does the fact that the insurance industry is highly regulated. The DOI does not have exclusive jurisdiction over insurance disputes, and courts retain jurisdiction to address disputes between an insurer and its insured such as Plaintiff alleges in this case. *See Moradi-Shalal*, 46 Cal. 3d at 304-05.

Defendant's cited authorities are not instructive to this case. In *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554 (1996), the plaintiff alleged that the defendants' refusal to offer new homeowners insurance policies after the Northridge earthquake violated the UCL, and sought to compel the defendant to offer such policies. The court in that case declined to rule on the UCL claim based on equitable abstention, and stated: "The availability of homeowners and earthquake insurance, its ramifications for the residential real estate market, and the need to guarantee that the insurers who write those policies can back them up when disaster strikes again, are peculiarly matters within the legislative domain." *Id.* at 568. Thus, the court in that case abstained because the decision it was asked to make–whether or not an insurer was required to offer a particular type of coverage to California homeowners–was a decision reserved for the legislature.

Defendant also relies on *Crusader Insurance Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121 (1997). Notably, there is no indication in the published portion of that opinion that the case involved a UCL claim or that the court considered whether it should equitably abstain, which it did not. The issue was whether *Insurance Code* § 1763 created a private right of action.[1] That court concluded that no private right of action existed because the legislature did not intend to create one. The court noted that the plaintiff was seeking to have the court create a new regulation for insurers "through the medium of damage awards, injunctions, and 'restitution' orders." *Id.* at 138. Thus, as

---

[1] *Insurance Code* § 1763 requires a surplus line insurance broker to seek to place business with California admitted insurers before placing it with non-admitted insurers.

in *Wolfe*, the court in *Crusader* abstained because the very decision it would have been required to make was one for the legislature or an administrative agency, and not for a court to make.

For this case, there is no question that Plaintiff can bring a private right of action to enforce her claims for breach of contract, insurance bad faith, and unfair business practices. *See Moradi-Shalal*, 46 Cal. 4th at 304-05. Also, unlike the plaintiffs in the cases cited by Defendant, Plaintiff in this case does not ask the Court to modify, interfere with, or add to any regulatory or administrative scheme, but only to judge the facts of this case in light of the existing scheme for settling insurance claims for auto body repairs. That is a normal judicial function, and there is no basis for this Court to abstain from performing it in this case.

### 2. The Proposed Actions by the Department of Insurance Would Not Resolve Plaintiff's Claims in this Case.

Defendant contends that this Court must abstain from hearing this case because the DOI is investigating the issue of what labor rates insurers such as Defendant will be required to pay on their insureds' claims. Motion 7:11-13.

Plaintiff disagrees that the DOI's current activity affects this case in any way. First, there is no suggestion that any action by the DOI on the issue of labor rates would be applied retroactively. Thus, whatever the DOI may do in the future, it will not affect the legality of Defendant's conduct toward Plaintiff and the other Class Insureds in the past. Again, that issue requires the Court to judge Defendant's conduct in light of the applicable standards at the time, which is a normal judicial function.

Furthermore, there is no guaranty that the DOI's current efforts will yield any results or provide any new guidance on the issue of auto body labor rates. In fact, the DOI discontinued its previous round of activity on the same subject without coming to any conclusions. *See Plaintiff's Request for Judicial Notice*.

### 3. The Order Issued to Defendant by the Department of Insurance Did Not Moot Plaintiff's Claim.

The May 2, 2007 Order issued by the DOI to Defendant required Defendant to identify insureds, such as Plaintiff, who complained to Defendant or the DOI since January 1, 2004 that their

claims were partially denied by Defendant because Defendant refused to pay the labor rates of the insureds' chosen shops, and to pay the reimburse those insureds within 90 days for any amount they had to pay. *See Defendant's Request for Judicial Notice, Stipulation and Waiver.*

Defendant contends that Order rendered Plaintiff's claim moot. First, Plaintiff's class allegations in this case are brought on behalf of all of Defendant's insureds who paid or became indebted to pay additional amounts to their chosen body shop (because Defendant refused to pay the labor rate of that shop) at any time after June 2003. However, the Order only covers Defendant's insureds who made a complaint to Defendant or the DOI after January 1, 2004. Thus, any class members whose claim arose between June 2003 and January 2004 are excluded for the scope of the Order. Also, any class members who were force to pay their chosen body shop at any time, but who did not actually submit a formal complaint to either the DOI or Defendant, are excluded from the scope of the Order.[2] Therefore, because the Order only covers a subset of the class members, it could not render the class claims moot in this case.

Additionally, the Order could not have mooted Plaintiff's claim because, as Defendant's own evidence demonstrates, Defendant did not comply with the Order as it concerned Plaintiff. Defendant concedes that it contacted Plaintiff on July 15, 2007, and learned that she paid $97.56 to her chosen auto body repair shop as a result of Defendant's refusal to pay the shop's usual repair rate. However, rather than actually paying any amount to Plaintiff, Defendant instead demanded that Plaintiff submit documentation of the amount she paid. *See* Declaration of Dan Beacon (filed by Defendant).

Neither the DOI's May 2, 2007 Order, nor the Stipulation and Waiver which Defendant prepared, allows Defendant to require documentary proof from its insureds as a pre-condition of paying their claims. Thus, even if Defendant could have rendered Plaintiff's claim in this case moot by complying with the Order and paying her claim (which Plaintiff disputes), Defendant failed to

---

[2] Although Plaintiff has no information on this point yet, presumably, the great majority of class members who were required to pay small amounts to a body shop chose to simply pay that amount and move on with life, and did not take the time or trouble of filing a complaint. If that is the case, then all of those class members would be excluded for the scope of the Order.

comply with that Order as it concerned Plaintiff.[3]

However, even if Defendant had complied with the Order and attempted to pay Plaintiff's claim within then 90-day time period allowed, that would not have required this case to be dismissed. A class-action defendant, such as Defendant in this case, cannot immunize itself from classwide liability by simply paying off the individual claims of the class representatives. Instead, once a class-action complaint is filed, any settlement of the claims affecting the class can only be made subject to the approval of the court. *See* Newberg on Class Actions, 4th Ed. (2002), vol. 4, § 11:65 ("It is settled law that 'during the interim between filing of a class action and the 23(c)(1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1)' ").

4. **Plaintiff was not Required to Exhaust Any Administrative Remedies Before Bringing this Action.**

Defendant also contends, without authority, that this Court should abstain from hearing this case because Plaintiff did not exhaust her administrative remedies. However, there is no requirement for an insured to exhaust any administrative remedies before bringing a civil action against his or her insurer, and Defendant does not point to any such requirement. As the California Supreme Court affirmed in *Moradi-Shalal*, the DOI does not have exclusive jurisdiction over insurance disputes. Instead, the DOI is merely an alternative forum available to insureds. The mere availability of the DOI as another forum in which Plaintiff could possibly have raised her claim is not a bar to this action now.

Furthermore, the DOI would not be empowered to completely resolve Plaintiff's claims in any event. The Insurance Commissioner is not authorized to force an insurer to pay contract benefits to a policyholder.[4] It is empowered to levy fines or sanctions–quite different remedies than Plaintiff seeks in this case.

---

[3] If the May 2, 2007 Order has any effect on this case, it is to affirm that Plaintiff's claim is viable under the existing legal and regulatory framework as interpreted by the DOI.

[4] Notably, Defendant stipulated to reimburse certain of its insureds under the DOI's May 2, 2007 Order. Defendant does not suggest that the DOI would have been authorized to order that remedy without Defendant's stipulation.

**D. Defendant Offers No Valid Basis for Plaintiff's Claim for Insurance Bad Faith to Be Dismissed.**

Defendant contends that Plaintiff's second claim in the FAC, for breach of the implied covenant of good faith and fair dealing, must be dismissed because Plaintiff failed to state a claim for breach of contract, and because it is duplicative of the claim for breach of contract. Motion 13:6-14:9.

In fact, as demonstrated above, Plaintiff did state a sufficient claim for breach of the insurance contract in the FAC. Regarding the contention that Plaintiff's claim is duplicative, the law is clear that, in the context of insurance disputes, a claim for breach of the covenant of good faith and fair dealing is separate from, and additional to, a claim for breach of the insurance contract. *E.g. Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1153 (1990) (recognizing distinct claim for breach of implied covenant of good faith and fair dealing in insurance contract, separate from claim for breach of insurance contract).

**IV. CONCLUSION**

Based on the foregoing points and authorities, Plaintiff Denise Joaquin requests that the Motion be denied.

DATED: September 17, 2007

THE QUISENBERRY LAW FIRM
JOHN N. QUISENBERRY
ROBERT J. DREXLER, JR.
HEATHER M. McKEON
DANIEL A. CRAWFORD

By: /s/ Daniel A. Crawford
DANIEL A. CRAWFORD
Attorneys for Plaintiff
DENISE B. JOAQUIN

## PROOF OF SERVICE - C.C.P. §1013a, 2015.5

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party to the within action or cause. My business address is THE QUISENBERRY LAW FIRM, A Professional Corporation, 2049 Century Park East, Suite 2200, Los Angeles, California 90067.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on September 17, 2007, I caused to be served the copies of the attached:

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on the parties in said action as follows:

☐ **(BY REGULAR MAIL)** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said document(s) will be deposited with United States Post Office mail box at Los Angeles, California, addressed as follows:

☐ **(BY OVERNIGHT MAIL)** by placing a true copy thereof enclosed in a sealed envelope, prepaid, deposited with the _____ carrier/box at Los Angeles, California, addressed as follows:

☐ **(BY FACSIMILE)** by placing a true copy thereof into a facsimile machine addressed to the person, address and facsimile number, as follows:

☐ **(BY PERSONAL SERVICE)** by causing to be personally delivered by hand and leaving a true copy with the person and/or secretary at the address shown below:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 17, 2007, at Los Angeles, California.

SUSAN H. AVANT

[Print Name]    [Signature]

188193.1

## SERVICE LIST

| | |
|---|---|
| Colleen Duffy Smith, Esq.<br>James H. McManis, Esq.<br>David Joseph Perez, Esq.<br>Michael Gannon Reedy, Esq.<br>McManis Faulkner & Morgan<br>50 W. San Fernando St., 10th Flr.<br>San Jose, CA 95113 | Attorneys for Plaintiffs<br>G & C AUTO BODY, INC. and DIBBLE'S AUTHOBODY<br>Telephone: (408) 279-8700<br>Fax: (408) 279-3244<br>cduffysmith@mfmlaw.com<br>jmcmanis@mfmlaw.com<br>dperez@mfmlaw.com<br>mreedy@mfmlaw.com<br><br>**Via First Class Mail** |
| Sheila K. Carmody, Esq.<br>Joshua Grabel, Esq.<br>Paul L. Stoller, Esq.<br>Daniel S. Rodman, Esq.<br>Snell & Wilmer LLP<br>One Arizona Center<br>400 E. Van Buren<br>Phoenix, AZ 85004 | Attorneys for Defendants<br>GEICO Casualty Company, GEOCO General Insurance Company, GEICO Indemnity and Government Employees Insurance Company<br>Telephone: (602) 382-6268<br>Fax: (602) 382-6070<br>scarmody@swlaw.com<br>jgrabel@swlaw.com<br>pstoller@swlaw.com<br><br>**Via First Class Mail** |
| Samantha Kuper Feld, Esq.<br>Robert J. Gibson, Esq.<br>Snell & Wilmer LLP<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92626 | Attorneys for Defendants<br>GEICO Casualty Company, GEOCO General Insurance Company, GEICO Indemnity and Government Employees Insurance Company<br>Telephone: (714) 427-7410<br>Fax: (714) 427-7799<br>sfeld@swlaw.com<br>hgibson@swlaw.com<br><br>**Via Overnight Mail and Email** |

188193.1