1 | Robert J. Gibson (#144974)
2 | Sheila Carmody (*pro hac vice*)
  | SNELL & WILMER L.L.P.
3 | 600 Anton Boulevard, Suite 1400
  | Costa Mesa, California 92626-7689
4 | Phone: (714) 427-7001
  | Fax: (714) 427-7799
5 | hgibson@swlaw.com
  | scarmody@swlaw.com

6 | Attorneys for Defendant
7 | GEICO General Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DENISE B. JOAQUIN, Individually, and on Behalf of All Others Similarly Situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY, an Iowa corporation, and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO.: C-07-03259 MMC<br><br>Honorable Maxine M. Chesney<br>Courtroom 7<br><br>**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:         October 5, 2007<br>Time:        9:00 a.m.<br>Courtroom: 7<br><br>DATE OF FILING:    June 21, 2007<br>TRIAL DATE:           None Set |

Defendant GEICO General Insurance Company ("GEICO") submits the following Reply Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

///

///

///

///

546380.2

Case No. C-07-03259 MMC
Reply in Support of Motion to Dismiss

## I.

## INTRODUCTION

In her untimely Opposition to the Motion to Dismiss, Plaintiff does not dispute the jurisdiction of the California Department of Insurance ("DOI") over her claim for alleged partial-payment for automotive repairs. In exercising its jurisdiction, the DOI issued an Order which provides for the reimbursement to Plaintiff of any out-of-pocket payments she made for the vehicle's repair. Plaintiff has not sought judicial relief from that Order which provides a complete remedy to Plaintiff. Therefore, there is no case or controversy involving Plaintiff over which this Court should exercise jurisdiction.

## II.

## BECAUSE THE DOI'S ORDER PROVIDES PLAINTIFF WITH A COMPLETE REMEDY, PLAINTIFF LACKS STANDING, AND THE ENTIRE ACTION MUST BE DISMISSED

Plaintiff lacks standing, and her lawsuit must be dismissed. Plaintiff's claims have been completely remedied. Therefore, she lacks standing and is not a proper class representative. Indeed, Plaintiff does not dispute that the DOI May 2, 2007 Order resolves her claim and provides her with a complete reimbursement of the additional amount that she allegedly paid to her chosen auto body shop as a result of the difference between the labor repair rates paid by GEICO, and the higher rates charged by Plaintiff's chosen body shop. That reimbursement has been offered to Plaintiff and constitutes her complete remedy. Therefore, no case or controversy exists between Plaintiff and GEICO, and Plaintiff's lawsuit must be dismissed.

Cloaking Plaintiff's claim in the guise of a class action does not save her lawsuit. "A plaintiff seeking to represent a class must establish his own standing. If the litigant fails to establish standing, he may not seek relief on behalf of himself or any other member of the class." *Rodriguez v. Gates* (CD CA 2002) 2002 U.S. Dist. LEXIS 10654, *12. Plaintiff's suggestion that her moot claim should be allowed to proceed because other hypothetical persons may not have moot claims has been considered and rejected by

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

the U.S. Supreme Court. In *Lewis v. Casey,* the Court wrote: "[t]hat a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'")  (1996) 518 U.S. 343, 357.  Indeed, courts routinely grant motions to dismiss when the named plaintiff lacks standing to represent the class. *See*, *Lierboe v. State Farm Mutual Automobile Ins. Co*. (9th Cir. 2003) 350 F.3d 1018, 1022-23 (holding that class action must be dismissed where named plaintiff lacks standing.); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig*. (CD CA 2007) 2007 U.S. Dist. LEXIS 51377; *In re Exodus Communs., Inc. Sec. Litig*. (ND CA 2006) 2006 U.S. Dist. LEXIS 60735.

California Business and Professions Code Section 17204 also requires, for purposes of standing, that a named plaintiff, as well as *each* class member that plaintiff purports to represent, must have suffered injury in fact and lost money or property as a result of the alleged unfair competition. Because Plaintiff has a complete remedy, she cannot claim under Business and Professions Code Section 17200, or on any other legal ground, that she has suffered injury in fact *and* lost money, when in fact, she has not. *McAdams v. Monier, Inc*. (2007) 151 Cal. App. 4th 667, 683 ("it is a basic principle of standing that the definition of a class cannot be so broad as to include individuals who are without standing to maintain the action on their own behalf.  Each class member must have standing to bring the suit in his own right."); *Pfizer Inc. v. Superior Court*, (2006) 141 Cal. App. 4th 290 (holding that the class members being represented by the named plaintiff must have suffered injury in fact and lost money or property as a result of the unfair competition.)

Plaintiff argues that the DOI's Order does not moot the entire action because it is limited in time and scope and may only cover a subset of the potential class members. This argument, however, is a red-herring because if Plaintiff lacks standing and her claims are moot, she is not a proper plaintiff to represent *any* class member and the entire action

must be dismissed. In other words, Plaintiff must allege facts that establish that a case or controversy exists as to *her* claims – not that an alleged injury may have been suffered by other, hypothetical members of the class whom she purports to represent. Thus, even if there are hypothetical class members who are allegedly excluded from the DOI's Order, Plaintiff is still not a proper representative of the class because: (1) Plaintiff is not excluded from the Order and, therefore, she cannot adequately represent those class members who are allegedly excluded and, (2) because Plaintiff's claims have been completely remedied by the Order, she lacks standing to seek relief on behalf of herself or any other purported class member.

Finally, GEICO has fully complied with the DOI's Order. GEICO has requested documentation from Plaintiff which would evidence her out-of-pocket costs, if any, on at least two occasions. To date, Plaintiff has failed to comply with those requests. If Plaintiff actually paid money to her body shop, she can provide the requested documentation, just as she would be required to in the subject lawsuit. The DOI's Order provides Plaintiff with a complete remedy and, therefore, all of her claims must be dismissed.

### III.
### THE CLAIMS ALLEGED IN THIS LAWSUIT ARE BETTER LEFT TO THE DOI WHICH IS THE EXPERT IN THE INDUSTRY AND HAS ALREADY INVESTIGATED AND ISSUED AN ORDER THAT GOVERNS PLAINTIFF'S CLAIMS

Plaintiff does not dispute that the DOI has already: (1) investigated the very same claims at issue in this lawsuit, (2) made rulings and issued a comprehensive Order concerning the very same claims at issue in this lawsuit; and (3) continues to maintain regulatory authority and control over the very same claims at issue in this lawsuit. Therefore, this Court should abstain from ruling on Plaintiff's Complaint, and it should dismiss the same because the DOI is the administrative agency with expertise in this area and is charged with regulating insurance companies such as GEICO. More importantly,

1  the DOI and has already issued a comprehensive Order that applies directly to Plaintiff
2  and governs her claims in this case.

3  Relying on *Moradi-Shalal v. Fireman's Fund Ins. Co*, (1988) 46 Cal. 3d 287,
4  Plaintiff claims that this Court has the authority to exercise jurisdiction over this
5  Complaint.  *Moradi-Shalal*, however, did not involve a comprehensive Order issued by
6  the DOI concerning the *very same* claims alleged by plaintiff, that directly applied to
7  plaintiff, and that completely remedied plaintiff's claims.  Therefore, although this Court
8  may have the authority to exercise jurisdiction, it should nevertheless abstain from
9  exercising jurisdiction in light of the DOI's Order.

10  *Wolfe v. State Farm Fire & Casualty Ins. Co*. (1996) 46 Cal. App. 4th 554 is
11  instructive and, like in that case, this Court should abstain from exercising jurisdiction
12  over Plaintiff's Complaint because the decision that this Court is required to make
13  concerning GEICO's labor rate survey and labor rates have already been investigated,
14  considered and ruled upon by the DOI.  Similarly, any legally recoverable remedy that
15  Plaintiff is entitled to has already been decided by the DOI and is set forth in its Order.
16  Thus, like in *Crusader Insurance Co. v. Scottsdale Ins. Co*. (1997) 54 Cal. App. 4th 121,
17  this Court should abstain from exercising jurisdiction over Plaintiff's Complaint because
18  any decisions it would be required to make in this case have already been made by the
19  DOI.

20  The fact that the DOI may have rescinded a proposed Rulemaking Action revising
21  the auto body shop labor rate survey regulations does not have any bearing on Plaintiff's
22  claim.  In fact, the Rescission of Rulemaking document set forth in Plaintiff's Request for
23  Judicial Notice further evidences the DOI's continued exercise of jurisdiction and control
24  over GEICO and other insurance companies' labor rate survey and labor rates.

25  If this Court exercises jurisdiction rather than abstaining here, it can only serve to
26  encourage collateral relitigation of that which the DOI has already determined.  The DOI
27  is not a party to this action, and Plaintiff has not filed any type of appeal from the DOI's
28  Order.  In light of the DOI's findings on the very same claims alleged in this lawsuit, and

546380.2                                      - 4 -
                                                    Case No. C-07-03259 MMC
                                                    Reply in Support of Motion to Dismiss

1  its comprehensive Order that directly applies to Plaintiff, to not abstain from exercising
2  jurisdiction in this matter would waste judicial resources and disserve the public policy
3  evidenced by the legislature's delegation of authority in this area to the DOI.

## IV.

## PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES BECAUSE SHE HAS REFUSED TO FOLLOW THE PROCEDURES TO OBTAIN HER REMEDY UNDER THE DOI'S ORDER

Plaintiff claims that the DOI is not empowered to completely resolve Plaintiff's claims in this case. Plaintiff is wrong. As evidenced by the DOI's May 2, 2007 Order, the DOI investigated the very same claims alleged by Plaintiff in this lawsuit, and it resolved all of Plaintiff's claims by providing her with a complete remedy. Consequently, any further recovery by Plaintiff in the instant lawsuit will constitute a double recovery.

Whether the DOI would have been authorized to make the May 2, 2007 Order without GEICO's stipulation is irrelevant to the issues; the point is that the very same issues in this lawsuit were thoroughly investigated by the DOI, a stipulation and waiver was agreed upon by GEICO and the DOI that addresses those very same issues, and an Order was issued that applies directly to Plaintiff.

Plaintiff has not shown that she is different from any other person under the Order, nor has she filed any type of an appeal from the Order. Plaintiff is entitled to, and has been offered a reimbursement under the Order, and she must comply with the proper administrative procedures in obtaining that reimbursement. Because she has not, Plaintiff has failed to exhaust her administrative remedies in this case and her claims should be dismissed.

546380.2

- 5 -

Case No. C-07-03259 MMC
Reply in Support of Motion to Dismiss

**V.**

**EVEN IF THIS COURT HOLDS THAT THIS CASE IS NOT MOOT AND WISHES TO EXERCISE JURISDICTION, PLAINTIFF HAS NOT PLED FACTS THAT SUPPORT A BREACH OF CONTRACT CLAIM**

Among the many deficiencies in Plaintiff's complaint is a simple failure to plead breach. The elements of breach are a valid contract, violation of a material term therein, and damages. The second and third elements are not pled here, mandating dismissal.

Plaintiff's failure to plead that GEICO omitted to perform an obligation material to the contract is clear. First, GEICO's obligation under its insurance policy with Plaintiff was to repair or replace the damaged vehicle. Here, GEICO was willing to pay for repairs to Plaintiff's vehicle at the commonly accepted repair rate of $80.00 per hour. Plaintiff's Opposition does not show or establish that this conduct is prohibited by Plaintiff's insurance policy. *See Levy v. State Farm Mutual Automobile Ins. Co. (2007)* 150 Cal. App. 4th 1, 9 (nothing in the insurance contract required insurance company to pay its policyholders higher rates which may be charged by non-party repair shops.) Nor does Plaintiff's Opposition show or establish that this conduct is prohibited by any insurance regulation. Finally, Plaintiff's Opposition does not plead any facts that show that the estimate prepared by GEICO was for an amount that would not allow proper and adequate repairs to be made to Plaintiff's vehicle.

Plaintiff's breach of contract cause of action is based exclusively on the claim that GEICO would not pay a higher labor rate unilaterally set by Plaintiff's chosen auto body repair shop. However, since there is no provision in the insurance policy between GEICO and Plaintiff that requires GEICO to pay any rate that is unilaterally set by Plaintiff's chosen auto body repair shop, and because Plaintiff has not stated facts that show that GEICO's estimate would not have adequately repaired Plaintiff's vehicle, Plaintiff has not properly pled that GEICO breached any provision of the insurance policy and, therefore, Plaintiff's breach of contract cause of action must be dismissed.

## VI.

## PLAINTIFF'S CAUSE OF ACTION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 MUST BE DISMISSED FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM

There are two compelling and independent reasons to dismiss Plaintiff's purported claims under Section 17200.

First, Plaintiff lacks standing under California Business and Professions Code Section 17200 because she is entitled to, and has been offered a complete remedy under the DOI's Order; thus, Plaintiff has not, and cannot, allege facts that establish that she suffered any injury in fact and lost money or property as a result of the alleged unfair competition. Similarly, Plaintiff's Complaint, on its face, establishes that certain class members lack standing under Business and Professions Code Section 17200 because those class members have only "become indebted to pay" additional amounts to their body shop – it is not alleged that those class members have *actually paid* any additional amounts to their body shop. Consequently, those class members also lack standing under Section 17200. *See*, *Pfizer Inc. v. Superior Court*, (2006) 141 Cal. App. 4th 290. Since neither Plaintiff, nor certain class members whom she purports to represent, meet the requirements to have standing under Business and Professions Code Section 17200, that cause of action fails as a matter of law and must be dismissed.

Second, the law is clear that Plaintiff cannot circumvent Insurance Code Section 790.03's ban on private rights of action by bootstrapping an alleged violation of section 790.03 onto a Business and Professions Code Section 17200 cause of action. *Maler v. Superior Court* (1990) 220 Cal. App. 3d 1592, 1598. That is exactly what Plaintiff is attempting to do here.

Plaintiff tries to distract the Court by claming that nothing prevents her from using the practices that are prohibited by Insurance Code Section 790.03 to support her Business and Professions Code Section 17200 cause of action. However, the court in *Safeco Ins. Co. v. Superior Court* (1990) 216 Cal. App. 3d 1491, 1494, addressed this very same

1 argument and held that to allow Plaintiff to maintain an action under Business and
2 Professions Code Section 17200 based on the practices that are prohibited by Insurance
3 Code Section 790.03 would render *Moradi-Shalal* meaningless:

> "At bench, plaintiff concedes *Moradi-Shalal* bars him from pursuing his theory that petitioner's claims settlement practices are actionable under the Insurance Code. He contends, however, that *Moradi-Shalal* leaves unimpaired his right to pursue his theory that the selfsame practices are actionable under the Business and Professions Code… He relies on cases permitting plaintiffs who lack standing to invoke other statutory remedies to sue under section 17200…we have no difficulty in deciding the Business and Professions Code provides no toehold for scaling the barrier of *Moradi-Shalal*… To permit plaintiff to maintain this action would render *Moradi-Shalal* meaningless. This we have neither the power nor the desire to do. Plaintiff's action is, therefore, barred."

17 Accordingly, because Plaintiff lacks standing under California Business and
18 Professions Code Section 17200, and because that cause of action fails as a matter of law,
19 it must be dismissed.

## VII.

## PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED

Since Plaintiff lacks standing and has not alleged facts that support a cause of action for breach of contract, Plaintiff's cause of action for breach of covenant of good faith and fair dealing fails as a matter of law for those same reasons and must be dismissed.

Furthermore, although a claim for breach of covenant of good faith and fair dealing may be separate and distinct from a claim for breach of contract, the law is clear that the

1  former must be dismissed when it is entirely duplicative of the latter. *Align Tech., Inc. v. Miller* (ND CA 2005) 2005 U.S. Dist. LEXIS 38654 (court dismissed claim for breach of covenant of good faith and fair dealing because it was duplicative of claim for breach of contract.); *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.* (CD CA 2005) 2005 U.S. Dist. LEXIS 7920 (holding that "as the same factual allegations form the basis of [Plaintiff's claim for breach of implied covenant] and Plaintiff's claim for breach of contract, Plaintiff has failed to state an additional claim for breach of the implied covenant.")

Plaintiff's Opposition does not make any attempt to factually distinguish the two causes of action. As pled, Plaintiff's breach of contract and breach of implied covenant causes of action rely on the same facts and allegations and are essentially one and the same. Accordingly, Plaintiff's cause of action for breach of implied covenant must be dismissed.

## VIII.

## PLAINTIFF'S OPPOSITION WAS NOT TIMELY FILED AND, THEREFORE, IT SHOULD NOT BE CONSIDERED BY THE COURT

Civil Local Rule 7-3(a) required Plaintiff's Opposition to be served and filed no later than September 14, 2007. Plaintiff's Opposition, however, was not served and filed until September 17, 2007. Plaintiff is wrong in her claim that GEICO received the Opposition on the same day it would have received it had it been timely served. Because this lawsuit is an electronic case file, Plaintiff was obligated to electronically serve and file the Opposition on September 14, 2007. Thus, had Plaintiff complied with the Local Rules of this Court and electronically served and filed the Opposition when it was due on September 14, 2007, GEICO would have received the Opposition that very same day, and would not have been prejudiced by the late filing. By failing to timely serve and file her Opposition, Plaintiff is deemed to have waived any and all objections to GEICO's Motion to Dismiss. Accordingly, this Court has the authority to grant GEICO's Motion to

Dismiss pursuant to Federal Rule of Civil Procedure 41(b). *See*, *Ghazali v. Moran* (9th Cir. 1995) 46 F. 3d 52, 53.

## IX.

## **CONCLUSION**

Premised on the foregoing, GEICO's Motion to Dismiss should be granted it its entirety.

Dated: September 21, 2007                    SNELL & WILMER L.L.P.


                                             By: /s/
                                                 Robert J. Gibson
                                                 Sheila Carmody
                                                 Attorneys for Defendant GEICO General
                                                 Insurance Company

546380.2

- 10 -

Case No. C-07-03259 MMC
Reply in Support of Motion to Dismiss

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On September 21, 2007 I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT GEICO GENERAL INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF COUNSEL** | John N. Quisenberry, Esquire<br>Robert J. Drexler Jr., Esquire<br>Heather M. McKeon, Esquire<br>Daniel A. Crawford, Esquire<br>THE QUISENBERRY LAW FIRM<br>2049 Century Park East<br>Suite 2200<br>Los Angeles, California 90067<br>310.785.7966<br>310.785.0254, fax<br>jquisenberry@quislaw.com |
|---|---|

__X__  BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

__X__  FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on September 21, 2007, at Costa Mesa, California.

//s//
Cheryl Wynn

546380.2

- 11 -

Case No. C-07-03259 MMC
Reply in Support of Motion to Dismiss