JOHN N. QUISENBERRY, ESQ. (SBN 94751)
jquisenberry@quislaw.com
ROBERT J. DREXLER, JR., ESQ. (SBN 119119)
rdrexler@quislaw.com
HEATHER M. McKEON, ESQ. (SBN 186414)
hmckeon@quislaw.com
DANIEL A. CRAWFORD, ESQ. (SBN 187807)
dcrawford@quislaw.com
**THE QUISENBERRY LAW FIRM**
2049 Century Park East, Suite 2200
Los Angeles, California 90067
Telephone: (310) 785-7966
Fax: (310) 785-0254

Attorneys for Plaintiff
DENISE B. JOAQUIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE B. JOAQUIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURNCE COMPANY, a Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C 07-03259 JSW<br><br>(Case assigned to Hon. Jeffrey S. White)<br><br>**PLAINTIFF'S SUMMARY OF OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Filed:  June 21, 2007<br><br>Date:  December 7, 2007<br>Time:  9:00 a.m.<br>Place:  Ctrm. 2<br><br>Trial Date:  None set |

Plaintiff submits the following summary of her Opposition to Defendant's Motion to Dismiss the First Amended Complaint, pursuant to the Court's Civil Standing Order No. 6.

This case is about Defendant GEICO's partial denial of Plaintiff's claim for covered damage to her car, and the claims of its similarly situated insureds. Defendant's obligation under the policy is simply to pay for covered damages, up to the policy limits, and Plaintiff sufficiently states a claim for breach of that duty. That is already enough for Plaintiff to prevail on this Motion.

Defendant contends there is a limitation of coverage and a co-payment whenever it disputes the labor rate charged by an auto body repair shop, even though there is no such requirement in the

contract, the statutes, or the regulations. Plaintiff disputes that contention. Under every policy of collision insurance, the insured has the right to select the repair shop. *Insurance Code* § 785.5; 10 CCR § 2695.85. If an insurer disputes that shop's estimate, the insurer must either show the estimate is unreasonably high and pay a reasonable amount, or pay the estimate. 10 CCR § 2695.8(f)(3).

In this case, Defendant refused to pay the labor rate in the estimate from Plaintiff's chosen shop. Plaintiff alleges Defendant had no valid information or data to show that labor rate was unreasonably high, so Defendant was required to pay that rate. Also, Defendant caps the labor rates it will pay by informally surveying shops about their rates, but fails to submit its data to the California Department of Insurance ("DOI"), in violation of 10 CCR § 2698.91(d).

The proposed regulations previously under consideration by the DOI are irrelevant. First, the DOI withdrew the proposed regulations. Second, Defendant's conduct must be judged by the laws and regulations in effect at the time of that conduct and which remain in effect. It is a normal judicial function to apply the law to an insurer's objections to its insured.

Also, the recent DOI Order entered against Defendant (at Defendant's request) does not moot Plaintiff's claim because, *inter alia*, although Defendant has information about Plaintiff's claim, Defendant did not actually pay her claim. The Order did not require Plaintiff to submit any new form, as Defendant suggests. Also, the Order only covered a subset of the class members at best, and Defendant could not render the class' claims moot by simply paying off the class representative.

Regarding Defendant's other contentions, the DOI does not have exclusive jurisdiction over insurance disputes and Plaintiff was not required to exhaust any administrative remedies for this case. Also, it is clear that the conduct codified in Insurance Code § 790.03 can be the basis of a policyholder's private actions. *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal.3d 287, 304-05 (1988).

DATED: November 8, 2007

THE QUISENBERRY LAW FIRM

By: /s/ Daniel A. Crawford
DANIEL A. CRAWFORD
Attorneys for Plaintiff
DENISE B. JOAQUIN