JOHN N. QUISENBERRY, ESQ. (SBN 94751)
**jquisenberry@quislaw.com**
ROBERT J. DREXLER, JR., ESQ. (SBN 119119)
**rdrexler@quislaw.com**
HEATHER M. McKEON, ESQ. (SBN 186414)
**hmckeon@quislaw.com**
DANIEL A. CRAWFORD, ESQ. (SBN 187807)
**dcrawford@quislaw.com**
**THE QUISENBERRY LAW FIRM**
2049 Century Park East, Suite 2200
Los Angeles, California 90067
Telephone: (310) 785-7966
Fax: (310) 785-0254

Attorneys for Plaintiff
DENISE B. JOAQUIN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE B. JOAQUIN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>GEICO GENERAL INSURNCE COMPANY, a Corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. C 07-03259 JSW<br><br>(Case assigned to Hon. Jeffrey S. White)<br><br>**[PROPOSED] ORDER RE: MOTION TO DISMISS**<br><br>Filed:  June 21, 2007<br><br>Date:  December 7, 2007<br>Time:  9:00 a.m.<br>Place:  Ctrm. 2<br><br>Trial Date:  None set |

On December 7, 2007, Defendant's Motion to Dismiss Plaintiff's First Amended came before the Court for hearing, the Honorable Jeffrey S. White presiding. The Motion was fully briefed, and counsel presented arguments at the hearing. Based on the parties' briefs, the arguments of counsel, the entire record before the Court, and for good cause showing, the Motion is denied for the reasons stated herein.

192751.1

THE QUISENBERRY LAW FIRM

THE QUISENBERRY LAW FIRM

1    In the First Amended Complaint, Plaintiff alleges that she is an insured of Defendant through

2    a policy of automobile insurance which includes collision coverage.  Plaintiff, on behalf of herself

3    and all similarly situated insureds of Defendant, asserts claims for breach of contract, breach of the

4    covenant of good faith and fair dealing, and unfair business practices in violation of California

5    *Business and Professions Code* § 17200 *et seq.*  Specifically, Plaintiff contends that she was

6    involved in an automobile accident while her policy was in effect, that her car sustained damage

7    which was covered by the policy, that she made a claim to Defendant to pay for repairs to her car,

8    that she submitted to Defendant an estimate from her chosen auto body repair shop, that Defendant

9    partially denied her claim by asserting that the labor rate included in that estimate was too high, and

10   that Defendant had no right under the policy, the California *Insurance Code*, or the related

11   regulations, to partially deny Plaintiff's claim.  Plaintiff alleges that Defendant asserted it was not

12   required to pay the labor rate charged by Plaintiff's chosen shop because that rate was above the

13   average or prevailing labor rate charged by auto body repair shops in the area.  Plaintiff alleges that

14   Defendant had no valid or legitimate basis to make that determination, and that Defendant's

15   assertion was arbitrary and biased.  Furthermore, Plaintiff asserts that Defendant's partial denial of

16   her claim, asserting the labor rate was too high, was part of Defendant's regular practice toward its

17   insureds.

18   The Supreme Court recently rearticulated the standards that courts such as this one must

19   consider in ruling on a motion pursuant to FRCP 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 127

20   S.Ct. 1955 (May 21, 2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

21   not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the

22   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

23   recitation of the elements of a cause of action will not do [citations omitted].  Factual allegations

24   must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65.

25   In this case, Plaintiff's allegations in the First Amended Complaint are sufficient to state a

26   claim for relief.  The starting point for an insurer's duty to pay for repairs to an insured's car is that

27   every insured has the right to choose the auto body shop to make the repairs.  *Insurance Code*

28   Section 785.5 provides, in relevant part:

2

THE QUISENBERRY LAW FIRM

(a)    No insurer shall require that an automobile be repaired at a specific automotive repair dealer, as defined in Section 9880.1 of the Business and Professions Code.

(b)(1)    No insurer shall suggest or recommend that an automobile be repaired at a specific automotive repair dealer unless either of the following applies:

i.    A referral is expressly requested by the claimant.

ii.    The claimant has been informed in writing of the right to select the automotive repair dealer.

Pursuant to 10 CCR Section 2695.85, every insurance contract for automobile liability or collision repair must include a standard "Auto Body Repair Consumer Bill of Rights." That document states, in part: "A consumer is entitled to: (1) select the auto body repair shop to repair auto body damage covered by the insurance company. An insurance company shall not require the repairs to be done at a specific auto body repair shop."

Once the insured's chosen shop provides an estimate of the amount to repair the insured's car, which includes that shop's labor rate, the insurer must either pay the estimated amount, demonstrate that the amount is unreasonable and pay a reasonable amount, or direct the insured to a lower priced shop if the insured so requests. 10 CCR § 2695.8(f).

In this case, Plaintiff alleges that when she chose her repair shop, Defendant refused to pay her shop's full repair estimate. Instead, Plaintiff alleges Defendant disputed the labor rate included in that estimate, even though Defendant had no valid basis to demonstrate the labor rate was unreasonable. Thus, as alleged by Plaintiff, by partially denying Plaintiff's claim, Defendant required Plaintiff to make an unauthorized co-payment as a condition of choosing her own repair shop. Plaintiff also alleges that she fulfilled all her obligations under the policy. First Amended Complaint ("FAC") ¶ 44. Those allegations are sufficient to state a claim for breach of contract.

Plaintiff alleges the same set of facts on behalf of the Class Insureds. FAC ¶¶ 21-30.

Defendant, for its part, concedes that its insurance policy contracts with Plaintiff and the other Class Insureds require Defendant to repair or replace damaged property. However, Defendant contends that Plaintiff has not stated a breach of contract because the policy "does not provide that

192751.1

1  GEICO will pay whatever written repair estimate that is unilaterally set by Plaintiff's auto body

2  repair shop." Motion 12:2-3.

3      Defendant cites no provision in the policy, or in the applicable statutes or regulations which

4  supports its position that it was required to pay only a portion of Plaintiff's claim.  Moreover,

5  whatever defenses Defendant may intend to raise in this case–regarding which labor rates Defendant

6  was or was not required to pay, or any others–are not relevant to this Motion.  Therefore, Plaintiff

7  has sufficiently stated a claim for breach of the insurance contract.

8      Regarding Plaintiff's claim that Defendant's practice is unfair and/or unlawful under

9  *Business and Professions Code* § 17200 ("UCL"), Defendant asserts that its alleged conduct is

10  immune from private enforcement by *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287

11  (1988), and its progeny.  Defendant overstates the holding of *Moradi-Shalal,* which established only

12  that there is no private right of action specifically for a violation of *Insurance Code* § 790.03.

13  Similarly, *Safeco Ins. Co. v. Superior Court*, 216 Cal. App. 3d 1491 (1990), established that there is

14  no private right of action under the UCL for a violation of *Insurance Code* § 790.03.  However,

15  neither *Moradi-Shalal*, nor *Safeco*, nor any other authority, holds that the specific practices which are

16  prohibited by *Insurance Code* § 790.03 cannot serve as the basis for private causes of action apart

17  from that statute.  In fact, the California Supreme Court confirmed in *Moradi-Shalal* that private

18  actions were still viable for conduct which might also be enforceable under *Insurance Code* §

19  790.03, stating:

20      Moreover, apart from administrative remedies, the courts retain jurisdiction to impose

21      civil damages or other remedies against insurers in appropriate common law actions,

22      based on such traditional theories as fraud, infliction of emotional distress, and (as to

23      the insured) either breach of contract or breach of the implied covenant of good faith

24      and fair dealing.

25  46 Cal. 3d at 304-05.  In practice, because *Insurance Code* § 790.03(h) is so inclusive, it necessarily

26  codifies many grounds for asserting a breach of the covenant of good faith and fair dealing in

27  insurance cases.  Indeed, it is difficult to imagine a claim for bad faith which does not allege, at least

28  in part, that the insurer did something which is also prohibited under *Insurance Code* § 790.03(h).

THE QUISENBERRY LAW FIRM

192751.1

1    Moreover, in this case, the conduct by Defendant which is the basis of Plaintiff's claim for

2    Unfair Business Practices goes beyond the practices covered by *Insurance Code* § 790.03.

3    Specifically, Plaintiff alleges that Defendant has a practice of violating and/or acting unfairly under

4    *Insurance Code* § 758(c) and 758.5, and various provisions of Chapter 10 of the *California Code of*

5    *Regulations*. FAC ¶ 61. Thus, Plaintiff sufficiently stated a claim under California *Business and*

6    *Professions Code* § 17200, *et seq.*

7    Regarding the claim for breach of the covenant of good faith and fair dealing, Plaintiff alleges

8    that Defendant's conduct constitutes part of Defendant's overall scheme to reduce the payment of

9    legitimate insurance claims, and constitutes an unlawful pattern and practice so pervasive as to

10    amount to a general unfair and unlawful business practice. FAC ¶ 54. Plaintiff also alleges that

11    Defendant's conduct was undertaken "with a conscious disregard of Plaintiff's and the other Class

12    Insureds' rights." FAC ¶ 55. Those allegations, combined with Plaintiff's factual allegations of the

13    actual conduct at issue, are sufficient to state a claim for a breach of the covenant of good faith and

14    fair dealing.

15    Plaintiff further alleges that this case is entitled to class action status. She alleges that the

16    proposed class is ascertainable, and so numerous that joinder of all members would be impracticable.

17    FAC ¶ 31. Plaintiff further alleges that the proposed class has a well-defined community of interest,

18    that common questions of law and fact predominate over individual issues (FAC ¶ 36), that her own

19    claims are typical of the proposed class' claims (FAC ¶ 32), and that she will fairly and adequately

20    represent the proposed class. FAC ¶ 33. She alleges that she has no interests adverse to the class

21    (FAC ¶ 33), and that her counsel is sufficiently experienced and competent to prosecute this case.

22    FAC ¶ 34. She also alleges that Defendant has acted (or refused to act) on the same grounds as to

23    the entire class, by partially denying the putative class members' claims on the same basis. She also

24    alleges that class action treatment is superior to the alternatives for the fair and efficient adjudication

25    of the case, and that the nature of this action and the nature of laws available to Plaintiff and the

26    other putative class members make the class action format a particularly efficient and appropriate

27    procedure to afford them relief for Defendant's alleged conduct. FAC ¶ 40. Those allegations are

28    sufficient to state claims on behalf of the alleged class pursuant Federal Rule of Civil Procedure 23.

THE QUISENBERRY LAW FIRM

192751.1

1    Therefore, Defendant's Motion to Dismiss is denied, and Defendant is ordered to file an

2    answer to the First Amended Complaint not later than _____, 2007.

3    SO ORDERED.

4

5                                          _____

6                                          Honorable Jeffrey S. White
                                           United States District Court Judge

7

8

9

10

THE QUISENBERRY LAW FIRM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

192751.1