1 | Robert J. Gibson (#144974)
2 | Sheila Carmody (*pro hac vice*)
  | SNELL & WILMER L.L.P.
3 | 600 Anton Boulevard, Suite 1400
  | Costa Mesa, California 92626-7689
  | Phone: (714) 427-7001
4 | Fax: (714) 427-7799
  | hgibson@swlaw.com
5 | scarmody@swlaw.com

6 | Attorneys for Defendant
  | GEICO General Insurance Company
7 |

8 | John N. Quisenberry (#94751)
  | jquisenberry@quislaw.com
9 | Robert J. Drexler, Jr. (#119119)
  | rdrexler@quislaw.com
10 | Heather M. McKeon (#186414)
   | hmckeon@quislaw.com
11 | Daniel A. Crawford (#187807)
   | dcrawford@quislaw.com
12 | THE QUISENBERRY LAW FIRM
   | 2049 Century Park East, Suite 2200
13 | Los Angeles, California 90067
   | Phone: (310) 785-7966
14 | Fax: (310) 785-0254

15 | Attorneys for Plaintiff
   | Denise B. Joaquin

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DENISE B. JOAQUIN, Individually, and on Behalf of All Others Similarly Situated, | Case No.: C-07-03259 JSW |
| | Honorable Jeffrey S. White Courtroom 2 |
| Plaintiffs, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| GEICO GENERAL INSURANCE COMPANY, an Iowa corporation, and DOES 1 through 10, inclusive, | CMC Date: November 30, 2007 Time: 1:30 p.m. Courtroom: 2 |
| Defendants. | Complaint Filed: June 21, 2007 Trial Date: None |

///

///

556515.2

## JURISDICTION AND SERVICE

Plaintiff Denise B. Joaquin ("Plaintiff") is a resident and citizen of the State of California. Defendant GEICO General Insurance Company ("GEICO") is a Maryland Corporation with its primary place of business in Maryland. Plaintiff alleges that the aggregated value of the individual claims of all putative class members exceeds $5,000,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C.S. §1332(d)(2), this Court has original subject matter jurisdiction over this class action because complete diversity of citizenship exists between the parties and the claimed amount in controversy exceeds $5,000,000. No issues exist regarding personal jurisdiction. Plaintiff alleges that venue is proper because Plaintiff resides in Marin County, and the acts and practices that make up this action allegedly occurred in Marin County. All named parties have been served and Plaintiff does not have any intention to add or serve any other parties.

## FACTS

**Plaintiff's Contentions**: As of November 2006, Plaintiff was insured under a standard automobile insurance policy issued by GEICO, policy number 0424-72-93-09. On or about November 14, 2006, Plaintiff's vehicle was damaged in an accident and she made a claim to GEICO. Plaintiff took her vehicle to the auto body repair shop of her choice, G&C AutoBody ("G&C"), in Santa Rosa, California. Plaintiff obtained a written estimate from G&C to repair the covered damage to her car. That estimate included G&C's usual labor rate at that time for auto body repairs, which was $94.00 per hour.

When GEICO was informed of Plaintiff's claim, GEICO denied the claim in part by refusing to pay a labor rate higher than $80.00 per hour. GEICO stated that it was not required to pay the labor rate charged by G&C because that rate was higher than the prevailing labor rate at that time for auto body repair shops in Plaintiff's geographic area and it was not required to pay more than the prevailing rate as set by GEICO. Because GEICO refused to pay G&C's labor rate, Plaintiff was forced to pay the difference between GEICO's rate and G&C's rate for each hour of work to repair her car.

Plaintiff believes and alleges that GEICO had no valid information to support its

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

position that the prevailing auto body labor rate was $80/hour and not $94/hour.  Also, Plaintiff believes and alleges that any data GEICO did have about the rates charged by other auto body shops was biased and arbitrary, and not based on a representative sample.

Plaintiff believes and alleges that GEICO regularly asserts that it knows the prevailing auto body labor rate in geographic areas throughout California, even though it has no valid information or data to support that position.  Plaintiff also believes and alleges that GEICO has a practice of partially denies claims of its insured by asserting that the rates their chosen shops charge are too high.

In 2005, the California Department of Insurance ("DOI") instituted proceedings against GEICO based on the same practices alleged in this case.  On November 18, 2005, the DOI issued an "Order to Show Cause and Statement of Charges; Notice of Monetary Penalty" to GEICO, with amended OSCs in January and April 2006.   GEICO and the DOI reached a settlement, and on May 2, 2007, the DOI entered an Order for GEICO to provide the same relief to some insureds as Plaintiff seeks.  However, Plaintiff seeks relief for a broader group of insureds over a longer period than the DOI Order covers.

**GEICO's Contentions**:   GEICO denies Plaintiff's allegations of wrongdoing and/or improper conduct by GEICO as set forth in Plaintiff's First Amended Complaint and her contentions above.  All of Plaintiff's claims are based upon GEICO's alleged failure to pay Plaintiff the difference between the commonly accepted labor repair rates in the community, and the higher labor repair rates unilaterally set by Plaintiff's chosen auto body repair shop.  Nothing in California law, or GEICO's insurance policy, requires GEICO to pay repair rates which any repair shop arbitrarily attempts to charge its insured.  GEICO pays its insureds the commonly accepted repair rates in the community.  All of Plaintiff's claims are: (1) preempted, (2) moot and (3) fail as a matter of law because pursuant to a comprehensive Order issued by the DOI, Plaintiff is entitled to, and has been offered, a complete remedy for her claims in this case.

In particular, on May 2, 2007, the DOI issued an extensive Order concerning GEICO's labor rates and surveys.  That DOI Order directed GEICO to submit a labor rate

1 survey that is compliant with all applicable statutes and regulations, and to identify claims

2 where the insured, including Plaintiff, paid an additional amount to the repair shop as a

3 result of the difference in the labor rate charged by the repair shop and the amount paid by

4 GEICO, and to reimburse the insured the additional amount paid by the insured.

5 Pursuant to the DOI's Order, on June 15, 2007, and June 21, 2007, GEICO

6 contacted Plaintiff by telephone and was informed by Plaintiff that she had paid an

7 additional $97.56 to her chosen auto body repair shop as a result of the difference in the

8 labor rate paid by GEICO, and the higher rate charged by her auto body repair shop.

9 GEICO requested proof of the payment and offered Plaintiff a complete reimbursement of

10 the additional amount that she allegedly paid to her body shop. Despite GEICO's

11 repeated requests, Plaintiff has chosen not to comply with the proper administrative

12 procedures in obtaining her reimbursement in that she has not provided GEICO with

13 copies of the documents supporting the additional amount she allegedly paid to her body

14 shop. Because, the DOI Order constitutes Plaintiff's exclusive remedy in this case, and

15 because Plaintiff is entitled to, and has been offered that complete remedy, Plaintiff's

16 claims are preempted by the DOI Order and all of her claims are moot.

17 Furthermore, GEICO has not breached any provision of the insurance policy

18 between it and Plaintiff. The policy provides only that GEICO will reasonably pay for the

19 loss, or repair or replace the damaged property; it does not provide that GEICO will pay

20 whatever labor rate is unilaterally demanded by Plaintiff's auto body repair shop. GEICO

21 was willing to pay for repairs to Plaintiff's vehicle at the commonly accepted repair rate.

22 Plaintiff has not shown or established that this conduct is prohibited by Plaintiff's

23 insurance policy. Nor has Plaintiff shown or established that this conduct is prohibited by

24 any insurance regulation. Indeed, the Regulations specifically permit GEICO to

25 "reasonably adjust" the rates demanded by body shops. *See* 10 CCR §2695.8(f)(3).

26 Accordingly, because all of Plaintiff's claims are preempted by the DOI Order and

27 otherwise fail as a matter of law, and because Plaintiff cannot amend her Complaint to

28 sufficiently state a cause of action against GEICO, GEICO's Motion to Dismiss, which is

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   currently scheduled to be heard on December 7, 2007, should be granted in its entirety.

2   **LEGAL ISSUES**

3   **Plaintiff's Disputed Points of Law**:  Most of the legal issues underlying Plaintiff's

4   claims were previously addressed in the DOI's proceedings against GEICO which led to

5   the May 2, 2007 Order.  Plaintiff contends GEICO's conduct toward her and the putative

6   class is a breach of GEICO's policy.  That policy requires GEICO to pay to repair covered

7   damage.  There is no provision in the policy which allows GEICO to unilaterally and

8   arbitrarily cap the labor rates it will pay.  Plaintiff also contends GEICO's practice

9   violates several provisions of the California Insurance Code and related regulations.

10  The starting point for an insurer's duty to pay for repairs to an insured's car is that

11  every insured has the right to choose the auto body shop to make the repairs.  Insurance

12  Code Section 785.5 provides, in relevant part:

13  (a) No insurer shall require that an automobile be repaired at a specific automotive

14  repair dealer, as defined in Section 9880.1 of the Business and Professions Code;

15  (b)(1) No insurer shall suggest or recommend that an automobile be repaired at a

16  specific automotive repair dealer unless either of the following applies:

17        i.     A referral is expressly requested by the claimant.

18        ii.    The claimant has been informed in writing of the right to select the

19              automotive repair dealer.

20  Pursuant to 10 CCR § 2695.85, every insurance contract for automobile liability or

21  collision repair must include a standard "Auto Body Repair Consumer Bill of Rights."

22  That document states, in part: "A consumer is entitled to: (1) select the auto body repair

23  shop to repair auto body damage covered by the insurance company.  An insurance

24  company shall not require the repairs to be done at a specific auto body repair shop."

25  Once the insured's chosen shop provides an estimate to repair the insured's car,

26  which includes that shop's labor rate, the insurer must either pay the estimated amount,

27  demonstrate that the amount is unreasonable and pay a reasonable amount, or direct the

28  insured to a lower priced shop if the insured so requests.  10 CCR § 2695.8(f).

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

556515.2

- 4 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  In this case, by partially denying Plaintiff's claim, GEICO forced Plaintiff to make

2  an unauthorized co-payment as a condition of choosing her own repair shop.

3  Plaintiff alleges GEICO's practice also violates 10 CCR § 2698.91, which provides

4  that if an insurer purports to conduct an "auto body labor rate survey" which consists of

5  any gathering of information about the labor rates that auto body shops charge, in an effort

6  to find the prevailing rate in an area, the insurer must send the results of that survey to the

7  California Department of Insurance ("DOI").  In this case, GEICO contended it knew the

8  prevailing rates from auto body shops, but never filed any information with the DOI.

9  Plaintiff also contends GEICO's practice amounts to an unfair business practice in

10  violation of Business and Professions Code Section 17200, et seq.

11  Defendant asserts, as part of its factual contentions, that Plaintiff's only legal

12  remedy is through the DOI May 2, 2007 Order, and that she failed to "comply with the

13  proper administrative procedures" regarding her claim.  First, Plaintiff disputes that the

14  DOI has exclusive jurisdiction over this case.  Second, the DOI Order was directed to

15  GEICO, not Plaintiff, and that Order does not set forth any procedures for Plaintiff to

16  follow.  Instead, that Order required GEICO to conduct an internal audit to determine the

17  reimbursement to be paid to its insureds.  The fact that GEICO failed to complete that

18  process with regard to Plaintiff does not affect the viability of her claim in this case.

19  Each of the points raised in GEICO's Disputed Points of Law was raised in

20  GEICO's pending motion to dismiss, and addressed in Plaintiff's opposition thereto.

21  **GEICO's Disputed Points of Law:**  This Court should abstain from exercising

22  jurisdiction over Plaintiff's First Amended Complaint, and dismiss all causes of action

23  against GEICO, because the labor repair rates that Plaintiff challenges in this lawsuit are

24  subject to extensive regulatory authority, jurisdiction, and control by the DOI and are

25  governed by a comprehensive Order issued by the DOI on May 2, 2007, which applies to

26  Plaintiff, governs her claims in this case, and provides her with a complete remedy.  *Wolfe*

27  *v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal. App. 4th 554; *Los Angeles County*

28  *v. Farmers Ins. Exchange* (1982) 132 Cal. App. 3d 77, 87; Cal. Ins. Code §§1–16030;

1   *Farmers Ins. Exchange v. Superior Court* (2006) 137 Cal. App. 4th 842, 855.

2       Plaintiff has failed to comply with the terms of the DOI Order and has not sought

3   any type of relief from it.  Accordingly, Plaintiff's First Amended Complaint is premature

4   in light of Plaintiff's failure to exhaust her administrative remedies.  *Karlin v. Zalta*

5   (1984) 154 Cal. App. 3d 953, 987.  Plaintiff's claims and requested relief are also moot in

6   light of the DOI's May 2, 2007 Order and GEICO's offer, pursuant to that Order, to

7   reimburse Plaintiff her complete out-of-pocket expenses allegedly paid to her chosen auto

8   body repair shop.  *Feitelberg v. Credit Suisse First Boston LLC*, (2005) 134 Cal. App. 4th

9   997, 1012.

10      GEICO has not breached any provision of the insurance policy between Plaintiff

11  and GEICO, and GEICO's alleged conduct complies with provisions in Plaintiff's

12  insurance policy, as well as the Fair Claims Settlement Practices Regulations.  10 CCR

13  2695.8(f)(3).  Thus, Plaintiff's causes of action for breach of contract and covenant of

14  good faith and fair dealing fails as a matter of law because Plaintiff cannot satisfy the

15  elements of her breach of contract cause of action.  *San Diego Housing Commission v.*

16  *Industrial Indem. Co.* (1998) 68 Cal. App. 4th 526, 544.  Furthermore, Plaintiff's breach of

17  implied covenant cause of action is duplicative of her breach of contract cause of action.

18  *Align Tech., Inc. v. Miller* (ND CA 2005) 2005 U.S. Dist. LEXIS 38654.

19      Plaintiff lacks standing under California Business & Professions Code Section

20  17200 because the DOI's May 2, 2007 Order providers Plaintiff with a complete remedy

21  in this case and, therefore, she has not suffered injury in fact and lost any money or

22  property.  Since Plaintiff lacks standing, she may not seek relief on behalf of herself or

23  any other member of the class.  *Rodriguez v. Gates* (CD CA 2002) 2002 U.S. Dist. LEXIS

24  10654, *12.  Plaintiff's Section 17200 cause of action also improperly attempts to

25  circumvent the Insurance Code's prohibition against a private cause of action for alleged

26  violations of Insurance Code Section 790.03.  *Moradi-Shalal v. Fireman's Fund Ins. Co.*

27  (1988) 46 Cal. 3d 287, 304-05. Finally, the provisions of Insurance Code Section 790.03

28  may not be borrowed to serve as a basis for an action under Business & Professions Code

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  Section 17200.  *Maler v. Superior Court* (1990) 220 Cal. App. 3d 1592, 1598.

## MOTIONS

On August 27, 2007, GEICO filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint.  That Motion is scheduled to be heard on December 7, 2007.  In the event GEICO's Motion to Dismiss is denied, both parties anticipate filing summary judgment motions, and Plaintiff anticipates filing a motion for class certification.

## AMENDMENT OF PLEADINGS

Neither of the parties anticipate filing amended pleadings at this time.

## EVIDENCE PRESERVATION

The parties have been instructed by their counsel of record to preserve all evidence that may be relevant to this action.  The parties will comply with all applicable statutes and regulations concerning the preservation of evidence in this action.

## DISCLOSURES

The parties have timely complied with Federal Rule of Civil Procedure 16(f).  The parties stipulate that Rule 26(f) Initial Disclosures will be stayed pending the Court's ruling on GEICO's Motion to Dismiss.  If the Court does not grant GEICO's Motion to Dismiss in its entirety, the parties stipulate and agree that Rule 26(f) Initial Disclosures will be due two weeks after the Court's ruling on GEICO's Motion to Dismiss.

## DISCOVERY

The parties have stipulated to stay all discovery until the Court rules on GEICO's Motion to Dismiss.  If the Court does not grant GEICO's Motion to Dismiss in its entirety, the parties will meet and confer concerning a proposed discovery plan, and the parties will file that proposed discovery plan with the Court within two weeks after the Court's ruling on GEICO's Motion to Dismiss.

## CLASS ACTIONS

Plaintiff anticipates filing a motion for class certification in about October 2008 pursuant to Fed. Rule of Civ. Pro 23.  Plaintiff anticipates that motion will be supported by documentary evidence from GEICO about its automobile collision insurance policy,

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

and its practices and policies regarding setting and disputing auto body repair labor rates. The motion will also be supported by deposition testimony from Defendant's designated witnesses and employees, and possibly by declarations from putative class members. Plaintiff anticipates the class will be defined as it is in the First Amended Complaint.

## RELATED CASES

The case has not been ordered related to any case, however, it may be related to: *Carolyn Wallace v. GEICO General Insurance Company et al.*, Los Angeles County Superior Court, Case No. BC375492, Honorable Peter D. Lichtman.

## RELIEF

**Damages Sought by Plaintiff**:  Plaintiff seeks, for herself and the putative class, injunctive relief, restitution, compensatory and punitive damages, and penalties. Regarding injunctive relief, restitution, and compensatory damages, Plaintiff seeks the same relief in this case that the DOI ordered Defendant to provide to its insureds who were covered by the DOI Order.  Specifically, Plaintiff seeks a judgment directing GEICO to reimburse each class member the amount he or she paid or owes to an auto body repair shop as a result of the difference in the labor rate charged by the repair shop and the amount paid by GEICO.  Plaintiff also seeks an order directing GEICO to cease from purporting to adjust any repair estimate submitted by one of its insureds in California from an auto body repair shop of his or her choice on the basis that GEICO disagrees with the auto body repair labor rate in that estimate, until GEICO obtains evidence of the range of reasonable auto body repair labor rates for the geographic area in which an insured's chosen auto body repair shop located.  Plaintiff also seeks attorney's fees.  No discovery regarding the amount of any potential restitution or damages has yet been conducted.

**GEICO's Statement Regarding Damages:**  Plaintiff's claimed damages are limited to $97.56, which is the amount that Plaintiff claims she paid to her chosen auto body repair shop as a result of the difference between the labor repair rates paid by GEICO, and the higher rates charged by Plaintiff's chosen auto body repair shop. Pursuant to the DOI's Order, GEICO has offered to completely reimburse Plaintiff the

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  additional amount she allegedly paid to her auto body shop.  Plaintiff, however, has not

2  provided GEICO with documents that support any amount that she allegedly paid to her

3  auto body repair shop.

4  ### SETTLEMENT AND ADR

5  **Plaintiff's Views on ADR:**  Plaintiff believes that mediation with a privately

6  selected mediator will be an appropriate method of attempting to reach a settlement of this

7  case in the future.  Prior to any such mediation, Plaintiff must be permitted to conduct

8  discovery regarding the class allegations, including whether GEICO's practice toward

9  Plaintiff extends to the putative class, and GEICO must list the amounts which it refused

10  to pay on claims of the putative class members based on disputes over labor rates.

11  **GEICO's Views on ADR:**  GEICO believes it is premature at this point to discuss

12  alternative dispute resolution.  If the Court does not grant GEICO's Motion to Dismiss in

13  its entirety, and following the completion of fact discovery, the parties will meet and

14  confer concerning alternative dispute resolution.

15  ### CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

16  The parties do not consent to a Magistrate Judge for all purposes.

17  ### OTHER REFERENCES

18  The parties agree that this case is not suitable for reference to binding arbitration, a

19  special master, or the Judicial Panel on Multidistrict Litigation. The parties anticipate that

20  the appointment of a special master may be appropriate at a later stage of the case to

21  address various discovery issues relating to the class allegations.

22  ### NARROWING OF ISSUES

23  GEICO believes it is premature at this point to discuss narrowing the issues by

24  agreement or motion.  GEICO believes that all of the issues should be disposed of via

25  GEICO's pending Motion to Dismiss.  If, however, GEICO's pending Motion to Dismiss

26  is not granted in its entirety, GEICO agrees to meet and confer with Plaintiff concerning

27  the narrowing of Plaintiff's claims and other issues.

28

*Snell & Wilmer*
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1

2

3

4

5

6

7

8

9

10

11

12

13

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXPEDITED SCHEDULE

Due to the complex nature of this case and the class allegations, the parties do not believe this case can or should be handled on an expedited basis.

### SCHEDULING

GEICO believes it is premature at this point to propose dates for designation of experts, discovery cut-off, hearings on dispositive motions, pretrial conferences and trial. If GEICO's pending Motion to Dismiss is not granted in its entirety, the parties agree to meet and confer concerning proposed scheduling and it will file those proposed dates with the Court within two weeks after the Court's ruling on GEICO's Motion to Dismiss.

### TRIAL

The parties request that this case be tried to a jury. Although it is premature at this point to propose an expected length of trial, the parties anticipate that the trial of this matter will last at least 15 days.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On September 19, 2007, GEICO filed its Notice of Non-Party Interested Entities or Persons and identified the following entities and persons who have an interest in the proceeding: GEICO General Insurance Company; Government Employees Insurance Company; GEICO Indemnity Insurance Company; GEICO Casualty Insurance Company; Berkshire Hathaway, Inc.; and Plaintiff Denise Joaquin.

Plaintiff filed her Certification of Interested Entities on November 13, 2007, stating there are no interested parties other than herself and the putative class members.

### OTHER MATTERS THAT MAY FACILIATE DISPOSITION OF THE MATTER

It is premature now to discuss and/or determine other matters that may facilitate the just, speedy and/or inexpensive disposition of this matter. If GEICO's Motion to Dismiss is not granted in its entirety, the parties agree to meet and confer on this topic.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: November 20, 2007                THE QUISENBERRY LAW FIRM


                                        By://s//_____
                                             John N. Quisenberry
                                             Robert J. Drexler Jr.
                                             Daniel A. Crawford
                                             Attorneys for Plaintiff


Dated: November 20, 2007                SNELL & WILMER L.L.P.


                                        By://s//_____
                                             Robert J. Gibson
                                             Sheila Carmody
                                             Attorneys for GEICO General Insurance
                                             Company

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

556515.2

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On November 20, 2007 I served, in the manner indicated below, the foregoing document described as:

**JOINT CASE MANAGEMENT STATEMENT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| **PLAINTIFF COUNSEL** | John N. Quisenberry, Esquire |
|---|---|
| | Robert J. Drexler Jr., Esquire |
| | Heather M. McKeon, Esquire |
| | Daniel A. Crawford, Esquire |
| | THE QUISENBERRY LAW FIRM |
| | 2049 Century Park East |
| | Suite 2200 |
| | Los Angeles, California 90067 |
| | 310.785.7966 |
| | 310.785.0254, fax |
| | jquisenberry@quislaw.com |

☒    BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 45, electronic filing constitutes service upon the parties.

☒    FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on November 20, 2007, at Costa Mesa, California.

//s//
Cheryl Wynn

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000