IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENISE B. JOAQUIN, Individually, and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE COMPANY, an Iowa corporation, and DOES 1 through 10 inclusive,

    Defendants.

No. C 07-3259 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Now before the Court is the motion to dismiss the first amended complaint filed by Geico General Insurance Company ("Geico") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having considered the parties' pleadings, relevant legal authority, and the record in this case, the Court GRANTS Defendant's motion to dismiss.

**BACKGROUND**

This action arises out of Geico's alleged partial denial of Denise B. Joaquin's ("Joaquin") automobile insurance benefits based on Geico's hourly labor rate it paid to repair damaged vehicles. (First Am. Compl. ¶¶ 1, 49.) Joaquin purchased a Geico automobile insurance policy that required Geico to pay for covered damage to her vehicle. (*Id*. ¶ 9.) On or about November 14, 2006, Joaquin's vehicle was involved in an accident. (*Id*. ¶ 10.) Joaquin brought her damaged vehicle to G&C Auto Body ("G&C"), an auto body repair shop of her

1 choice, where she obtained a written estimate for the cost to repair her vehicle. (*Id.* ¶ 11.) At
2 the time, G&C's usual labor rate was $94.00 per hour for auto body repairs. (*Id.*) According to
3 the complaint, Geico refused to pay a labor rate higher than its prevailing labor rate of $80 per
4 hour. (*Id.* ¶ 12.)

5      Joaquin, on behalf of herself and all others similarly situated, filed an action against
6 Geico for its practice of partially denying claims for insurance benefits by refusing to pay labor
7 rates beyond its prevailing rate. (*Id.* ¶ 49.) Joaquin alleges that Geico failed to conduct a
8 reasonable or valid labor rate survey and also failed to submit the results of the labor rate survey
9 to the Department of Insurance ("DOI"). (*Id.* ¶ 16.) As such, Joaquin alleges Geico had no
10 reasonable basis for contending that its prevailing labor rate for shops in the relevant geographic
11 area was the limit it would pay to repair for Joaquin's vehicle and also that the rate charged by
12 G&C was not covered under her insurance policy. (*Id.* ¶ 14.) Joaquin's first amended
13 complaint, before this Court based on diversity, asserts three state law claims: (1) breach of
14 contract; (2) breach of the covenant of good faith and fair dealing; and (3) unfair competition
15 under California Business and Professions Code § 17200.

16      Prior to the filing of this suit, on May 2, 2007, the DOI issued an Order, which approved
17 a Stipulation and Waiver between Geico and the DOI. (Geico Ex. B at 2.) The Order required
18 Geico to conduct an internal audit of labor rate complaints since January 1, 2004, and to
19 reimburse the insureds or claimants the additional amount they paid out of pocket for vehicle
20 repairs. (*Id.* ¶ D.) The Order also required Geico to submit a labor rate survey that complied
21 with all applicable statutes and regulations and to pay $60,000 to the State of California
22 pursuant to California Insurance Code § 790.03(a). (*Id.* ¶ C.) Geico agreed that if it did not
23 comply with the Order, the Insurance Commissioner could bring disciplinary action against it.
24 (*Id.* ¶ H.) The Order constitutes the DOI's resolution of the labor rate complaints against Geico.
25 (*Id.* ¶ L.)

26      Pursuant to the Order, Geico contacted Joaquin on June 15, 2007 and June 21, 2007.
27 (Br. at 10.) Joaquin told Geico that she had paid an additional $97.56 to her repair shop due to
28 the difference in the labor rate charged G&C charged and the amount paid by Geico for repairs

2

performed on her vehicle. (*Id*. at 10-11.) Geico asked Joaquin to submit a statement supporting her out of pocket expenses. (*Id*.) To date, Joaquin has not provided the relevant information and thus has not been reimbursed by Geico. (*Id*.)

Geico filed this motion to dismiss and asserts that: (1) Joaquin fails to state a claim for breach of contract; (2) Joaquin's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law and is duplicative of the breach of contract claim; (3) Joaquin's Section 17200 claim lacks standing and that her claims are moot because she has been offered an administrative remedy; (4) Joaquin's Section 17200 claim is an attempt to circumvent the Insurance Code's prohibition against private rights of action under the California Insurance Code § 790.03;(5) the Court should abstain from exercising jurisdiction over Joaquin's complaint, as the conduct at issue is subject to extensive regulation by the DOI; and (6) Joaquin failed to exhaust her administrative remedies for all of her claims.

**ANALYSIS**

**A.    Joaquin Fails To State a Claim for Breach of Contract.**

Geico asserts that Joaquin fails to state a claim for breach of contract because there is no provision in the insurance policy that requires Geico to pay the rates set by the Plaintiff's chosen auto body repair shop. A motion to dismiss is proper under Rule12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A court may dismiss a complaint under Rule 12(b)(6), based on the "lack of a cognizable legal theory" or based upon the "absence of sufficient facts alleged under a cognizable legal theory." *Balestreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). A court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts

3

alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). To determine whether allegations in a complaint give rise to insurance coverage, courts consider "both the occurrence language in the policy, and the endorsements broadening coverage, if any, included in the policy terms." *Waller v. Truck Ins. Exch.*, 11 Cal. 4th, 18 (1995) (citation omitted). "Courts will not strain to create an ambiguity in the contract where none exists." *Id*. at 18-19 (citing *Reserve Ins. Co. v. Pisciotta*, 30 Cal. 3d 800, 807 (1982)).

In support of its motion to dismiss, Geico relies on *Levy v. State Farm Automobile Insurance Company*, in which the court held that the plaintiff's complaint failed to allege a breach of contract based on State Farm's labor costs. 150 Cal. App. 4th, 8-9 (2007). In *Levy*, the plaintiff alleged that State Farm's labor costs were "below industry standards." *Id*. at 8. The court found that nothing in the policy required State Farm to set labor costs at the industry scale and the complaint "made no connection between State Farm's failure to follow industry standards and the policy's requirement that the repair estimate reflect the prevailing competitive price." *Id*.

Similarly, Joaquin alleges that Geico denied insurance benefits by limiting the hourly rate it would pay for repairs. (First Am. Compl. ¶ 47.) Attempting to establish a link between Geico's prevailing labor rates and the policy's promise to pay for covered damage, Joaquin cites California Code of Regulations § 2695.8(f)(3), which states that "the insurer shall reasonably adjust any written estimates prepared by the repair shop of the claimants choice and provide a copy of the adjusted estimate to the claimant." 10 C.C.R. § 2695.8(f)(3). Joaquin interprets this provision to require Geico first to demonstrate that G&C's labor rate was unreasonable and then to pay a reasonable labor rate. The Court does not construe this provision to require Geico to demonstrate the unreasonableness of an auto body shop's labor rate, prior to making a reasonable adjustment. Joaquin's claim for breach of contract centers on Geico's methods in

4

1 conducting its labor rate surveys, which were allegedly designed to yield a lower artificial labor
2 rate. (First Am. Compl. ¶ 61.) However, there is nothing in Geico's policy that requires it to
3 conduct a labor survey in any particular way. *See Levy*, 150 Cal. App. 4th at 9 (finding that
4 allegations that State Farm did not properly conduct its prevailing labor rate surveys did not
5 show a breach of contract, as "[t]here is nothing in the policy [that] prevents State Farm from
6 doing this."). Accordingly, the Court GRANTS Geico's motion to dismiss Joaquin's claim for
7 breach of contract.

**B.   Joaquin Fails To State a Claim For Breach of The Implied Covenant of Good Faith and Fair Dealing.**

10 Geico asserts that Joaquin's claim for breach of the covenant of good faith and fair
11 dealing fails as a matter of law. "The precise nature and the extent of the duty imposed by the
12 implied [covenant of good faith and fair dealing] will depend on the contractual purposes."
13 *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002)) (quoting *Egan v.*
14 *Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 818 (1979)). Thus, "if there is 'no potential for
15 coverage' under the policy, a claim for bad faith cannot be brought." *Amadeo*, 290 F.3d at 1159
16 (citing *Waller*, 11 Cal. 4th at 36) ("[I]f there is no potential for coverage ... there can be no
17 action for breach of the implied covenant of good faith and fair dealing because the covenant is
18 based on the contractual relationship between the insured and the insurer.")). Because the Court
19 finds that Geico did not breach its insurance contract, Joaquin's claim for breach of the implied
20 covenant of good faith and fair dealing fails. The Court GRANTS Geico's motion to dismiss
21 Joaquin's claim for breach of the implied covenant of good faith and fair dealing.

**C.   Joaquin Lacks Standing to Pursue Her Section 17200 Claim.**

23 Finally, Geico moves to dismiss Joaquin's claim for violations of unfair competition law
24 ("UCL") under Business and Professions Code § 17200 for lack of standing. "After Proposition
25 64, a private person has standing to sue under the UCL only if that person has suffered injury
26 and lost money or property 'as a result of such unfair competition.'" *Daro v. Superior Court of*
27 *San Francisco*, 151 Cal. App. 4th 1079, 1097 (2007) (citing Cal. Bus. & Prof. Code § 17204)
28 (italics omitted). The intent of Proposition 64 was to prohibit unfair competition lawsuits

United States District Court
For the Northern District of California

5

1  "where [attorneys] have no client who had been injured in fact under the standing requirements
2  of the U.S. Constitution." *Id.* at 1098 (quoting Prop. 64, § 1(e)).  To establish Article III
3  standing, a plaintiff must demonstrate (1) she has suffered a personal injury or suffers the threat
4  of injury, (2) the alleged injury is fairly traceable to the defendant's conduct, and (3) that the
5  injury would likely be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504
6  U.S. 555, 560-61 (1992).  "Article III standing [also] requires an injury that is actual or
7  imminent, not conjectural or hypothetical.  In the context of injunctive relief, the plaintiff must
8  demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*,
9  259 F.3d 996, 1007 (9th Cir. 2001) (quoting *Cole v. Oroville Union High School*, 228 F.3d
10 1092, 1100 (9th Cir. 2000) (internal quotations and citations omitted)).  Remedies under Section
11 17200 generally are limited to restitution and injunctive relief.  *See, e.g., Cel-Tech*
12 *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999).  "A
13 plaintiff's standing is evaluated as of the date the complaint was filed." *Sacks v. Office of*
14 *Foreign Assets Control*, 466 F.3d 764, 774 (9th Cir. 2006) (citing *Bernhart v. County of Los*
15 *Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)).

16  Here, Joaquin seeks remedies despite the fact that the DOI Order resolves the
17 controversy between Geico and insureds that include Joaquin.  The comprehensive DOI Order
18 provides Joaquin with the same remedies she seeks in the form of restitution and injunctive
19 relief.  First, Joaquin filed suit after the DOI Order was issued in which Geico had agreed to
20 reimburse Joaquin the amount she paid out of pocket to cover the difference in labor rates
21 between Geico and G&C.  (Geico Ex. B, ¶ D.)  Second, the DOI Order required Geico to submit
22 a labor rate survey that complied with all applicable statutes and regulations.  (*Id.*, ¶ C.)
23 Allegations of future harm is speculative regarding whether Geico will violate the labor rate
24 survey.  There is nothing to indicate that such allegedly wrongful behavior addressed by the
25 DOI Order is likely to continue. *See Securities & Exchange Commission v. Committee for*
26 *Human Rights*, 404 U.S. 403, 405 (1972) (the Court refused to speculate as to whether the
27 company will repeat the allegedly wrongful conduct so that conduct could not reasonably be
28 expected to recur).  Furthermore, Geico's methods of conducting and complying with the labor

rate survey are best subject to the DOI's oversight. *See Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 138 (1997) (finding the DOI or the Legislature were the proper authorities to determine what type or level of regulation to impose on surplus line brokers because plaintiff's Section 17200 involved, *inter alia,* issues of "cost and price, ... allocation of economic burdens and benefits, ... [and] suitability of court-imposed resolutions").

At the time this action was filed, no case or controversy existed because there were no adverse interests between the parties. The DOI Order remedied Joaquin's requests for relief regarding labor rate survey compliance and being reimbursed the difference in the labor rates. Because her injuries have been remedied and there is no present case or controversy, Joaquin lacks standing to bring a Section 17200 claim. Accordingly, the Court GRANTS Geico's motion to dismiss Joaquin's Section 17200 claim.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's motion to dismiss in its entirety without leave to amend.[2]

**IT IS SO ORDERED.**

Dated: January 2, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In its reply brief, Geico moved the Court to disregard Joaquin's opposition because it was late-filed in violation of Civil Local Rule 7-3(a). (Reply Br. at 9.) Because the Court dismisses Joaquin's claims on other grounds, the Court finds it does not need not rule on the issue.

[2] Because the Court grants Geico's motion to dismiss Joaquin's Section 17200 claim for lack of standing under Federal Rule of Civil Procedure 12(b)(1), the Court need not address Geico's alternative bases to dismiss for Joaquin's attempt to circumvent the ban on private right of action under California Insurance Code Section 790.03, the abstention doctrine, and Joaquin's failure to exhaust administrative remedies.